RECEIPT # _55134_  Ar
AMOUNT &
SUMMONS ISSUED Y-2
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _m_
DATE____4-9-04____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04cv10728 REK

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B.
BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN,
LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO
CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE,
AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO,
DAVID DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY,
VINNIE FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL,
DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE,
BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE
HUFF, RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E.
LANOUE, JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD,
III, PAT MABEY, TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS,
NORMAN PARENT, LONG PECK, DIANA PERREAULT, OUDOMPHONE
PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK
ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA
SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM
VAN, DIANE WILLETTE, and
EDWARD R. WRIGHT

MAGISTRATE JUDGE Dein

Plaintiffs,

v.

AGFA CORPORATION and
AGFA CORPORATION SEVERANCE PAY PLAN,
Defendants.

_____

**COMPLAINT**

**INTRODUCTION**

This is an action by former employees of Defendant Agfa

Corporation under the Employee Retirement Income Security Act of

1974 ("ERISA"),  29 U.S.C. §1144(a) for the denial of severance

benefits due to the similarly situated Plaintiffs.  Under the

alternative rules of pleading pursuant to Fed.R.Civ.P. 8,

Plaintiffs also bring supplemental state law claims pursuant to

28 U.S.C. 1367(a) in the event that the Court determines that the federal claims based on ERISA are cannot be sustained under ERISA and, therefore, the state claims are not pre-empted by ERISA pursuant to 29 U.S.C. §1144(a).

**PARTIES**

1.  Defendant Agfa Corporation Severance Pay Plan ("the Plan"), is and at all relevant times was a duly organized and existing "employee welfare benefit plan," as that phrase is defined in 29 USC § 1102(1).  The Plan's address is at 100 Challenger Road, Ridgefield Park, NJ 07660, the principal place of business of Defendant Agfa Corporation.

2.  Defendant, Agfa Corporation ("Agfa"), is and at all relevant times was a duly organized and existing corporation chartered under and by virtue of the laws of Delaware, with its principal place of business at 100 Challenger Road, Ridgefield Park, NJ 07660.  Agfa is and at all relevant times was the Plan's "administrator", as that term is defined in 29 USC § 1102(16)(A).  Agfa "established or maintained" the Plan, as that phrase is used in 29 USC § 1003(a).  Agfa is and at all relevant times was an "employer engaged in commerce or in any industry or activity affecting commerce," as that phrase is used in  29 USC § 1003(a)(1).  Agfa at all relevant times was each Plaintiff's "employer," as that term is defined in 29 USC § 1102(5) and each Plaintiff was a beneficiary of the Plan, which included

severance benefits to each Plaintiff.

3.    Plaintiff, Joseph Attardi ("Attardi"), is a natural person residing at 11 Pinedale Avenue, Methuen, Massachusetts 01844.  Attardi at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Attardi is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Attardi is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

4.    Plaintiff, Micheline Augusta ("Augusta"), is a natural person residing at 13 Burns Road, Pelham, New Hampshire 03076. Augusta at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Augusta is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Augusta is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

5.    Plaintiff, Farahilda Bet-Eivazi ("Bet-Eivazi") is a natural person residing at 99 Amherst Street, Lawrence, Massachusetts 01843.  Bet-Eivazi at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Bet-Eivazi is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Bet-Eivazi is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

6.  Plaintiff, Mary Bogdan ("Bogdan"), is a natural person residing at 17R Euclid Avenue, Methuen, Massachusetts 01844. Bogdan at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Bogdan is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Bogdan is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

7.  Plaintiff, Mark Bowdidge ("Bowdidge"), is a natural person residing at 2 Barrett Avenue, Stoneham, Massachusetts 02180. Bowdidge at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Bowdidge is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Bowdidge is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

8.  Plaintiff, Karen Brown ("Brown"), is a natural person residing at 157 Loon Point Lane, P.O. Box No. 9, West Poland, Maine 04291-0009.  Brown at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Brown is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Brown is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

9.  Plaintiff, Marie Brown ("Brown"), is a natural person residing at 17 Primrose Road, Billerica, Massachusetts

01821. Brown at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Brown is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Brown is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

