defined in 29 USC § 1102(7).

42. Plaintiff, Edmund J. Lascelles, Jr. ("Lascelles"), is a natural person residing at 1 Arnold Road, Tewksbury, Massachusetts 01876. Lascelles at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Lascelles is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Lascelles is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

43. Plaintiff, Cliff Lord, III ("Lord"), is a natural person residing at 13 Pine Ridge Road, North Reading, Massachusetts 01864. Lord at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Lord is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Lord is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

44. Plaintiff, Pat Mabey ("Mabey"), is a natural person residing at 1 Water Street, Apt. #713, Haverhill, Massachusetts 01830. Mabey at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Maybe is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Mabey is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

45. Plaintiff, Teresa C. Ornelas ("Ornelas"), is a natural

person residing at 7 Omega Circle, Dracut, Massachusetts 01826-3145. Ornelas at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Ornelas is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Ornelas is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

46. Plaintiff, Janice Paradis ("Paradis"), is a natural person residing at 56 Railroad Street, Lawrence, Massachusetts 01841. Paradis at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Paradis is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Paradis is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

47. Plaintiff, Linda Paradis ("Paradis"), is a natural person residing at 2 Stephan Avenue, Harverhill, Massachusetts 01832. Paradis at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Paradis is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Paradis is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

48. Plaintiff, Norman Parent ("Parent"), is a natural person residing at 110 London Street, Lowell, Massachusetts 01852-

4525. Parent at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Parent is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Parent is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

49. Plaintiff, Long Peck ("Peck"), is a natural person residing at 20 Ridgevale Road, Harwich, Massachusetts 02645. Peck at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Peck is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Peck is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

50. Plaintiff, Diana Perreault ("Perreault"), is a natural person residing at 33366 Westwood Drive, Ridge Manor, Florida 33523. Perreault at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Perreault is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Perreault is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

51. Plaintiff, Oudomphone Phommahaxay ("Phommahaxay"), is a natural person residing at 435 South Main Street, Andover, Massachusetts 01810. Phommahaxay at all relevant times was Agfa's "employee," as that term is defined in 29 USC §

1102(6). Phommahaxay is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Phommahaxay is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

52. Plaintiff, Richard Picard ("Picard"), is a natural person residing at 5 Gumpus Hill Road, Pelham, New Hampshire 03076. Picard at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Picard is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Picard is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

53. Plaintiff, Norman Poulin ("Poulin"), is a natural person residing at 38 Howard Street, Haverhill, Massachusetts 01830. Poulin at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Poulin is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Poulin is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

54. Plaintiff, Maria Reis ("Reis"), is a natural person residing at 10 Chase Street, Lowell, Massachusetts 01852. Reis at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Reis is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Reis is and at all relevant times was a

"participant," as that term is defined in 29 USC § 1102(7).

55. Plaintiff, Mark Robert ("Robert"), is a natural person residing at 10 Mount Auburn Street, Lawrence, Massachusetts 01843. Robert at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Robert is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Robert is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

56. Plaintiff, John Sablock ("Sablock"), is a natural person residing at 26 Curve Road, Stoneham, Massachusetts 02180. Sablock at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Sablock is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Sablock is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

57. Plaintiff, Barbara Sanborn ("Sanborn"), is a natural person residing at P.O. Box 411, North Main Street, Middleton, Massachusetts 01949. Sanborn at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Sanborn is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Sanborn is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

58. Plaintiff, Joanne Sanzo ("Sanzo"), is a natural person

residing at 31 Coles Way, Atkinson, New Hampshire 03811. Sanzo at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Sanzo is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Sanzo is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

59. Plaintiff, Linda Saulnier ("Saulnier"), is a natural person residing at 2 Kilby Street, Wilmington, Massachusetts 01887. Saulnier at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Saulnier is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Saulnier is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

60. Plaintiff, Jeanne Skene ("Skene"), is a natural person residing at 6 Faith Road, Windham, New Hampshire 03087. Skene at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Skene is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Skene is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

