## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH ATTARDI, et al.<br>    Plaintiffs,<br><br>v.<br><br>AGFA CORPORATION and<br>AGFA CORPORATION SEVERANCE<br>PAY PLAN<br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 04 CV 10728 REK<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' ANSWER TO COMPLAINT**

Pursuant to Fed. R. Civ. P. 8, Defendants Agfa Corporation ("Agfa") and Agfa Corporation Severance Pay Plan (the "Plan") (collectively, the "Defendants") hereby respond to the allegations contained in Plaintiffs' Complaint as follows:

### INTRODUCTION

The Introduction contains summary statements that are introductory in nature; therefore, no responsive pleading is required.  To the extent a further response is require, Defendants deny the allegations contained in the Introduction.

### THE PARTIES

1.      Defendants admit the Plan is an "employee benefit plan," as that phrase is defined in 29 U.S.C. §1002(3), and that the principal address of the Plan is 100 Challenger Road, Ridgefield Park, NJ 07660.  Defendants deny the remaining allegations contained in Paragraph 1.

2.      Defendants admits that Agfa is a duly organized and existing corporation under the laws of the State of Delaware with a principal place of business at 100 Challenger Road, Ridgefield Park, NJ 07660.  Defendants deny all remaining allegations contained in Paragraph 2.

3 to 65.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in first sentence of Paragraphs 3 through 65, inclusive.  Defendants deny the allegations contained in the second, third and fourth sentences of Paragraphs 3 through 65, inclusive.

## JURISDICTION

66.   Defendants deny the allegations contained in Paragraph 66.

## FACTS

67.   Defendants deny the allegations contained in Paragraph 67.

68.   Defendants deny the allegations contained in Paragraph 68.

69.   Defendants deny the allegations contained in Paragraph 69.

70.   Defendants deny the allegations contained in Paragraph 70.

71.   Defendants deny the allegations contained in Paragraph 71.

72.   Defendants deny the allegations contained in Paragraph 72.

73.   Defendants deny the allegations contained in Paragraph 73.

74.   Defendants deny the allegations contained in Paragraph 74.

75.   Defendants deny the allegations contained in Paragraph 75.

76.   Defendants deny the allegations contained in Paragraph 76.

77.   Defendants deny the allegations contained in Paragraph 77.

78.   Defendants deny the allegations contained in Paragraph 78.

79.   Defendants deny the allegations contained in Paragraph 79.

80.   Defendants deny the allegations contained in Paragraph 80.

81.   Defendants deny the allegations contained in Paragraph 81.

82.   Defendants deny the allegations contained in Paragraph 82.

83.   Defendants deny the allegations contained in Paragraph 83.

## COUNT ONE
## VIOLATION OF ERISA

84. Defendants incorporate by reference their above responses to Paragraphs 1 through 83 above.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. Defendants deny the allegations contained in Paragraph 87.

88. Defendants deny the allegations contained in Paragraph 88.

## COUNT TWO
## BREACH OF CONTRACT

89. Defendants incorporate by reference their above responses to Paragraphs 1 through 88 above. Defendants deny that Plaintiffs may avoid the broad scope of preemption under the Employee Retirement Income and Security Act, ("ERISA"), 29 U.S.C. §1144(a), by attempting to plead a state law claim, which relates to an ERISA plan, as an alternative cause of action under Fed. R. Civ. P. 8.

90. Defendants deny the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

## COUNT THREE
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

93. Defendants incorporate by reference their above responses to Paragraphs 1 through 92 above. Defendants deny that Plaintiffs may avoid the broad scope of preemption under ERISA, 29 U.S.C. §1144(a), by attempting to plead a state law claim, which relates to an ERISA plan, as an alternative cause of action under Fed. R. Civ. P. 8.

94. Defendants deny the allegations contained in Paragraph 94.

## COUNT FOUR
## ESTOPPEL

95. Defendants incorporate by reference their above responses to Paragraphs 1 through 94 above. Defendants deny that Plaintiffs may avoid the broad scope of preemption under ERISA, 29 U.S.C. §1144(a), by attempting to plead a state law claim, which relates to an ERISA plan, as an alternative cause of action under Fed. R. Civ. P. 8.

96. Defendants deny the allegations contained in Paragraph 96.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counts One, Two, Three and Four of the Complaint fail to state claims upon which relief may be granted.

### SECOND DEFENSE

Some or all of the allegations and/or causes of action stated in the Complaint are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

### FOURTH DEFENSE

Plaintiffs are estopped from asserting the claims set forth in the Complaint.

### FIFTH DEFENSE

Plaintiff lacks standing under ERISA to pursue the recovery of severance benefits.

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction over Counts Two, Three and Four of the Complaint.

### SEVENTH DEFENSE

Plaintiffs are estopped from asserting Claims One, Two, Three and Four due to accord and satisfaction.

### EIGHTH DEFENSE

Plaintiff's Complaint should be dismissed for failure to join indispensable parties.

### NINTH DEFENSE

The allegations and/or causes of action stated in Counts Two, Three and Four of the Complaint are preempted by ERISA.

### TENTH DEFENSE

Plaintiffs have not incurred any damages as a result of any action by these Defendants.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### TWELFTH DEFENSE

The request for punitive damages should be stricken from the Amended Complaint.

### THIRTEENTH DEFENSE

Defendant reserves the right to amend this Answer to assert additional affirmative defenses that may arise during the course of discovery.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Defendants respectfully requests that this Honorable Court:

1. Dismiss Plaintiffs' Complaint with prejudice and without recovery of any kind; and

2. Award Defendants their attorneys' fees and costs incurred in connection with defending this action.

Submitted on behalf of,
**Agfa Corporation and**
**Agfa Corporation Severance Pay Plan**
By its attorneys

/s/ John T. McCarthy
_____
John F. Welsh
John T. McCarthy
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
617-248-7000

June 14, 2004

**CERTIFICATE OF SERVICE**
**I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on June 14, 2004.**

**/S/  John T. McCarthy**

1660\103.3078309_1

- 6 -