UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-REK

JOSEPH ATTARDI, ET ALS., )
)
Plaintiffs )
)
v. )
)
AGFA CORPORATION, ET ALS., )
)
Defendants )
)

## JOINT MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

The Plaintiffs and the Defendants jointly move this Honorable Court to grant the Plaintiffs leave to (1) amend their Complaint, pursuant to Fed. R. Civ. P. 15 (a), to reflect the changes discussed below; and (2) file an Amended Complaint, pursuant to Fed. R. Civ. P. 15 (d) and Local Rule 15.1, to add as Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan (collectively "Bayer") to the above entitled action in place of the current Defendants Agfa Corporation and Agfa Corporation Severance Pay Plan (collectively "Agfa"). A copy of the proposed First Amended Complaint adding Bayer with the amendments is attached hereto as Attachment 1.

1

## STATEMENT OF REASONS IN SUPPORT OF MOTION

### Introduction

This is an action by former employees of proposed new Defendants Bayer Corporation and the Bayer Corporation Severance Pay Plan, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1144(a) for the denial of severance benefits due to the similarly situated Plaintiffs. Under the alternative rules of pleading pursuant to Fed.R.Civ.P. 8, Plaintiffs also seek to bring supplemental state law claims pursuant to 28 U.S.C. 1367(a) in the event that the Court determines that the federal claims based on ERISA are cannot be sustained under ERISA and, therefore, the state claims are not pre-empted by ERISA pursuant to 29 U.S.C. §1144(a).

Agfa has represented to the Plaintiffs that it was not responsible to the Plaintiffs for payment of severance benefits because they were Bayer employees under the Bayer Corporation Severance Pay Plan. Bayer has confirmed that Bayer is the proper party. The Plaintiffs, therefore, wish to dismiss Agfa without prejudice and substitute Bayer Corporation and the Bayer Corporation Severance Pay Plan as substitute party Defendants. If the Court allows this Joint Motion, the Plaintiffs have

2

agreed to dismiss Agfa Corporation and the Agfa Corporation Severance Pay Plan without prejudice from the case.

Furthermore, the Plaintiffs, after further investigation and review of the law, wish to amend some of their factual and legal allegations.

## Argument

Fed. R. Civ. P. 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 179, 182 (1962); Foster MFG Co., Inc. v. Federal Trade Commission, 355 F.2d 47, 50 (1st Cir. 1964). "[T]his mandate is to be heeded." Foman, 371 U.S. at 182. Also,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

Id.

Bayer has been served with the proposed First Amended Complaint, and been notified of this action. Agfa and the Plaintiffs have agreed, in a separate written agreement, to the

substitution of Bayer for Agfa in this action. No current or proposed new party will be prejudiced by the allowance of this Joint Motion.

Allowing the Plaintiffs to file the proposed First Amended Complaint will provide for a more complete and accurate adjudication of this dispute. The facts that support the First Amended Complaint arise from the same set of occurrences that gave rise to Plaintiffs' original Complaint.

THE Plaintiffs,
By their attorneys,

/s/ Stephen A. Roach
Stephen A. Roach, Esq.
ROACH & WISE, LLP
31 State Street
Boston, MA 02114
(617) 723-2800

The Defendants
By their Attorneys,

/s/ John F. Welsh
John F. Welsh, Esq.
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110-2704
(617) 248-7000

August 23, 2004

4

## LOCAL RULE 7.1 (A) (2) CERTIFICATION

I, Stephen A. Roach, Attorney for the Plaintiffs, and I, John Welsh, Attorney for the Afga Defendants certify we conferred, or have attempted to confer, with the counsel for Bayer and among ourselves in a good faith attempt to resolve or narrow this issue related to the within Joint Motion.

_____
Stephen A. Roach

_____
John Welsh

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 15.1 (B)

I, Stephen A. Roach, Attorney for the Plaintiffs, hereby certify that on August 12, 2004 I served the proposed new Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan (collectively "Bayer") with a copy of a similar Motion, a Declaration of Stephen and Roach, and a separate document stating the date on which this such Motion would be filed by causing same to be delivered to its in-house counsel by Federal Express, overnight mail. Bayer's in-house counsel agreed to accept service on Bayer in such fashion. I also advised Bayer that such Motion would be filed on August 23, 2004. On August 18, 2004, after further consultation with the Agfa Defendant's attorneys and after review of additional records received from the Agfa Defendant's attorneys, it became reasonably clear that Bayer rather than the Agfa Defendants should be the party Defendants, I provided to Bayer an alternative but substantially and substantively comparable First Amended Complaint, attached hereto, and notified Bayer that I would file it and this Motion in lieu of the one I served on Bayer on August 12, 2004.

_____
Stephen A. Roach

5

CERTIFICATE OF SERVICE

    I, Stephen A. Roach, Attorney for the Plaintiffs, hereby certify that on August 23, 2004 I served the within Joint Motion for Leave to Amend and Supplement Complaint on the Defendants, by causing a copy of same to be mailed to the attorneys for the Agfa Defendants and to the Attorney for the proposed Bayer Defendants. I also served Bayer and the Agfa Defendants as described above under Local Rule 15.1(B)

                                                             _____
                                                             Stephen A. Roach