UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-REK

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B.
BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN,
LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO
CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE,
AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO,
DAVID J. DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY,
VINNIE FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL,
DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE,
BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE
HUFF, RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E.
LANOUE, JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD,
III, PAT MABEY, TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS,
NORMAN PARENT, LONG T. PECK, DIANA PERREAULT, OUDOMPHONE
PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK
ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA
SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM
VAN, DIANE WILLETTE, and
EDWARD R. WRIGHT

Plaintiffs,

v.

BAYER CORPORATION, BAYER CORPORATION
SEVERANCE PAY PLAN,
Defendants.

---

## FIRST AMENDED COMPLAINT

### INTRODUCTION

This is an action by former employees of Defendant Bayer

Corporation and the Bayer Corporation Severance Pay Plan under

the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §1144(a) for the denial of severance benefits due to

the similarly situated Plaintiffs.  Under the alternative rules

of pleading pursuant to Fed.R.Civ.P. 8,  Plaintiffs also bring

supplemental state law claims pursuant to 28 U.S.C. 1367(a) in

the event that the Court determines that the federal claims

based on ERISA are cannot be sustained under ERISA and,

therefore, the state claims are not pre-empted by ERISA pursuant

to 29 U.S.C. §1144(a).

### THE PARTIES, PLANS AND OBLIGATIONS

1.   Defendant Bayer Corporation Severance Pay Plan ("the Bayer
     Plan"), is and at all relevant times was a duly organized
     and existing "employee welfare benefit plan," as that phrase
     is defined in 29 USC § 1002 and otherwise under ERISA.   The
     Plan's address is at 100 Bayer Road, Pittsburgh,
     Pennsylvania 15205, the principal place of business of
     Defendant Bayer Corporation.

2.   Defendant, Bayer Corporation ("Bayer"), is and at all
     relevant times was a duly organized and existing corporation
     chartered under and by virtue of the laws of the state of
     Indiana, with its principal place of business at 100 Bayer
     Road Pittsburgh, Pennsylvania 15205.  Bayer is and at all
     relevant times was the Bayer Plan's "administrator", as that
     term is defined in 29 USC § 1002(16)(A), and/or trustee,
     claims administrator, and sponsor under ERISA.  Bayer
     "established or maintained" the Bayer Plan, as that phrase

is used in 29 USC § 1003(a) and otherwise under ERISA. Bayer is and at all relevant times was an "employer engaged in commerce or in any industry or activity affecting commerce," as that phrase is used in 29 USC § 1003(a)(1) and otherwise under ERISA.

3.   At all times relevant to this matter with regard to the severance benefits at issue in this case, the Plaintiffs worked in the Board Shop of the Agfa Division – Wilmington, Massachusetts of Bayer, as described below, and were employed by Bayer. At all relevant times, Bayer owned the assets of and controlled the Board Shop of the Agfa Division – Wilmington, Massachusetts, of Bayer.

4.   Plaintiff, Joseph Attardi ("Attardi"), is a natural person residing at 11 Pinedale Avenue, Methuen, Massachusetts 01844. Attardi at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Attardi is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Attardi is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

5.   Plaintiff, Micheline Augusta ("Augusta"), is a natural person residing at 13 Burns Road, Pelham, New Hampshire 03076. Augusta at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Augusta is

presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Augusta is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

6.  Plaintiff, Farahilda Bet-Eivazi ("Bet-Eivazi"), is a natural person residing at 99 Amherst Street, Lawrence, Massachusetts 01843. Bet-Eivazi at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Bet-Eivazi is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Bet-Eivazi is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

7.  Plaintiff, Mary B. Bogdan ("Bogdan"), is a natural person residing at 17R Euclid Avenue, Methuen, Massachusetts 01844. Bogdan at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Bogdan is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Bogdan is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

8.  Plaintiff, Mark Bowdidge ("Bowdidge"), is a natural person residing at 2 Barrett Avenue, Stoneham, Massachusetts 02180. Bowdidge at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Bowdidge is presently Bayer's "former employee," as that phrase is used

in 29 USC § 1002(7). Bowdidge is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

