UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ATTARDI et al., <br>     Plaintiffs, <br><br> v. <br><br> BAYER CORPORATION and <br> BAYER CORPORATION SEVERANCE <br> PAY PLAN, <br>     Defendants. | C.A. No. 04 CV 10728 REK |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 8, Defendants Bayer Corporation ("Bayer") and Bayer Corporation Severance Pay Plan (the "Plan") (collectively, the "Defendants") hereby respond to the allegations contained in Plaintiffs' Amended Complaint as follows:

### INTRODUCTION

The Introduction contains summary statements that are introductory in nature; therefore, no responsive pleading is required. To the extent a further response is required, Defendants deny the allegations contained in the Introduction.

### THE PARTIES

1. Defendants admit the Plan is an "employee benefit plan," as that phrase is defined in 29 U.S.C. §1002(3), and that the principal address of the Plan is 100 Bayer Road, Pittsburgh, Pennsylvania, 15205. Defendants deny the remaining allegations contained in Paragraph 1.

2. Defendants admit that Bayer is a duly organized and existing corporation under the laws of the State of Indiana with a principal place of business at 100 Bayer Road, Pittsburgh,

Pennsylvania, 15205, and that Bayer is the plan administrator of the Plan. Defendants deny all remaining allegations contained in Paragraph 2.

3.  Defendants admit that Plaintiffs were employed by Bayer in or around August 1998, in the Board Shop of its AGFA Division in Wilmington, Massachusetts. Defendants deny the remaining allegations contained in Paragraph 3.

4 to 66.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of each of Paragraphs 4 through 66, inclusive. Defendants deny the allegations contained in the respective second, third and fourth sentences of each of Paragraphs 4 through 64, inclusive.

## JURISDICTION

67.  Defendants deny the allegations contained in Paragraph 67.

## FACTS

68.  Defendants admit the allegations contained in the first sentence of Paragraph 68. Defendants deny the allegations contained in the second sentence of Paragraph 68. Defendants admit that the Plan is governed by ERISA, 29 U.S.C. §1001, *et seq*. Defendants deny the remaining allegations contained in the third and fourth sentence of Paragraph 68.

69.  Defendants admit that, in connections with Bayer's sale of certain of its assets to Electronic Fabrication Technology Corporation ("EFTC") in or around September 1998, Plaintiffs commenced employment with EFTC and terminated employment with Bayer. Defendants deny the remaining allegations contained in Paragraph 69.

70.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 70.

71.  Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants admit that Plaintiffs' claim for severance benefits was denied. Defendants also admit that the Bayer Plan, which speaks for itself, provides that (a) where Bayer sells or divests all or part of its assets or all or part of its stock, and (b) where the purchaser of said assets or stock offers a Severed Employee, as that term is defined in the Plan, continuing employment, then (c) said employee is not entitled to severance benefits. Defendants further admit that the Bayer/EFTC transaction involved (a) Bayer selling part of its assets, namely, the Board Shop, to EFTC, and (b) EFTC offering each Plaintiff continuing employment in a comparable position, as the term, "comparable," is defined in the Plan. Finally, Defendants admit that Plaintiffs were not entitled to receive severance benefits under the terms of the Plan. Defendants deny the remaining allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants admit that Plaintiffs' claim for severance benefits under the Plan was denied. Defendants deny the remaining allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in the first sentence of Paragraph 78. The allegations contained in the second sentence of Paragraph 78 call for a legal conclusion, to which no responsive pleading is required. To the extent a further response is required, Defendants deny the allegations contained in the second sentence of Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants admit that Defendants declined to grant relief to the Plaintiffs. Defendants deny the remaining allegations contained in Paragraph 81.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

## COUNT ONE
## VIOLATION OF ERISA

85. Defendants incorporate by reference their above responses to Paragraphs 1 through 84.

86. Defendants deny the allegations contained in Paragraph 86.

87. Defendants deny the allegations contained in Paragraph 87.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

## COUNT TWO
## BREACH OF CONTRACT

90. Defendants incorporate by reference their above responses to Paragraphs 1 through 89. Defendants deny that Plaintiffs may avoid the broad scope of preemption under the Employee Retirement Income and Security Act, ("ERISA"), 29 U.S.C. §1144(a), by attempting to plead a state law claim, which relates to an ERISA plan, as an alternative cause of action under Fed. R. Civ. P. 8.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

## COUNT THREE
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

94.     Defendants incorporate by reference their above responses to Paragraphs 1 through 93.  Defendants deny that Plaintiffs may avoid the broad scope of preemption under ERISA, 29 U.S.C. §1144(a), by attempting to plead a state law claim, which relates to an ERISA plan, as an alternative cause of action under Fed. R. Civ. P. 8.

95.     Defendants deny the allegations contained in Paragraph 95.

## COUNT FOUR
## ESTOPPEL

96.     Defendants incorporate by reference their above responses to Paragraphs 1 through 95.  Defendants deny that Plaintiffs may avoid the broad scope of preemption under ERISA, 29 U.S.C. §1144(a), by attempting to plead a state law claim, which relates to an ERISA plan, as an alternative cause of action under Fed. R. Civ. P. 8.

97.     Defendants deny the allegations contained in Paragraph 97.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counts One, Two, Three and Four of the Complaint fail to state claims upon which relief may be granted.

### SECOND DEFENSE

Some or all of the allegations and/or causes of action stated in the Complaint are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

### FOURTH DEFENSE

Plaintiffs are estopped from asserting the claims set forth in the Complaint.

### FIFTH DEFENSE

Plaintiffs lack standing under ERISA to pursue the recovery of severance benefits.

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction over Counts Two, Three and Four of the Complaint.

### SEVENTH DEFENSE

Plaintiffs are estopped from asserting Claims One, Two, Three and Four due to accord and satisfaction.

### EIGHTH DEFENSE

The allegations and/or causes of action stated in Counts Two, Three and Four of the Complaint are preempted by ERISA.

### NINTH DEFENSE

Plaintiffs have not incurred any damages as a result of any action by these Defendants.

### TENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### ELEVENTH DEFENSE

The request for punitive damages should be stricken from the Amended Complaint.

### TWELFTH DEFENSE

Defendants reserve the right to amend this Answer to assert additional affirmative defenses that may arise during the course of discovery.

**WHEREFORE**, Defendants respectfully request that this Honorable Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice and without recovery of any kind; and

2. Award Defendants their attorneys' fees and costs incurred in connection with defending this action.

> Submitted on behalf of,
> **Bayer Corporation and**
> **Bayer Corporation Severance Pay Plan**
> By its attorneys
>
> /s/ John T. McCarthy
> _____
> John F. Welsh
> John T. McCarthy
> Trevor S. Blake
> TESTA, HURWITZ & THIBEAULT, LLP
> 125 High Street
> Boston, MA 02110
> 617-248-7000

Dated:  October 29, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail on October 29, 2004.

**/S/_John T. McCarthy**

3119484_3