UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-REK

---

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B. BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN, LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE, AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO, DAVID J. DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY, VINNIE FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL, DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE, BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE HUFF, RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E. LANOUE, JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD, III, PAT MABEY, TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS, NORMAN PARENT, LONG T. PECK, DIANA PERREAULT, OUDOMPHONE PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM VAN, DIANE WILLETTE, and
EDWARD R. WRIGHT

Plaintiffs,

v.

BAYER CORPORATION, BAYER CORPORATION
SEVERANCE PAY PLAN,

Defendants.

---

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANTS
BAYER CORPORATION AND BAYER CORPORATION SEVERANCE PAY PLAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs hereby

request that the Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan

1

Exhibit 1

(collectively "Defendants") produce for inspection, examination, and copying by the Plaintiffs through their attorney, the following designated documents in Defendant's possession, custody, or control, related to the dispute for which the Complaint is brought. Production, inspection and copying shall take place at the office of the Plaintiffs' counsel, Stephen A. Roach, Roach & Wise, LLP, 31 State Street, 8th Floor, Boston, MA 02109, on Monday, May 13, 2005.

## I. DEFINITIONS

You are directed to the Local Rule 26.5 of the United States District Court for the District of Massachusetts for the definition of terms used in the Requests below. Those definitions are incorporated herein, and you are directed to please follow them or state your objections with specificity. Other definitions are as follows:

1. The term "Bayer" shall mean the Defendant Bayer Corporation and its agents, representatives, attorneys, subsidiaries, parent companies and all other persons or entities acting or purporting to act on its behalf.

2. The term "Bayer Corporation Severance Pay Plan" shall mean the Defendant Bayer Corporation Severance Pay Plan and its agents, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

3. The term "Plaintiffs" shall mean collectively the Plaintiffs, jointly and severally, and their agents, representatives, attorneys, and all other persons acting on their behalf.

4. The term "EFTC" shall mean Electronic Fabrication Technology Corporation.

5. The term "Board Shop" shall mean all areas in Bayer where the Plaintiffs were employed at Bayer, such as the Printed Circuit Manufacturing Unit, including the Fabrication area, the Assembly/Test area and the Chemical Lab/Water Treatment area, within the Electronic

2

PrePress Systems Operations located at the Agfa-Wilimington Division of Bayer.

6. The term "Machine Shop" shall mean the Model/Machine Shop within the Electronic PrePress Systems Operations located at the Agfa-Wilimington Division of Bayer.

7. The term "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of notation made on such copies, or otherwise and including, without limitation, correspondence, memoranda, mailgrams, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, conversations, telephone memos, bulletins, printed matter, computer printouts, telefax, electronic mail, invoices, work sheets, and all drafts, alterations, modifications, changes, and amendments of any kind, and including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, X-rays, recordings, motion pictures, electronic, mechanical, or electrical records and representations of any kind including, without limitation, tapes, cassettes, discs, and recordings.

8. The following definitions shall also apply to all discovery requests:

a. The term "communication" and its derivatives shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any written, oral, or electronic means;

b. The term "person" and its derivatives shall mean any natural person, or any business, legal, or governmental entity or association;

c. The term "document" and its derivatives shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and shall include any retrievable information stored in or on any medium; and a draft or non-identical copy is a separate document

3

within the meaning of this term;

d. When referring to documents, "identify" and its derivatives shall mean to give, to the extent known, (i) type of document; (ii) general subject matter; (iii) date of document; and (iv) to identify the authors(s), addressees(s), and recipient(s) of the document and any copy thereof;

e. When referring to persons, "identify" and its derivatives shall mean to give, to the extent known, (i) the person's full name, (ii) the person's last known business and residential address, (iii) the person's residential and business phone number, (iv) the person's date of birth, (v) the person's social security number, (vi) the person's current job title, (vii) the person's previous job titles(s) since 1990; and (viii) any other relevant information you reasonably believe necessary to fully identify the person; and

f. The term "relative" and its derivatives shall mean constituting, referring to, relating to, embodying, describing, or evidencing.

9. The following rules of construction apply to all discovery requests:

a. The terms "all" and "each" shall be construed as "all and each";

b. The connectives "and" and "or" shall be construed either disjunctively, or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope; and

c. The use of the singular form of any word includes the plural and vice versa.

## II. INSTRUCTIONS

1. Identify any document withheld from production and state the basis for withholding the document.

4

2. Identify any document requested for production that has been lost, discarded, or destroyed and provide a complete description of that document including, but not limited to, a summary of its content, the identity of its author and recipient(s), including titles and addresses, and the circumstances under with it was lost or destroyed and the efforts made to locate it.

### III. RELEVANT TIME PERIOD

Unless otherwise stated, this document request seeks documents received or generated at any time from January 1, 1995 until the last date when documents are produced in response to this Request.

### IV. REQUESTS

REQUEST NO. 1:

All communications between Bayer and EFTC relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

REQUEST NO. 2:

All communications between Bayer Corporation Severance Pay Plan and EFTC relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

REQUEST NO. 3:

All intra-company communications within Bayer relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

REQUEST NO. 4:

All intra-company communications within Bayer Corporation Severance Pay Plan relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or

about 1998.

