UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-REK

---

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B.
BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN,
LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO
CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE, AROUSSIAK
DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO, DAVID J. DOLAN,
LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY, VINNIE FIORILLA, STEVE
FOURNIER, JEAN FRASER, GARY FRIZZELL, DIANA GLASSETT, FRED GLASSETT,
BOONCHOO GRASSO, PHILLIP GREENE, BERTRAND GUILMETTE, PAULINE
GUILMETTE, ALBERTA HEALEY, JEANNE HUFF, RICK JAKLE, ANITA KOPACZ,
ALFRED LANGUIRAND, JANET E. LANOUE, JUDITH LA ROSA, EDMUND J.
LASCELLES, JR., CLIFF LORD, III, PAT MABEY, TERESA C. ORNELAS, JANICE
PARADIS, LINDA PARADIS, NORMAN PARENT, LONG T. PECK, DIANA PERREAULT,
OUDOMPHONE PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA
REIS, MARK ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO,
LINDA SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM
VAN, DIANE WILLETTE, and
EDWARD R. WRIGHT

Plaintiffs,

v.

BAYER CORPORATION, BAYER CORPORATION
SEVERANCE PAY PLAN,

Defendants.

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
PROPOUNDED TO DEFENDANTS BAYER CORPORATION
AND BAYER CORPORATION SEVERANCE PAY PLAN**

To answer these Interrogatories you are required to make reasonable examination of all

files in your custody and in the custody of your counsel and to elicit information in the

1

Exhibit 2

possession of anyone acting on your behalf including, but not limited to, your attorney, investigators, insurance carriers and their representatives, employees, agents or servants. If you or your attorney wish to claim a privilege, you must so state while giving reasonable identification of the location of the information.

## I. DEFINITIONS

You are directed to the Local Rule 26.5 of the United States District Court for the District of Massachusetts for the definition of terms used in the Interrogatories below. Those definitions are incorporated herein, and you are directed to please follow them or state your objections with specificity. Other definitions are as follows:

1. The term "Bayer" shall mean the Defendant Bayer Corporation and its agents, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

2. The term "Bayer Corporation Severance Pay Plan" shall mean the Defendant Bayer Corporation Severance Pay Plan and its agents, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

3. The terms "Plaintiffs" shall mean collectively the Plaintiffs and their agents, representatives, attorneys, and all other persons acting on their behalf.

4. The term "EFTC" shall mean Electronic Fabrication Technology Corporation.

5. The term "Board Shop" shall mean all areas in Bayer where the Plaintiffs were employed at Bayer, such as the Printed Circuit Manufacturing Unit, including the Fabrication area, the Assembly/Test area and the Chemical Lab/Water Treatment area, within the Electronic PrePress Systems Operations located at the Agfa-Wilmington Division of Bayer.

6. The term "Machine Shop" shall mean the Model/Machine Shop within the Electronic PrePress Systems Operations located at the Agfa-Wilmington Division of Bayer.

7. The term "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of notation made on such copies, or otherwise and including, without limitation, correspondence, memoranda, mailgrams, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, conversations, telephone memos, bulletins, printed matter, computer printouts, telefax, electronic mail, invoices, work sheets, and all drafts, alterations, modifications, changes, and amendments of any kind, and including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, X-rays, recordings, motion pictures, electronic, mechanical, or electrical records and representations of any kind including, without limitation, tapes, cassettes, discs, and recordings.

8. The following definitions shall also apply to all discovery requests:

a. The term "communication" and its derivatives shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any written, oral, or electronic means;

b. The term "person" and its derivatives shall mean any natural person, or any business, legal, or governmental entity or association;

c. The term "document" and its derivatives shall be synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34(a) and shall include any retrievable information stored in or on any medium; and a draft or non-identical copy is a separate document within the meaning of this term;

3

    d. When referring to documents, "identify" and its derivatives shall mean to give, to the extent known, (i) type of document; (ii) general subject matter; (iii) date of document; and (iv) to identify the authors(s), addressees(s), and recipient(s) of the document and any copy thereof;

    e. When referring to persons, "identify" and its derivatives shall mean to give, to the extent known, (i) the person's full name, (ii) the person's last known business and residential address, (iii) the person's residential and business phone number, (iv) the person's date of birth, (v) the person's social security number, (vi) the person's current job title, (vii) the person's previous job titles(s) since 1990; and (viii) any other relevant information you reasonably believe necessary to fully identify the person; and

    f. The term "relative" and its derivatives shall mean constituting, referring to, relating to, embodying, describing, or evidencing.

