UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-REK

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BETEIVAZI,
MARY B. BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN,
ROBERT BROWN, LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON,
MARY JO CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE,
AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO,
DAVID J. DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY,
VINNIE FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL,
DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE,
BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE HUFF,
RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E. LANOUE,
JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD III, PAT MABEY,
TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS, NORMAN PARENT,
LONG T. PECK, DIANA PERREAULT, OUDOMPHONE PHOMMAHAXAY,
RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK ROBERT,
JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA SAULNIER,
JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM VAN,
DIANE WILLETTE, and EDWARD R. WRIGHT,

    Plaintiffs,

v

BAYER CORPORATION and
BAYER CORPORATION SEVERANCE PAY PLAN,

    Defendants.

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendants hereby state their objections and responses to Plaintiffs' First Request for Production of Documents and Things (the "Requests") as follows:

Exhibit 5

## GENERAL OBJECTIONS

1. Defendants object to Plaintiffs' instructions and definitions set forth in the Requests to the extent they seek to impose burdens or obligations that exceed those required by the Federal Rules of Civil Procedure and other applicable rules.

2. Defendants object to the time periods set forth in Plaintiffs' Requests to the extent that they pre-date the subject matter of this litigation and are, thus, overly broad, unduly burdensome, and targeted to seek documents and/or information that is neither relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to the Requests to the extent that they seek documents and/or information protected by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or exclusion.

4. Defendants object to the Requests to the extent that they seek to impose obligations upon it that exceed those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure or any other applicable rule.

5. Defendants object to the Requests to the extent that they seek information not relevant or material to the subject matter of this action and/or to the extent they are not reasonably calculated to lead to the discovery of admissible evidence in this action.

6. Defendants object to the Requests to the extent that they contain vague, ambiguous, conclusory, and/or undefined terms.

7. Defendants object to the Requests to the extent that they are overly broad, unreasonable in scope, unduly burdensome, oppressive, and/or seek to require unreasonable expense to answer.

8. Defendants object to the Requests to the extent that they seek documents and/or information that is confidential, proprietary, and/or that constitutes trade secrets.

9. Defendants object to the Requests to the extent that they purport to demand production of documents and/or information not in its possession, custody, or control.

10. Defendants object to the Requests to the extent that they seek production of any documents and/or information that is available from public records and, thus, is equally as available to Plaintiffs as to Defendants on the ground that any such request is unreasonable, unduly burdensome, and unnecessarily expensive to answer.

11. Defendants object to the Requests to the extent they seek to impose upon Defendants the obligation to produce documents and/or information regarding present and/or former employees, the disclosure of which may constitute an invasion of privacy.

12. Defendants object to the Requests to the extent they pertain to communications between Defendants and any third party that were engaged in with the agreement or understanding that such communications would remain confidential.

13. Defendants object to the Requests to the extent they purport to seek documents and/or information evidencing, referring, relating, or pertaining to any expert, as that term is used in Fed.. R. Civ. P. 26(b)(4), or such expert's representative(s), or that describes, summarizes, evidences, or sets forth any communications by and between Defendants and any such expert, or such expert's representative(s), beyond that to which Plaintiffs are entitled pursuant to Fed. R. Civ. P. 26(b)(4).

14. Defendants continue to investigate this action and, thus, Defendants reserve the right to supplement, modify, or add to its responses to the Requests, although Defendants does not

1120/1 03010049

hereby undertake to agree to do so, except to the extent required by Rule 26 of the Fed. Rules of Civil Procedure.

15. Defendants specifically incorporates these General Objections in each and every one of its objections and responses to each Request set forth below.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All communications between Bayer and EFTC relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

### OBJECTINS AND RESPONSE TO REQUEST NO. 1:

Defendants object to this Request as overbroad, unreasonable in scope, and unduly burdensome. Defendants object to this Request on the grounds that the terms " relative to" and "board shop" are vague and ambiguous. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendants will produce responsive, nonprivileged documents in their possession, custody, or control.

### REQUEST NO. 2:

All communications between Bayer Corporation Severance Pay Plan and EFTC relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 2:

Defendants are not aware of the existence of any documents that are responsive to a reasonable interpretation of this Request.

1120/1 03010049

REQUEST NO.3:

All intra-company communications within Bayer relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3:**

Defendants object to this Request as overbroad, unreasonable in scope, and unduly burdensome. Defendants object to this Request to the extent it seeks information protected by the attorney/client privilege and/or work product doctrine. Defendants object to this Request on the grounds that the terms "relative to" and "board shop" are vague and ambiguous. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, and provided that an appropriate confidentiality agreement is executed, Defendants will produce responsive, nonprivileged documents in their possession, custody, or control pertaining to employee compensation and benefits.

REQUEST NO. 4:

All intra-company communications within Bayer Corporation Severance Pay Plan relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**

To the extent that such documents, exist, Defendants will produce responsive, nonprivileged documents in their possession, custody or control.

