UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

---

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B. BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN, LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE, AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO, DAVID J. DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY, VINNIE FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL, DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE, BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE HUFF, RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E. LANOUE, JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD, III, PAT MABEY, TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS, NORMAN PARENT, LONG T. PECK, DIANA PERREAULT, OUDOMPHONE PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM VAN, DIANE WILLETTE, and EDWARD R. WRIGHT

Plaintiffs,

v.

BAYER CORPORATION, BAYER CORPORATION
SEVERANCE PAY PLAN,

Defendants.

---

## JOINT MOTION TO MODIFY CASE DEADLINES

The parties hereby jointly move that this Court amend the scheduling order in this matter to extend the period of discovery by thirty-one (31) more days, up to and including December 31, 2006 and other deadlines therein by a corresponding amount of time.

In support of this Motion, the parties state the following:

1

1. The Court has granted several prior extensions of time in this case. They came as a result of the following: (1) an initial mediation was delayed due in large part to the illness and untimely death of the initially-assigned mediator, U.S. District Judge David Mazzone; (2) a mediation subsequently was conducted before Magistrate Judge Neiman; (3) defense counsel's scheduling and work load requirements became complicated in that as a "Chief Operating Partner" of Testa, Hurwitz & Thibeault, LLP which dissolved in January 2005, defense counsel was actively involved in numerous post-dissolution activities of the firm; (4) Plaintiffs' counsel was in the process of preparing several separate trials in various cases resulting in another request for more time in this matter; (5) Plaintiffs' counsel elderly mother then took ill, was hospitalized, and took him out of state (to Maine) for a considerable period of time (she passed away this year); (6) the parties have exchanged information and taken depositions but discovery been complicated as it become apparent that several witnesses are no longer employed with the Defendants, and some reside outside of the Commonwealth of Massachusetts, necessitating one deposition in Chicago.

2. Most recently, the offices of the attorneys for both sides, the Plaintiffs and the Defendants, are in the process of being moved. The Defendants' attorney is doing so this month, and the Plaintiffs' counsel will be moving as of the end of December, 2006. Because both are in small firms (5 to 6 attorneys) counsel for the parties are, by necessity, personally actively engaged and involved in many varied and complicated move related matters, such as the terms of the lease, moving and rewiring computers, telephones and other equipment, negotiating with subtenants, notifying clients, courts and others, and many other issues.

3. Despite the above, the parties have been actively and in good faith engaging in discovery. This case involves a claim by 63 Plaintiffs. They have exchanged documents, engaged in written

discovery, and have taken ten (10) depositions, including one in Chicago, and have at least six (6) more to complete. Accordingly, under the circumstances they have been acting in good faith to expeditiously move the matter along. More recently, an elderly parent for defense counsel required some attending which further distracted defense counsel from his practice. Also, Plaintiffs' counsel has week-long trial set for January 8, 2006 in the Middlesex Superior Court which is not likely to settle or to be continued.

7. The parties believe that this instant request to extend the discovery and other deadlines, including summary judgment and trial, is reasonable and that no party will be prejudiced by allowing this extension.

8. Furthermore, if given additional time to complete the discovery and analysis of this matter, the parties may be then prepared to reconsider and engage in mediation once again.

Respectfully submitted,

| PLAINTIFFS, | DEFENDANTS, |
| By their attorney, | By their attorney, |
| | |
| s/Stephen A. Roach | s/John F. Welsh/sar |
| Stephen A. Roach, BBO No. 542138 | John F. Welsh, BBO No. 522640 |
| ROACH & WISE, LLP | BELLO, BLACK & WELSH, LLP |
| 31 State Street | 535 Boylston Street |
| Boston, MA 02109 | Boston, MA 02166 |
| (617) 723-2800 | (617) 247-4100 |

Dated: November 17, 2006