10. Plaintiff, Robert Brown ("Brown"), is a natural person residing at 80 Brown Street, Methuen, Massachusetts 01844. Brown at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Brown is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Brown is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

11. Plaintiff, Larry Cellamare ("Cellamare"), is a natural person residing at 8 Cherry Street, Nashua, New Hampshire 03060. Cellamare at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Cellamare is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Cellamare is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

12. Plaintiff, Wai Ngan Chan ("Chan"), is a natural person residing at 8A Blueberry Road, Derry, New Hampshire 03038. Chan at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Chan is presently

Agfa's "former employee," as that phrase is used in 29 USC §
1102(7).  Chan is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1102(7).

13.  Plaintiff, Carol Christianson ("Christianson"), is a natural
person residing at 19 Stonehedge Road, Windham, New
Hampshire 03087.  Christianson at all relevant times was
Agfa's "employee," as that term is defined in 29 USC §
1102(6).  Christianson is presently Agfa's "former
employee," as that phrase is used in 29 USC § 1102(7).
Christianson is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1102(7).

14.  Plaintiff, Mary Jo Corcoran ("Corcoran"), is a natural
person residing at 30 Jackson Street, Dracut, Massachusetts
01826.  Corcoran at all relevant times was Agfa's
"employee," as that term is defined in 29 USC § 1102(6).
Corcoran is presently Agfa's "former employee," as that
phrase is used in 29 USC § 1102(7).  Corcoran is and at all
relevant times was a "participant," as that term is defined
in 29 USC § 1102(7).

15.  Plaintiff, Richard Cote ("Cote"), is a natural person
residing at 109 Phillips Street, Lawrence, Massachusetts
01843.  Cote at all relevant times was Agfa's "employee," as
that term is defined in 29 USC § 1102(6).  Cote is presently
Agfa's "former employee," as that phrase is used in 29 USC §
1102(7).  Cote is and at all relevant times was a

"participant," as that term is defined in 29 USC § 1102(7).

16. Plaintiff, Corrie Cottrell ("Cottrell"), is a natural person residing at 7527 Brackenwood Circle, Indianapolis, Indiana 42260. Cottrell at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Cottrell is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Cottrell is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

17. Plaintiff, Clarence Coupe ("Coupe"), is a natural person residing at 15 Brown Road, Raymond, New Hampshire 03077. Coupe at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Coupe is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Coupe is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

18. Plaintiff, Aroussiak Dakessain ("Dakessain"), is a natural person residing at 1 Stonehill Drive, Apt. 2J, Stoneham, Massachusetts 02180. Dakessain at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Dakessain is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Dakessain is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

19. Plaintiff, Richard DeFrancesco ("DeFrancesco"), is a natural

person residing at 15 Kensington Avenue, Methuen, Massachusetts 01844. DeFrancesco at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). DeFrancesco is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). DeFrancesco is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

20.  Plaintiff, Maria DeFrancesco ("DeFrancesco"), is a natural person residing at 15 Kensington Avenue, Methuen, Massachusetts 01844. DeFrancesco at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). DeFrancesco is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

21.  Plaintiff, David J. Dolan ("Dolan"), is a natural person residing at 29 Garden Street, Salisbury, Massachusetts 01952. Dolan at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Dolan is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Dolan is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

22.  Plaintiff, Lise Dupuis ("Dupuis"), is a natural person residing at 8 Arcadia Lane, Salem, New Hampshire 03079.

Dupuis at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Dupuis is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Dupuis is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

23. Plaintiff, Sandra Comeau Dutcher ("Dutcher"), is a natural person residing at 406 Main Street, Apt. 3, P.O. Box 17, Grande Isle, Maine 04746-3139. Dutcher at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Dutcher is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Dutcher is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

24. Plaintiff, Kathy Ely ("Ely"), is a natural person residing at 30 Walton Road, Plaistow, New Hampshire 03865. Ely at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Ely is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Ely is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

25. Plaintiff, Vinnie Fiorilla ("Fiorilla"), is a natural person residing at 13 Maple Avenue, Atkinson, New Hampshire 03811. Fiorilla at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Fiorilla is presently Agfa's "former employee," as that phrase is used

in 29 USC § 1102(7).  Fiorilla is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