61. Plaintiff, Robert Stier ("Stier"), is a natural person residing at 11 Millville Street, Salem, New Hampshire 03079. Stier at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Stier is presently

Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Stier is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

62. Plaintiff, Catherine Sweeney ("Sweeney"), is a natural person residing at 30 Kendall Pond Road, #8, Derry, New Hampshire 03038.  Sweeney at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Sweeney is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Sweeney is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

63. Plaintiff, Pham Van ("Van"), is a natural person residing at 38 Arthur Street, Haverhill, Massachusetts 01832.  Van at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Van is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Van is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

64. Plaintiff, Diane Willette ("Willette"), is a natural person residing at 79 Harrison Street, Haverhill, Massachusetts 01830.  Willette at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6).  Willette is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7).  Willette is and at all relevant times was a "participant," as that term is defined

in 29 USC § 1102(7).

65. Plaintiff, Edward R. Wright ("Wright"), is a natural person residing at 6 Mill Road, Londonderry, New Hampshire 03053. Wright at all relevant times was Agfa's "employee," as that term is defined in 29 USC § 1102(6). Wright is presently Agfa's "former employee," as that phrase is used in 29 USC § 1102(7). Wright is and at all relevant times was a "participant," as that term is defined in 29 USC § 1102(7).

## JURISDICTION

66. This Court has jurisdiction of this civil action because (A) this civil action is an "action[] under paragraph (1)(B) ... of ... [29 USC § 1132]" and (B) this is "the district ... where the breach took place [and/or] where a defendant ... may be found[.]" See 29 USC § 1132. This matter presents a federal question, a claim under ERISA, 29 U.S.C. §1144(a) over which this Court has jurisdiction. See 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4). Additionally, this Court has jurisdiction over the alternative and/or supplemental state law claims pursuant to 28 U.S.C. 1367(a).

## FACTS

67. Until about September 1998, Agfa employed each Plaintiff in its "Board Shop" of its Electronic Prepress Systems Division (the "EPS Division") in Wilmington, Massachusetts. At and before that time, each Plaintiff was vested in the Plan

which included payment of severance benefits by Agfa to each Plaintiff based on years of service. Accordingly, the severance benefits constituted an employee welfare benefit plans established and maintained by the Defendants and subject to the terms of ERISA, 29 U.S.C. §1001, et seq.

68. In or about September 1998, Agfa terminated each Plaintiff's employment. In or about September 1998, Agfa allegedly sold all or some of the said "Board Shop" to another company, Electronic Fabrication Techonology Corporation ("EFTC").

69. Each said termination was "involuntary."

70. Each said termination was due to one or more of the following reasons: (A) declining business conditions, (B) elimination of Plaintiff's position with Agfa and/or (C) discontinuation of operations.

71. Shortly before Agfa terminated Plaintiffs' employment, Plaintiffs claimed to Agfa that, if Agfa terminated them, then Agfa was required by the Plan to pay them severance benefits.

72. Agfa responded by orally denying Plaintiffs' claim for severance benefits. In so doing, Agfa:

    FIRST.... represented that the Plan provides that (a) where Agfa sells all or part of a division, and (b) where the purchaser of said division offers an employee of said division

Page 23 of 31

                continuing employment in a comparable position, then (c) said employee is not entitled to severance benefits;

    THEN..... stated that the Agfa/EFTC transaction involved (a) Agfa selling the Board Shop department to EFTC, with (b) EFTC offering each Plaintiff continuing employment in a comparable position; and

    FINALLY.. concluded by stating that, based on the above, Plaintiffs were not entitled to receive severance benefits.

73. When Plaintiffs disputed Agfa's claim that EFTC was in fact offering each Plaintiff words to the effect of a comparable position, Agfa specifically promised Plaintiffs that EFTC's benefits would be at least as good and in many cases better than Agfa's benefits.