9.  Plaintiff, Karen Brown ("Brown"), is a natural person residing at 157 Loon Point Lane, P.O. Box No. 9, West Poland, Maine 04291-0009. Brown at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Brown is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Brown is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

10. Plaintiff, Marie Brown ("Brown"), is a natural person residing at 17 Primrose Road, Billerica, Massachusetts 01821. Brown at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Brown is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Brown is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

11. Plaintiff, Robert Brown ("Brown"), is a natural person residing at 80 Brown Street, Methuen, Massachusetts 01844. Brown at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Brown is presently Bayer's "former employee," as that phrase is used in 29 USC

§ 1002(7). Brown is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

12. Plaintiff, Larry Cellamare ("Cellamare"), is a natural person residing at 8 Cherry Street, Nashua, New Hampshire 03060. Cellamare at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Cellamare is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Cellamare is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

13. Plaintiff, Wai Ngan Chan ("Chan"), is a natural person residing at 8A Blueberry Road, Derry, New Hampshire 03038. Chan at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Chan is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Chan is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

14. Plaintiff, Carol Christianson ("Christianson"), is a natural person residing at 19 Stonehedge Road, Windham, New Hampshire 03087. Christianson at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Christianson is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Christianson is and at all relevant times was a

"participant," as that term is defined in 29 USC § 1002(7).

15.   Plaintiff, Mary Jo Corcoran ("Corcoran"), is a natural person residing at 30 Jackson Street, Dracut, Massachusetts 01826.  Corcoran at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Corcoran is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Corcoran is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

16.   Plaintiff, Richard Cote ("Cote"), is a natural person residing at 109 Phillips Street, Lawrence, Massachusetts 01843.  Cote at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Cote is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Cote is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

17.   Plaintiff, Corrie Cottrell ("Cottrell"), is a natural person residing at 7527 Brackenwood Circle, Indianapolis, Indiana 42260.  Cottrell at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Cottrell is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Cottrell is and at all relevant times was a "participant," as that term is defined

in 29 USC § 1002(7).

18. Plaintiff, Clarence Coupe ("Coupe"), is a natural person residing at 15 Brown Road, Raymond, New Hampshire 03077. Coupe at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Coupe is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Coupe is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

19. Plaintiff, Aroussiak Dakessain ("Dakessain"), is a natural person residing at 1 Stonehill Drive, Apt. 2J, Stoneham, Massachusetts 02180. Dakessain at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Dakessain is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Dakessain is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

20. Plaintiff, Richard DeFrancesco ("DeFrancesco"), is a natural person residing at 15 Kensington Avenue, Methuen, Massachusetts 01844. DeFrancesco at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). DeFrancesco is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). DeFrancesco is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

21. Plaintiff, Maria DeFrancesco ("DeFrancesco"), is a natural person residing at 15 Kensington Avenue, Methuen, Massachusetts 01844. DeFrancesco at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). DeFrancesco is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). DeFrancesco is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

22. Plaintiff, David J. Dolan ("Dolan"), is a natural person residing at 29 Garden Street, Salisbury, Massachusetts 01952. Dolan at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Dolan is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Dolan is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

23. Plaintiff, Lise Dupuis ("Dupuis"), is a natural person residing at 8 Arcadia Lane, Salem, New Hampshire 03079. Dupuis at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Dupuis is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Dupuis is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

24. Plaintiff, Sandra Comeau Dutcher ("Dutcher"), is a natural

person residing at 406 Main Street, Apt. 3, P.O. Box 17,
Grande Isle, Maine 04746-3139. Dutcher at all relevant
times was Bayer's "employee," as that term is defined in 29
USC § 1002(6). Dutcher is presently Bayer's "former
employee," as that phrase is used in 29 USC § 1002(7).
Dutcher is and at all relevant times was a "participant," as
that term is defined in 29 USC § 1002(7).

25.  Plaintiff, Kathy Ely ("Ely"), is a natural person residing
at 30 Walton Road, Plaistow, New Hampshire 03865. Ely at
all relevant times was Bayer's "employee," as that term is
defined in 29 USC § 1002(6). Ely is presently Bayer's
"former employee," as that phrase is used in 29 USC §
1002(7). Ely is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1002(7).