REQUEST NO. 5:

The Asset Purchase Agreement by and between EFTC and Bayer through its Agfa Division dated August 13, 1998 including, but not limited to, (1) all documents relative to the Asset Purchase Agreement and (2) all Exhibits and/or Attachments to the Asset Purchase Agreement.

REQUEST NO. 6

All documents relative to the Asset Purchase Agreement by and between EFTC and Bayer through its Agfa Division dated August 13, 1998 with regard to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998 not already produced in response to Requests 1 through 5.

REQUEST NO. 7:

All communications between Bayer and any or all of the Plaintiffs, as the case may be, regarding the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

REQUEST NO. 8:

All communications between Bayer and any or all of the Plaintiffs, as the case may be, regarding the termination of any of the Plaintiffs' employment with Bayer in 1998.

REQUEST NO. 9:

From January 1, 1985 to the present all Severance Pay Plans and payments to all employees of Bayer, and its predecessor, parent and/or subsidiary companies including, but not limited to, Agfa Corporation, Miles, Inc., Mobay Corporation, Agfa-Gevaert, Inc.,

Compugraphic, Inc. and Matrix Corporation.

REQUEST NO. 10:

All communications between the Bayer Corporation Severance Pay Plan and the Plaintiffs.

REQUEST NO. 11:

All documents relative to the investments of the Bayer Corporation Severance Pay Plan, including, but not limited to, severance assets, investment records, accounting records, profit and loss records, bank account statements, securities filings, canceled checks, wire transfers, tax records and audits.

REQUEST NO. 12:

Any and all indemnification agreements between Agfa Corporation and Bayer regarding the Bayer Corporation Severance Pay Plan and/or the Plaintiffs, and all related communications and all other documents relative to the indemnification agreements.

REQUEST NO. 13:

All documents relative to the of the sale of Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service of Haverhill, Massachusetts.

REQUEST NO. 14:

All communications between Bayer and Olympic Engineering Service of Haverhill, Massachusetts with regard to the sale of Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service.

REQUEST NO. 15:

All intra-company communications within Bayer regarding the sale of Bayer's Machine

Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service.

REQUEST NO. 16:

All intra-company communications within Bayer Corporation Severance Pay Plan regarding the sale of Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service.

REQUEST NO. 17:

Bayer payroll records and personnel files on each Plaintiff.

REQUEST NO. 18:

A copy of the Agfa Corporation Severance Pay Plan with all its amendments.

REQUEST NO. 19:

The Bayer employee handbook and all benefit plans for each Plaintiff.

REQUEST NO. 20:

Organizational charts of the Agfa Division-Wilmington of Bayer from January 1, 1995 to December 31, 1998, including, but not limited to, the April 1998 chart of the Electronic Prepress Systems Operations.

REQUEST NO. 21:

All documents evidencing the title of all real property on which the Agfa Division-Wilmington of Bayer operated in 1998 and any lease arrangements for such real property from January 1, 1998 to the present.

REQUEST NO. 22:

All documents evidencing the ownership of any personal property of Bayer within an initial purchase price of $1,000 or more at its Agfa Division-Wilmington location.

REQUEST NO. 23:

A copy of (1) the Bayer Corporation Severance Pay Plan (the Master Plan), (2) the Bayer Severance Pay Plan Summary Plan Description in 1995 and (3) the Bayer Corporation Severance Pay Plan Summary of Material Modifications in 1997.

REQUEST NO. 24:

All documents relative to the drafting of (1) the Bayer Corporation Severance Pay Plan (the Master Plan), (2) the Bayer Severance Pay Plan Summary Plan Description from 1995 and (3) the Bayer Corporation Severance Pay Plan Summary of Material Modifications from 1997, including, but not limited to, all intra-communications within Bayer, within Bayer Severance Pay Plan and between Bayer and Bayer Severance Pay Plan relative to the drafting of above documents listed in this Request.

REQUEST NO. 25:

Policies and procedures relative to the Severance Pay Plans of Bayer employees form January 1, 1995, including, but not limited to, policies and procedures with regard to establishing, maintaining, amending and/or terminating such plans.

REQUEST NO. 26:

All documents relative to Bayer's Third Affirmative Defense in Bayer's Answer to the Complaint which alleges that Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

REQUEST NO. 27:

All documents relative to Bayer's Forth Affirmative Defense in Bayer's Answer to the Complaint which alleges that Plaintiffs are estopped from asserting the claims set forth in

9

the Complaint.

REQUEST NO. 28:

All documents relative to Bayer's Seventh Affirmative Defense in Bayer's Answer to the Complaint which alleges that Plaintiffs are estopped from asserting Claims One, Two, Three and Four due to accord and satisfaction.

>PLAINTIFFS,
>By their attorney,
>
>*/s/ Stephen A. Roach*
>Stephen A. Roach, BBO No. 542138
>ROACH & WISE LLP
>31 State Street
>Boston, MA 02109-2705
>(617) 723-2800

Dated: April 18, 2005

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, attorney for the Plaintiffs, hereby certify that I served the within document on the Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan by causing a copy to be sent to their attorney on record, John F. Welsh, by first class mail on April 18, 2005.

>*/s/ Stephen A. Roach*
>Stephen A. Roach