    9. The following rules of construction apply to all discovery requests:

    a. The terms "all" and "each" shall be construed as "all and each";

    b. The connectives "and" and "or" shall be construed either disjunctively, or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope; and

    c. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

INTERROGATORY NO. 1:

    Please identify yourself by stating your name, address, the position you hold at Bayer and/or the Bayer Severance Pay Plan and your rights and duties in that position.

INTERROGATORY NO. 2:

Describe in detail the terms of the purchase agreement between Bayer and EFTC of the sale of the assets of the Board Shop or the Board Shop of the Agfa Division of Bayer in or about 1998.

INTERROGATORY NO. 3:

List all assets sold and the itemized price for each asset listed in the sale of the assets of the Board Shop or the Board Shop of the Agfa Division of Bayer to ETFC in or about 1998.

INTERROGATORY NO. 4:

Identify each individual within Bayer or Bayer Corporation Severance Pay Plan involved in the decision to sell the assets of the Board Shop or the Board Shop to ETFC in or about 1998.

INTERROGATORY NO. 5:

Identify the Bayer Corporation Severance Pay Plan administrator, whether Bayer or another, and identify the specific person(s) who managed or administered the Bayer Severance Pay Plan from 1995 to the present, including, but not limited to, those who made decisions on investments, modification of plan, payment to participants and any discretionary or other major decisions.

INTERROGATORY NO. 6:

Identify the person(s) within Bayer or Bayer Corporation Severance Pay Plan involved in the decision to deny Severance Pay to the Plaintiffs and, in detail, how and when the denial was communicated to the Plaintiffs.

INTERROGATORY NO. 7:

Identify the person(s) within Bayer or Bayer Severance Pay Plan who had final authority of denying Severance Pay to the Plaintiffs.

INTERROGATORY NO. 8:

Identify the person(s) within Bayer or Bayer Severance Pay Plan who was responsible for the drafting and/or any changes of the relevant pages, pages [sev 3] and [sev 4], of the Summary Plan Description at issue in this case. (See Attachment 1 and 2 respectively).

INTERROGATORY NO. 9:

State the reason(s) on which Bayer relies in denying Severance Pay to the Plaintiffs.

INTERROGATORY NO. 10:

Describe in detail the terms of the purchase agreement between Bayer and Olympic Engineering Service of Haverhill, Massachusetts of the sale of the assets of the Machine Shop or the Machine Shop of the Agfa Division of Bayer.

INTERROGATORY NO. 11:

Describe in detail any and all indemnification agreements between Agfa Corporation and Bayer regarding the Bayer Corporation Severance Pay Plan and/or the Plaintiffs.

INTERROGATORY NO. 12:

Identify each employee or former employee of the Agfa Division-Wilmington of Bayer who was given Severance Pay and the amount each employee received as Severance Pay from 1995 to the present.

INTERROGATORY NO. 13:

Identify each employee or former employee of the Board Shop of the Agfa Division of

6

Bayer who was denied Severance Pay and the amount of total severance available to each employee.

PLAINTIFFS,<br>
By their attorney,<br>
<br>
/s/ Stephen A. Roach<br>
Stephen A. Roach, BBO No. 542138<br>
ROACH & WISE LLP<br>
31 State Street<br>
Boston, MA 02109-2705<br>
(617) 723-2800

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, attorney for the Plaintiffs, hereby certify that I served the within document on the Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan by causing a copy to be sent to their attorney on record, John F. Welsh, by First Class mail on April 28, 2005.

/s/ Stephen A. Roach<br>
Stephen A. Roach