REQUEST NO. 5:

The Asset Purchase Agreement by and between EFTC and Bayer through its Agfa Division dated August 13, 1998 including, but not limited to, (1) all documents relative to the Asset Purchase Agreement and (2) all Exhibits and/or Attachments to the Asset Purchase Agreement.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**

Defendants object to Document Request No. 4 on the grounds that the term "relative to" is vague and ambiguous. Without waiving any objection, and provided that an appropriate confidentiality stipulated is executed, Defendants will produce responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO.6:**

All documents relative to the Asset Purchase Agreement by and between EFTC and Bayer through its Agfa Division ,dated August 13, 1998 with regard to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998 not already produced in response to Requests 1 through 5.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:**

Defendants object that Document Request No. 6 is overbroad, unreasonable in scope, and unduly burdensome. Defendants further object to Request No. 6 to the extent that it seeks documents subject to the attorney-client privilege and/or work product doctrine. Defendants further object that the terms "relative to" and "with regard" are vague and ambiguous. Subject to and without waiving any objection, and provided that an appropriate confidentiality stipulation is executed, Defendants will produce responsive, non-privileged documents in their possession, custody on control.

**REQUEST NO.7:**

All communications between Bayer Corporation Severance Pay Plan and EFTC relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Defendants are not aware of any documents responsive to this request.

1120/1 03010049

**REQUEST NO. 8**:

All communications between Bayer and any or all of the Plaintiffs, as the case may be, regarding the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8**:

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control to the extent they exist.

**REQUEST NO. 9**:

All communications between Bayer and any or all of the Plaintiffs, as the case may be, regarding the termination of any of the Plaintiffs' employment with Bayer in 1998.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9**:

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

**REQUEST NO. 10**:

From January 1, 1985 to the present all Severance Pay Plans and payments to all employees of Bayer and its predecessor, parent, and/or subsidiary companies, including, but not limited to, Agfa Corporation; Miles, Inc.; Mobay Corporation; Agfa-Gevaert, Inc.; Compugraphic, Inc.; and Matrix Corporation.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10**:

Defendants object to this Request as overbroad, unreasonable in scope, and unduly burdensome. Defendants object to this Request on the grounds that the term "its Predecessor, Parent, and/or Subsidiary Companies" is vague and ambiguous. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendants will provide copies of the severance pay plan applicable to Plaintiffs as of the date of the sale to EFTC.

**REQUEST NO. 11:**

All communications between the Bayer Corporation Severance Pay Plan and the Plaintiffs.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control to the extent that such documents exist.

**REQUEST NO. 12:**

All documents relative to the investments of the Bayer Corporation Severance Pay Plan, including, but not limited to, severance assets, investment records, accounting records, profit and loss records, bank account statements, securities filings, canceled checks, wire transfers, tax records and audits.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12:**

Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Defendants state that they are unaware of the existence of any responsive documents.

**REQUEST NO. 13:**

Any and all indemnification agreements between Agfa Corporation and Bayer regarding the Bayer Corporation Severance Pay Plan and/or the Plaintiffs and all related communications and all other documents relative to the indemnification agreements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 13:**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants object to this Request on the grounds that the terms "all related communications and/or documents relative to" are vague and ambiguous. Without waiving any objection, Defendants will produce copies of relevant indemnification agreements.

**REQUEST NO. 14**:

All documents relative to the [sale of] Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service of Haverhill, Massachusetts.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14**:

Defendants object to this Request on the grounds that the terms "relative to" and "Bayer machine shop" are vague and ambiguous. Defendants further object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, and provided that an appropriate confidentiality agreement is executed, Defendants will produce responsive, non-privileged documents in their possession, custody, or control concerning Agfa's sale of machine shop assets.

**REQUEST NO. 15**:

All communications between Bayer and Olympic Engineering Service of Haverhill, Massachusetts with regard to the sale of Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 15**:

Defendants object to this Request on the grounds that the terms "with regard to" and "Bayer's machine shop" are vague and ambiguous Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendants refer Plaintiffs to Defendants' Response to Request No. 14.

**REQUEST NO. 16**:

All intra-company communications within Bayer regarding the sale of Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 16:**

Defendants object to this Request on the grounds that the terms "regarding" and "Bayer's machine shop" are vague and ambiguous. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendants refer Plaintiffs to Defendants' Response to Request No. 14.

**REQUEST NO. 17:**

All intra-company communications within Bayer Corporation Severance Pay Plan regarding the sale of Bayer's Machine Shop assets or Bayer's Machine Shop by Bayer to Olympic Engineering Service.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 17:**

Defendants object that the terms "within Bayer Corporation Severance Plan," "regarding," and "Bayer's machine shop" are vague and ambiguous. Defendants further object to the extent that this request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving any objections, Defendants are not aware of the existence of documents in their possession responsive to this request.

**REQUEST NO. 18:**

All communications between Bayer Corporation Severance Pay Plan and EFTC relative to the sale of Bayer's Board Shop assets or Bayer's Board Shop by Bayer to EFTC in or about 1998.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 18:**

Defendants object that the term "related to" is vague and ambiguous. Subject to and without waiving any objection, Defendants will produce responsive, non-privileged documents in their possessions, custody, and control to the extent any such documents exist.