26.  Plaintiff, Steve Fournier ("Fournier"), is a natural person residing at 1851 S.E. Erwin Road, Port St. Lucie, Florida 34952.  Fournier at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Fournier is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Fournier is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

27.  Plaintiff, Jean Fraser ("Fraser"), is a natural person residing at 101 Buttrick Road, Hampstead, New Hampshire 03826.  Fraser at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Fraser is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Fraser is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

28.  Plaintiff, Gary Frizzell ("Frizzell"), is a natural person residing at 46 Lincolnshire Drive, Bradford, Massachusetts 01835.  Frizzell at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Frizzell is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Frizzell is and at all

relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

29.  Plaintiff, Diana Glassett ("Glassett"), is a natural person residing at 16 Bixby Avenue, North Andover, Massachusetts 01845.  Glassett at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Glassett is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Glassett is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

30.  Plaintiff, Fred Glassett ("Glassett"), is a natural person residing at 16 Bixby Avenue, North Andover, Massachusetts 01845.  Glassett at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Glassett is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Glassett is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

31.  Plaintiff, Boonchoo Grasso ("Grasso"), is a natural person residing at 57 Oregon Avenue, Lawrence, Massachusetts 01841. Grasso at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Grasso is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Grasso is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

32. Plaintiff, Phillip Greene ("Greene"), is a natural person residing at 22 Brookwood Drive, Salem, New Hampshire 03079-3024. Greene at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Greene is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Greene is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

33. Plaintiff, Bertrand Guilmette ("Guilmette"), is a natural person residing at 26 Sandra Lane, Methuen, Massachusetts 01844. Guilmette at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Guilmette is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Guilmette is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

34. Plaintiff, Pauline Guilmette ("Guilmette"), is a natural person residing at 153 Margin Street, Lawrence, Massachusetts 01840. Guilmette at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Guilmette is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Guilmette is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

35. Plaintiff, Alberta Healey ("Healey"), is a natural person

residing at 73 East Broadway, Apt. 1, Derry, New Hampshire 03038. Healey at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Healey is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Healey is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

36. Plaintiff, Jeanne Huff ("Huff"), is a natural person residing at 4 Kelly Road, Kingston, New Hampshire 03848. Huff at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Huff is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Huff is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

37. Plaintiff, Rick Jakle ("Jakle"), is a natural person residing at 20 Neal Road, Danvers, Massachusetts 01923. Jakle at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Jakle is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Jakle is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

38. Plaintiff, Anita Kopacz ("Kopacz"), is a natural person residing at 20 Leroy Lane, Tewksbury, Massachusetts 01876. Kopacz at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Kopacz is presently

Agfa's "former employee," as that phrase is used in 29 USC §
1102(7).   Kopacz is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1102(7).

39.   Plaintiff, Alfred Languirand ("Languirand"), is a natural
person residing at 2 Sleeper Lane, Sandown, New Hampshire
03873.   Languirand at all relevant times was Agfa's
"employee," as that term is defined in 29 USC § 1102(6).
Languirand is presently Agfa's "former employee," as that
phrase is used in 29 USC § 1102(7).   Languirand is and at
all relevant times was a "participant," as that term is
defined in 29 USC § 1102(7).

40.   Plaintiff, Janet E. Lanoue ("Lanoue"), is a natural person
residing at 22 Dexter Avenue, Dracut, Massachusetts 01826.
Lanoue at all relevant times was Agfa's "employee," as that
term is defined in 29 USC § 1102(6).   Lanoue is presently
Agfa's "former employee," as that phrase is used in 29 USC §
1102(7).   Lanoue is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1102(7).

41.   Plaintiff, Judith La Rosa ("La Rosa"), is a natural person
residing at 24 Lexington Street, North Andover,
Massachusetts 01845.   LaRosa at all relevant times was
Agfa's "employee," as that term is defined in 29 USC §
1102(6).   LaRosa is presently Agfa's "former employee," as
that phrase is used in 29 USC § 1102(7).   LaRosa is and at
all relevant times was a "participant," as that term is

Page 14 of  31