74. When Plaintiffs questioned Agfa's basis for making said promise, Agfa told the Plaintiffs that, in essence, the Plaintiffs had two choices, (1) either accept employment with EFTC or (2) they would be deemed to be voluntarily leaving the company and then not eligible for unemployment insurance benefits. Either way, the Defendants told the Plaintiffs, the Plaintiffs won't receive severance benefits.

75. In reliance on Agfa's statements, Plaintiffs accepted employment with EFTC.

76. The Defendants' actions and statements, however, were in violation of the Plan because, in fact, no division of Agfa was sold to EFTC. The Board Shop was a department of the EPS Division of Agfa, and not a division in an of itself. Moreover, the EPS Division was not sold or divested. Also, even if the Board Shop was, in fact, a Division, which it was not, it was not sold or divested.

77. Notably, Agfa did not and, despite Plaintiffs' requests, to this day has not provided any Plaintiff with a written notice of denial of severance benefits, as required by 29 CFR § 2560.503-1(f). Similarly, Agfa did not and, despite Plaintiffs' requests, to this day has not provided any Plaintiff with written notice as to the steps to be taken if any Plaintiff wished to submit his or her claim for review, as required by the provisions of 29 CFR § 2560.503-1(f).

78. After their employment at EFTC began, however, some or all of the Plaintiffs came to realize that his/her position at EFTC was *not* comparable to his/her position at Agfa. For, despite Agfa's representations and promises of benefits comparability, EFTC's benefits were, almost without exception, worse, and in many cases much worse then Agfa's benefits. Under the Plan, in order to be denied severance benefits when a division[1] of Agfa is sold or divested, the

---

[1] Again, the Plaintiffs contend that the Board Shop was a department, not a division of Agfa.

>     Plaintiffs must be offered comparable employment in a comparable position.

79. Plaintiffs also came to learn that, while, in their case, Agfa interpreted the Plan as denying severance benefits to them, Agfa had interpreted the Plan as allowing severance benefits for employees of another department, or other departments, of Agfa when those other employees were otherwise in substantially the same circumstance as the Plaintiffs.

80. Prior to filing this lawsuit, the Plaintiffs exhausted, or attempted to exhaust their administrative remedies with the Defendants. The Defendants declined to grant relief to the Plaintiffs or to participate in an administrative process. Moreover, the Plan did not provide an administrative appeal or exhaustion of remedies process.

81. Accordingly, the Defendants discriminated in their application of the Plan with regard to severance benefits and otherwise wrongfully denied severance benefits to the Plaintiffs. Moreover, assuming that the arbitrary and capricious standard of review governs, which the Plaintiffs do not admit, the Defendants acted arbitrarily and capriciously in denying the Plaintiffs their severance benefits. Under the de novo standard of review, the Defendants breached their obligations to the Plaintiffs under the Plan when they denied the Plaintiffs severance

benefits under the Plan.

82. Moreover, the Defendants have failed and refused to provide the Plaintiffs with details of the alleged sale or divestiture of the Board Shop. The Plaintiffs are due severance benefits in that, under the terms of the Plan, they are entitled to benefits in that their employment with Agfa was terminated due to one of the following reasons: (A) declining business conditions, (B) elimination of Plaintiff's position with Agfa and/or (C) discontinuation of operations. Their employment was not terminated, as the Defendants contend, due to a sale or divestiture of a division.

83. Accordingly, in violation of ERISA, the Defendants breached the terms of the Plan which caused the Plaintiffs a loss of money.

## COUNT ONE

## VIOLATION OF ERISA

84. The Plaintiffs incorporate herein by reference all prior Paragraphs of this Complaint.

85. Severance benefits are subject to the provisions of ERISA. By denying the Plaintiffs the severance benefits due to them under the Plan, the Defendants violated the Plaintiffs' rights under ERISA and, therefore, are liable to the Plaintiffs for payment of those benefits.

86. The Defendants' actions, as described above, were discriminatory and in violation of ERISA. See §§502, 510 of ERISA; 29 U.S.C. §§ 1132, 1140.