26.  Plaintiff, Vinnie Fiorilla ("Fiorilla"), is a natural person
residing at 13 Maple Avenue, Atkinson, New Hampshire 03811.
Fiorilla at all relevant times was Bayer's "employee," as
that term is defined in 29 USC § 1002(6). Fiorilla is
presently Bayer's "former employee," as that phrase is used
in 29 USC § 1002(7). Fiorilla is and at all relevant times
was a "participant," as that term is defined in 29 USC §
1002(7).

27.  Plaintiff, Steve Fournier ("Fournier"), is a natural person
residing at 1851 S.E. Erwin Road, Port St. Lucie, Florida

34952. Fournier at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Fournier is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Fournier is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

28. Plaintiff, Jean Fraser ("Fraser"), is a natural person residing at 101 Buttrick Road, Hampstead, New Hampshire 03826. Fraser at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Fraser is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Fraser is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

29. Plaintiff, Gary Frizzell ("Frizzell"), is a natural person residing at 46 Lincolnshire Drive, Bradford, Massachusetts 01835. Frizzell at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Frizzell is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Frizzell is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

30. Plaintiff, Diana Glassett ("Glassett"), is a natural person residing at 16 Bixby Avenue, North Andover, Massachusetts

01845.  Glassett at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Glassett is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Glassett is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

31.  Plaintiff, Fred Glassett ("Glassett"), is a natural person residing at 16 Bixby Avenue, North Andover, Massachusetts 01845.  Glassett at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Glassett is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Glassett is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

32.  Plaintiff, Boonchoo Grasso ("Grasso"), is a natural person residing at 57 Oregon Avenue, Lawrence, Massachusetts 01841.  Grasso at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Grasso is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Grasso is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

33.  Plaintiff, Phillip Greene ("Greene"), is a natural person residing at 22 Brookwood Drive, Salem, New Hampshire 03079-3024.  Greene at all relevant times was Bayer's "employee,"

as that term is defined in 29 USC § 1002(6). Greene is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Greene is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

34. Plaintiff, Bertrand Guilmette ("Guilmette"), is a natural person residing at 26 Sandra Lane, Methuen, Massachusetts 01844. Guilmette at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Guilmette is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Guilmette is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

35. Plaintiff, Pauline Guilmette ("Guilmette"), is a natural person residing at 153 Margin Street, Lawrence, Massachusetts 01840. Guilmette at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Guilmette is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Guilmette is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

36. Plaintiff, Alberta Healey ("Healey"), is a natural person residing at 73 East Broadway, Apt. #1, Derry, New Hampshire 03038. Healey at all relevant times was Bayer's "employee,"

as that term is defined in 29 USC § 1002(6). Healey is
presently Bayer's "former employee," as that phrase is used
in 29 USC § 1002(7). Healey is and at all relevant times
was a "participant," as that term is defined in 29 USC §
1002(7).

37. Plaintiff, Jeanne Huff ("Huff"), is a natural person
    residing at 4 Kelly Road, Kingston, New Hampshire 03848.
    Huff at all relevant times was Bayer's "employee," as that
    term is defined in 29 USC § 1002(6). Huff is presently
    Bayer's "former employee," as that phrase is used in 29 USC
    § 1002(7). Huff is and at all relevant times was a
    "participant," as that term is defined in 29 USC § 1002(7).

38. Plaintiff, Rick Jakle ("Jakle"), is a natural person
    residing at 20 Neal Road, Danvers, Massachusetts 01923.
    Jakle at all relevant times was Bayer's "employee," as that
    term is defined in 29 USC § 1002(6). Jakle is presently
    Bayer's "former employee," as that phrase is used in 29 USC
    § 1002(7). Jakle is and at all relevant times was a
    "participant," as that term is defined in 29 USC § 1002(7).