REQUEST NO. 19:

Bayer payroll records and personnel files on each Plaintiff.

OBJECTIONS AND RESPONSE TO REQUEST NO. 19:

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

REQUEST NO. 20:

A copy of the Agfa Corporation Severance Pay Plan with all its amendments.

OBJECTIONS AND RESPONSE TO REQUEST NO. 20:

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

REQUEST NO. 21:

The Bayer employee handbook and all benefit plans for each Plaintiff.

OBJECTIONS AND RESPONSE TO REQUEST NO. 21:

Defendants object to this Request as overbroad, unreasonable in scope, and unduly burdensome. The Defendants further object that the term "The Bayer Handbook" and "All Benefit Plans" is vague and ambiguous. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

REQUEST NO. 22:

Organizational charts of the Agfa Division-Wilmington of Bayer from January 1, 1995 to December 31, 1998, including, but not limited to, the April 1998 chart of the Electronic Prepress Systems Operations.

-11-

1120/1 03010049

**OBJECTIONS AND RESPONSE TO REQUEST NO. 22:**

Defendants object to this Request as overbroad, unreasonable in scope and unduly burdensome. Defendants object to this Request on the grounds that the term "AGFA Division - Wilmington of Bayer" are vague and ambiguous. Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control to the extent such documents exist.

**REQUEST NO. 23:**

All documents evidencing the title of all real property on which the Agfa Division - Wilmington of Bayer operated in 1998 and any lease arrangements for such real property from January 1, 1998 to the present.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 23:**

Defendants object to this Request as overbroad, unreasonable in scope, and unduly burdensome. Defendants object to this Request on the grounds that it seeks documents that may contain confidential and/or proprietary information. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

All documents evidencing the ownership of any personal property of Bayer within an initial purchase price of $1,000 or more at its Agfa Division - Wilmington location.

-12-

**OBJECTIONS AND RESPONSE TO REQUEST NO. 24:**

Defendants object to this Request as overbroad, unreasonable in scope, and unduly burdensome. Defendants object to this Request on the grounds that the term "evidencing the expenses of any personal property of Bayer" is vague and ambiguous. Defendants object to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

A copy of (1) the Bayer Corporation Severance Pay Plan (the Master Plan); (2) the Bayer Severance Pay Plan Summary Plan Description in 1995; and (3) the Bayer Corporation Severance Pay Plan Summary of Material Modifications in 1997.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 25:**

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

**REQUEST NO. 26:**

All documents relative to the drafting of (1) the Bayer Corporation Severance Pay Plan (the Master Plan); (2) the Bayer Severance Pay Plan Summary Plan Description from 1995; and (3) the Bayer Corporation Severance Pay Plan Summary of Material Modifications from 1997, including, but not limited to, all intra-communications within Bayer, within Bayer Severance Pay Plan, and between Bayer and Bayer Severance Pay Plan relative to the drafting of above documents listed in this Request.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 26:**

Defendants object to the extent this Request seeks information protected by the attorney-client privilege or work product doctrine. Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

1120/1 03010049

**REQUEST NO. 27:**

Policies and procedures relative to the Severance Pay Plan of Bayer employees from January 1, 1995, including, but not limited to, policies and procedures with regard to establishing, maintaining, amending, and/or terminating such plans.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 27:**

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

**REQUEST NO. 28:**

All documents relative to Bayer's Third Affirmative Defense in Bayer's Answer to the Complaint which alleges the Plaintiffs' claims are barred by the doctrine of laches and/or waiver.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 28:**

Without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control for the period 1995 - 1998.

**REQUEST NO. 29:**

All documents relative to Bayer's Forth Affirmative Defense in Bayer's Answer to the Complaint which alleges that Plaintiffs are estopped from asserting the claim set forth in the Complaint.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 29:**

Subject to any without waiving any objection, Defendants will produce responsive, nonprivileged documents in their possession, custody, or control.

**REQUEST NO. 30:**

All documents relative to Bayer's Seventh Affirmative Defense in Bayer's Answer to the Complaint which alleges that Plaintiffs are estopped from asserting Claims One, Two, Three, and Four due to accord and satisfaction.

1120/1 03010049

### OBJECTIONS AND RESPONSE TO REQUEST NO. 30:

Subject to any without waiving any objection, Defendants will produce responsive, non-privileged documents in their possession, custody, or control.

Dated:  August 5, 2005
        Boston, Massachusetts

**Respectfully submitted,**

**BAYER CORPORATION and BAYER CORPORATION SEVERANCE PAY PLAN,**
By their attorney,

John F. Welsh, Esq. (BBO #522640)
Bello, Black & Welsh, LLP
535 Boylston Street; 11th Floor
Boston, MA 02116
Telephone: 617-247-4100
Fax: 617-247-4125

*Serving copy upon:*

Stephen Roach, Esq.
Roach & Wise, LLP
31 State Street
Boston, MA 02109-2705

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 8/5/05.

-15-