87. Moreover, as the Plan administrator, Agfa owed a fiduciary a obligation to the Plaintiffs, pursuant to 29 U.S.C. §1132(a)(3), and violated its duty. Accordingly, the Defendants are liable to the Plaintiffs. See 29 U.S.C. §1109(a).

88. Moreover, in failing and declining to provide in writing the claims procedure to the Plaintiffs for severance benefits, the Defendants have violated the provisions of ERISA and, therefore, are liable to the Plaintiffs.

## COUNT TWO

### BREACH OF CONTRACT

89. The Plaintiffs incorporate herein by reference all prior Paragraphs of this Complaint except insofar that they allege that the severance benefits due to them are part of the alleged ERISA Plan. Under Fed.R.Civ.P. 8 the Plaintiffs plead this and the following claims as alternative causes of action.

90. Under the terms of their Agfa employment, Agfa agreed to pay the Plaintiffs severance benefits upon their involuntary termination due to one or more of the following reasons: (A) declining business conditions, (B) elimination of

Plaintiff's position with Agfa and/or (C) discontinuation of operations.

91. In September 1998, Agfa involuntarily terminated the Plaintiffs' employment with Agfa under one or more of the circumstances set forth in the previous paragraph.

92. Upon the Plaintiffs' termination, Agfa failed and refused to pay the Plaintiffs the severance benefits due to them. Accordingly, Agfa breached its contract with the Plaintiffs and, therefore, is liable to them.

## COUNT THREE

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

93. The Plaintiffs incorporate herein by reference all prior Paragraphs of this Complaint except insofar that they allege that the severance benefits due to them are part of the alleged ERISA Plan. Under Fed.R.Civ.P. 8 the Plaintiffs plead this claim as an alternative cause of action.

94. In all contracts of employment, including the Plaintiffs' employment with Agfa, there is implied a covenant of good faith and fair dealing. In promising to pay the Plaintiffs severance benefits and violating that agreement, as described above, Agfa violated the implied covenant of good faith and fair dealing. Accordingly, Agfa is liable to the Plaintiffs.

## COUNT FOUR

### ESTOPPEL

95. The Plaintiffs incorporate herein by reference all prior Paragraphs of this Complaint except insofar that they allege that the severance benefits due to them are part of the alleged ERISA Plan. Under Fed.R.Civ.P. 8 the Plaintiffs plead this claim as an alternative cause of action.

96. By its actions, described above, Agfa is liable to the Plaintiffs under the estoppel, both state and federal, from denying the Plaintiffs their severance benefits. Accordingly, Agfa is liable to the Plaintiffs for those benefits.

### PRAYERS FOR RELIEF

WHEREFORE, each Plaintiff claims:

1. The severance benefits each Plaintiff should have received;
2. An award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiffs' claims;
3. An award of all costs and attorney fees pursuant to 29 U.S.C. §1132(b)(1) and §502(g) of ERISA;
4. Punitive and exemplary damages available under the law;
5. Full legal and equitable relief under ERISA, including backpay, reinstatement to each Plaintiff's position as an employee of Agfa, restitution of each Plaintiff's lost employee benefits, and restoration of each Plaintiff's

seniority;

5. All compensable sums otherwise permitted under the law, both in law and equity, and

6. Such other relief as may be equitable and just.

### JURY TRIAL DEMANDED

The Plaintiffs claim a trial by jury on all issues.

Respectfully submitted,
Plaintiffs,
By their attorneys:

*/s/ Stephen A. Roach*
Stephen A. Roach, BBO#542138
Roach & Wise LLP
31 State Street
Boston, Massachusetts 02109
(617) 723-2800

And

*/s/ Darren G. Waggoner*
Darren G. Waggoner, BBO#638008
Sabilia, DeSantis & Waggoner, LLC
247 Shaw Street
New London, Connecticut 06320
(617) 227-0144

April 9, 2004