39. Plaintiff, Anita Kopacz ("Kopacz"), is a natural person
    residing at 20 Leroy Lane, Tewksbury, Massachusetts 01876.
    Kopacz at all relevant times was Bayer's "employee," as that
    term is defined in 29 USC § 1002(6). Kopacz is presently
    Bayer's "former employee," as that phrase is used in 29 USC

§ 1002(7).  Kopacz is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

40.  Plaintiff, Alfred Languirand ("Languirand"), is a natural person residing at 2 Sleeper Lane, Sandown, New Hampshire 03873.  Languirand at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Languirand is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Languirand is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

41.  Plaintiff, Janet E. Lanoue ("Lanoue"), is a natural person residing at 22 Dexter Avenue, Dracut, Massachusetts 01826.  Lanoue at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Lanoue is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Lanoue is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

42.  Plaintiff, Judith La Rosa ("La Rosa"), is a natural person residing at 24 Lexington Street, North Andover, Massachusetts 01845.  La Rosa at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  La Rosa is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  La Rosa is and at all relevant times was a "participant," as that term is

defined in 29 USC § 1002(7).

43. Plaintiff, Edmund J. Lascelles, Jr. ("Lascelles"), is a natural person residing at 1 Arnold Road, Tewksbury, Massachusetts 01876. Lascelles at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Lascelles is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Lascelles is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

44. Plaintiff, Cliff Lord, III ("Lord"), is a natural person residing at 13 Pine Ridge Road, North Reading, Massachusetts 01864. Lord at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Lord is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Lord is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

45. Plaintiff, Pat Mabey ("Mabey"), is a natural person residing at 1 Water Street, Apt. #713, Haverhill, Massachusetts 01830. Mabey at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Maybey is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Mabey is and at all relevant times was a "participant," as that term is defined in 29 USC §

1002(7).

46.  Plaintiff, Teresa C. Ornelas ("Ornelas"), is a natural
     person residing at 7 Omega Circle, Dracut, Massachusetts
     01826-3145.  Ornelas at all relevant times was Bayer's
     "employee," as that term is defined in 29 USC § 1002(6).
     Ornelas is presently Bayer's "former employee," as that
     phrase is used in 29 USC § 1002(7).  Ornelas is and at all
     relevant times was a "participant," as that term is defined
     in 29 USC § 1002(7).

47.  Plaintiff, Janice Paradis ("Paradis"), is a natural person
     residing at 56 Railroad Street, Lawrence, Massachusetts
     01841.  Paradis at all relevant times was Bayer's
     "employee," as that term is defined in 29 USC § 1002(6).
     Paradis is presently Bayer's "former employee," as that
     phrase is used in 29 USC § 1002(7).  Paradis is and at all
     relevant times was a "participant," as that term is defined
     in 29 USC § 1002(7).

48.  Plaintiff, Linda Paradis ("Paradis"), is a natural person
     residing at 2 Stephan Avenue, Harverhill, Massachusetts
     01832.  Paradis at all relevant times was Bayer's
     "employee," as that term is defined in 29 USC § 1002(6).
     Paradis is presently Bayer's "former employee," as that
     phrase is used in 29 USC § 1002(7).  Paradis is and at all
     relevant times was a "participant," as that term is defined

in 29 USC § 1002(7).

49. Plaintiff, Norman Parent ("Parent"), is a natural person residing at 110 London Street, Lowell, Massachusetts 01852-4525. Parent at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Parent is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Parent is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

50. Plaintiff, Long T. Peck ("Peck"), is a natural person residing at 20 Ridgevale Road, Harwich, Massachusetts 02645. Peck at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Peck is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Peck is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

51. Plaintiff, Diana Perreault ("Perreault"), is a natural person residing at 33366 Westwood Drive, Ridge Manor, Florida 33523. Perreault at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Perreault is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Perreault is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

52. Plaintiff, Oudomphone Phommahaxay ("Phommahaxay"), is a natural person residing at 435 South Main Street, Andover, Massachusetts 01810. Phommahaxay at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Phommahaxay is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Phommahaxay is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

53. Plaintiff, Richard Picard ("Picard"), is a natural person residing at 5 Gumpus Hill Road, Pelham, New Hampshire 03076. Picard at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Picard is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Picard is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

54. Plaintiff, Norman Poulin ("Poulin"), is a natural person residing at 38 Howard Street, Haverhill, Massachusetts 01830. Poulin at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6). Poulin is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7). Poulin is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

55. Plaintiff, Maria Reis ("Reis"), is a natural person residing

at 10 Chase Street, Lowell, Massachusetts 01852.  Reis at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Reis is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Reis is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

56.  Plaintiff, Mark Robert ("Robert"), is a natural person residing at 10 Mount Auburn Street, Lawrence, Massachusetts 01843.  Robert at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Robert is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Robert is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

57.  Plaintiff, John Sablock ("Sablock"), is a natural person residing at 26 Curve Road, Stoneham, Massachusetts 02180.  Sablock at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Sablock is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Sablock is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

58.  Plaintiff, Barbara Sanborn ("Sanborn"), is a natural person residing at P.O. Box 411, North Main Street, Middleton,

Massachusetts 01949.  Sanborn at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Sanborn is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Sanborn is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

59.  Plaintiff, Joanne Sanzo ("Sanzo"), is a natural person residing at 31 Coles Way, Atkinson, New Hampshire 03811.  Sanzo at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Sanzo is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Sanzo is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

60.  Plaintiff, Linda Saulnier ("Saulnier"), is a natural person residing at 2 Kilby Street, Wilmington, Massachusetts 01887.  Saulnier at all relevant times was Bayer's "employee," as that term is defined in 29 USC § 1002(6).  Saulnier is presently Bayer's "former employee," as that phrase is used in 29 USC § 1002(7).  Saulnier is and at all relevant times was a "participant," as that term is defined in 29 USC § 1002(7).

61.  Plaintiff, Jeanne Skene ("Skene"), is a natural person residing at 6 Faith Road, Windham, New Hampshire 03087.  Skene at all relevant times was Bayer's "employee," as that

term is defined in 29 USC § 1002(6). Skene is presently
Bayer's "former employee," as that phrase is used in 29 USC
§ 1002(7). Skene is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1002(7).

62. Plaintiff, Robert Stier ("Stier"), is a natural person
residing at 11 Millville Street, Salem, New Hampshire 03079.
Stier at all relevant times was Bayer's "employee," as that
term is defined in 29 USC § 1002(6). Stier is presently
Bayer's "former employee," as that phrase is used in 29 USC
§ 1002(7). Stier is and at all relevant times was a
"participant," as that term is defined in 29 USC § 1002(7).

63. Plaintiff, Catherine Sweeney ("Sweeney"), is a natural
person residing at 30 Kendall Pond Road, #8, Derry, New
Hampshire 03038. Sweeney at all relevant times was Bayer's
"employee," as that term is defined in 29 USC § 1002(6).
Sweeney is presently Bayer's "former employee," as that
phrase is used in 29 USC § 1002(7). Sweeney is and at all
relevant times was a "participant," as that term is defined
in 29 USC § 1002(7).

64. Plaintiff, Pham Van ("Van"), is a natural person residing at
38 Arthur Street, Haverhill, Massachusetts 01832. Van at
all relevant times was Bayer's "employee," as that term is
defined in 29 USC § 1002(6). Van is presently Bayer's
"former employee," as that phrase is used in 29 USC §

1002(7). Van is and at all relevant times was a

"participant," as that term is defined in 29 USC § 1002(7).

65. Plaintiff, Diane Willette ("Willette"), is a natural person

residing at 79 Harrison Street, Haverhill, Massachusetts

01830. Willette at all relevant times was Bayer's

"employee," as that term is defined in 29 USC § 1002(6).

Willette is presently Bayer's "former employee," as that

phrase is used in 29 USC § 1002(7). Willette is and at all

relevant times was a "participant," as that term is defined

in 29 USC § 1002(7).

66. Plaintiff, Edward R. Wright ("Wright"), is a natural person

residing at 6 Mill Road, Londonderry, New Hampshire 03053.

Wright at all relevant times was Bayer's "employee," as that

term is defined in 29 USC § 1002(6). Wright is presently

Bayer's "former employee," as that phrase is used in 29 USC

§ 1002(7). Wright is and at all relevant times was a

"participant," as that term is defined in 29 USC § 1002(7).

## JURISDICTION

67. This Court has jurisdiction of this civil action because (A)

this civil action is an action under 29 USC § 1132 and (B)

this is "the district ... where the breach took place

[and/or] where a defendant ... may be found[.]" See 29 USC §

1132 (e)(2). This matter presents a federal question, a

claim under ERISA, 29 U.S.C. §1144(a) over which this Court

has jurisdiction. See 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4). Additionally, this Court has jurisdiction over the alternative and/or supplemental state law claims pursuant to 28 U.S.C. 1367(a).

## ADDITIONAL FACTS

68.   Until about mid-September 1998, Bayer employed each Plaintiff in its "Board Shop" of the Electronic Prepress Systems Operations in Wilmington, Massachusetts, under Bayer's Agfa Division - Wilmington, Massachusetts (the "Agfa Division"). At and before that time, each Plaintiff was vested in the Bayer Plan which included payment of severance benefits by Bayer to each Plaintiff based on years of service. Accordingly, the severance benefits constituted an employee welfare benefit plans established and maintained by the Defendants and subject to the terms of ERISA, 29 U.S.C. §1001, et seq. Severance benefits were to be paid from Bayer's assets.

69.   In about mid-September 1998, Bayer terminated each Plaintiff's employment. In September 1998, Bayer allegedly sold all or some of the said "Board Shop" assets of the Bayer owned Agfa Division to another company, Electronic Fabrication Technology Corporation ("EFTC"). Bayer was the employer at this time and was the entity which sold some or all of the Board Shop assets.

70.  Each said termination was "involuntary."

71.  Each said termination was due to one or more of the
     following reasons: (A) declining business conditions, (B)
     elimination of Plaintiffs' positions with Bayer, (C)
     discontinuation of operations and/or (D) another reason
     which made Bayer liable to the Plaintiffs for severance
     benefits under the Bayer Plan.

72.  Shortly before Bayer terminated Plaintiffs' employment,
     Plaintiffs claimed to Bayer that, if Bayer terminated them,
     then Bayer was required by the Bayer Plan to pay them
     severance benefits.

73.  Bayer responded, through higher level employees of Bayer and
     perhaps the Bayer Plan, by orally denying Plaintiffs' claim
     for severance benefits.  In so doing, Bayer:

          FIRST.... represented that the Bayer Plan provides that
                    (a) where Bayer sells all or part of a
                    Division, and (b) where the purchaser of said
                    Division offers an employee of said Division
                    continuing employment in a comparable
                    position, then (c) said employee is not
                    entitled to severance benefits;

          THEN..... stated that the Bayer/EFTC transaction
                    involved (a) Bayer selling the Board Shop
                    department to EFTC, with (b) EFTC offering

Page 25 of  34

each Plaintiff continuing employment in a
comparable (i.e. the same) position and
comparable (i.e. the same) employment
benefits, including severance benefits; and

FINALLY.. concluded by stating that, based on the
above, Plaintiffs were not entitled to
receive severance benefits at that time.

74. When Plaintiffs questioned Bayer's claim that EFTC was
offering each Plaintiff words to the effect of a comparable
or same position, Bayer specifically promised Plaintiffs
that EFTC's benefits would be at least as good and in many
cases better than Bayer's benefits, including severance
benefits, and that it would be a "win-win" situation for
both Bayer and the Plaintiffs.

75. When Plaintiffs questioned Bayer's basis for making said
promise, Bayer told the Plaintiffs that, in essence, the
Plaintiffs had two choices, (1) either accept employment
with EFTC or (2) they would be deemed to be voluntarily
leaving their employment and then not eligible for
unemployment insurance benefits. Either way, the Defendants
told the Plaintiffs, the Plaintiffs won't receive severance
benefits.

76. In reliance on Bayer's statements, Plaintiffs accepted
employment with EFTC.

77.  The Defendants' actions and statements, however, were in
     violation of the Bayer Plan because, in fact, no Division of
     Bayer was sold to EFTC.  The Board Shop was a department of
     the Agfa Division, and not a Division in an of itself.
     Moreover, the Agfa Division was not sold or divested. Also,
     even if the Board Shop was, in fact, a Division, which it
     was not, it was not sold or divested.

78.  Notably, Bayer did not and, despite Plaintiffs' requests, to
     this day has not provided any Plaintiff with a written
     notice of denial of severance benefits, as required by 29
     CFR § 2560.503-1(f) and otherwise under ERISA.  Similarly,
     Bayer did not and, despite Plaintiffs' requests, to this day
     have not provided any Plaintiff with written notice as to
     the steps to be taken if any Plaintiff wished to submit his
     or her claim for review, as required by the provisions of 29
     CFR § 2560.503-1(f) and otherwise under ERISA.

79.  After their employment at EFTC began, however, some or all
     of the Plaintiffs came to realize, in late September or
     early October 1998, that his/her position at EFTC was not
     comparable to his/her position at Bayer. For, despite
     Bayer's representations and promises of benefits
     comparability, EFTC's benefits were, almost without
     exception, worse, and in many cases much worse then Bayer's
     benefits, including the severance benefits. Under the Bayer

Plan, in order to be denied severance benefits when a Division[1] of Bayer is sold or divested, the Plaintiffs must be offered comparable employment in a comparable position.

80.  Plaintiffs also came to learn that, while, in their case, Bayer interpreted the Bayer Plan as denying severance benefits to them, they had interpreted the applicable Plan as allowing severance benefits for employees of another department, or other departments, of Bayer when those other employees were otherwise in substantially the same circumstance as the Plaintiffs.

81.  Prior to filing this lawsuit, the Plaintiffs exhausted, or attempted to exhaust their administrative remedies with the Defendants. The Defendants declined to grant relief to the Plaintiffs or to participate in an administrative process. Moreover, the Bayer Plan did not provide an administrative appeal or exhaustion of remedies process.

82.  Accordingly, the Defendants discriminated in their application of the Bayer Plan with regard to severance benefits and otherwise wrongfully denied severance benefits to the Plaintiffs. Moreover, assuming that the arbitrary and capricious standard of review governs, which the Plaintiffs do not admit, the Defendants acted arbitrarily and

---

[1]    Again, the Plaintiffs contend that the Board Shop was a department, not a Division of Bayer.

capriciously in denying the Plaintiffs their severance
benefits.   Under the de novo standard of review, the
Defendants breached their obligations to the Plaintiffs
under the when they denied the Plaintiffs severance
benefits.

83.   Moreover, the Defendants have failed and refused to provide
the Plaintiffs with details of the alleged sale or
divestiture of the Board Shop. The Plaintiffs are due
severance benefits in that, under the terms of the Bayer
Plan, they are entitled to benefits in that their employment
with Bayer was terminated due to one of the following
reasons: (A) declining business conditions, (B) elimination
of Plaintiffs' positions with Bayer, (C) discontinuation of
operations and/or (D) another reason which made at least
Bayer liable to the Plaintiffs for severance benefits under,
most likely, the Bayer Plan.

84.   Accordingly, in violation of ERISA, the Defendants breached
the terms of the Bayer Plan which caused the Plaintiffs a
loss of money.

**COUNT ONE**

**VIOLATION OF ERISA**

85.   The Plaintiffs incorporate herein by reference all prior
Paragraphs of this Complaint.

86.   Severance benefits are subject to the provisions of ERISA.

By denying the Plaintiffs the severance benefits due to them under an ERISA Plan, the Defendants violated the Plaintiffs' rights under ERISA and, therefore, are liable to the Plaintiffs for payment of those benefits.

87.   The Defendants' actions, as described above, were discriminatory and in violation of ERISA. See §§502, 510 of ERISA; 29 U.S.C. §§ 1132, 1140.

88.   Moreover, as the Plan administrator, Bayer owed a fiduciary a obligation to the Plaintiffs, pursuant to 29 U.S.C. §1132(a)(3), and violated its duty. Accordingly, the Defendants are liable to the Plaintiffs. See 29 U.S.C. §1109(a).

89.   Moreover, in failing and declining to provide in writing the claims procedure to the Plaintiffs for severance benefits, the Defendants have violated the provisions of ERISA and, therefore, are liable to the Plaintiffs.

## COUNT TWO

## BREACH OF CONTRACT

90.   The Plaintiffs incorporate herein by reference all prior Paragraphs of this Complaint except insofar that they allege that the severance benefits due to them are part of the alleged ERISA Plan. Under Fed.R.Civ.P. 8 the Plaintiffs plead this and the following claims as alternative causes of action.

91.  Under the terms of their employment, Bayer as an employer,
     agreed to pay the Plaintiffs severance benefits upon their
     involuntary termination due to one or more of the following
     reasons:(A) declining business conditions, (B) elimination
     of Plaintiffs' positions with Bayer, (C) discontinuation of
     operations and/or (D) another reason which made at least
     Bayer liable to the Plaintiffs for severance benefits under,
     most likely, the Bayer Plan.

92.  In mid-September 1998, Bayer involuntarily terminated the
     Plaintiffs' employment under one or more of the
     circumstances set forth in the previous paragraph.

93.  Upon the Plaintiffs' termination, Bayer failed and refused
     to pay the Plaintiffs the severance benefits due to them.
     Accordingly, Bayer breached its contract with the Plaintiffs
     and, therefore, is liable to them.

## COUNT THREE

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

94.  The Plaintiffs incorporate herein by reference all prior
     Paragraphs of this Complaint except insofar that they allege
     that the severance benefits due to them are part of the
     alleged ERISA Plan. Under Fed.R.Civ.P. 8 the Plaintiffs
     plead this claim as an alternative cause of action.

95.  In all contracts of employment, including the Plaintiffs'
     employment, there is implied a covenant of good faith and

fair dealing.  In promising to pay the Plaintiffs severance benefits and violating that agreement, as described above, Bayer violated the implied covenant of good faith and fair dealing. Accordingly, Bayer is liable to the Plaintiffs.

### COUNT FOUR

### ESTOPPEL

96.  The Plaintiffs incorporate herein by reference all prior Paragraphs of this Complaint except insofar that they allege that the severance benefits due to them are part of the alleged ERISA Plan. Under Fed.R.Civ.P. 8 the Plaintiffs plead this claim as an alternative cause of action.

97.  By the actions, described above, Bayer is liable to the Plaintiffs under the estoppel, both state and federal, from denying the Plaintiffs their severance benefits. Accordingly, Bayer is liable to the Plaintiffs for those benefits.

### PRAYERS FOR RELIEF

WHEREFORE, each Plaintiff claims:

1.  The severance benefits each Plaintiff should have received;

2.  An award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiffs' claims;

3.  An award of all costs and attorney fees pursuant to 29 U.S.C. §1132(g)(1) and §502(g) of ERISA;

4.  Punitive and exemplary damages available under the law;

5.  Full legal and equitable relief under ERISA, including backpay, reinstatement to each Plaintiff's position as an employee of Bayer, restitution of each Plaintiff's lost employee benefits, and restoration of each Plaintiff's seniority;

6.  All compensable sums otherwise permitted under the law, both in law and equity, and

7.  Such other relief as may be equitable and just.

### JURY TRIAL DEMANDED

The Plaintiffs claim a trial by jury on all issues.

Respectfully submitted,
Plaintiffs,
By their attorneys:

Stephen A. Roach, BBO#542138
Roach & Wise LLP
31 State Street
Boston, Massachusetts 02109
(617) 723-2800

August 23, 2004

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, Attorney for the Plaintiffs, hereby certify that on September 10, 2004 I served the within First Amended Complaint on the Defendants, after allowance by the Court of the JOINT MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT, by causing a copy of same to be mailed, by first class mail, postage prepaid, to Attorneys John McCarthy and John Welsh, the attorneys for the former Defendants Agfa Corporation and the Agfa Corporation Severance Pay Plan, and to the Attorney for the current substituted Defendants, Bayer Corporation and Bayer Corporation Severance Pay Plan, namely William J. Klemick, Esq. Senior Counsel, Bayer Corporate and Business Services, LLC 100 Bayer Road, Pittsburgh, PA 15205-9741.

Stephen A. Roach

Page 34 of  34