UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
**JOSEPH ATTARDI, et al.**                 )
    **Plaintiffs,**                           )
                                           )
v.                                         )  Civil Action No.: 04-10728 WGY
                                           )
**BAYER CORPORATION and**                  )
**BAYER CORPORATION SEVERANCE**            )
**PAY PLAN,**                              )
    **Defendants.**                           )
_____)

**MOTION FOR AUTHORIZATION TO POSTPONE OUT-
OF-STATE DEPOSITIONS UNTIL PRIOR TO TRIAL**

Defendants respectfully move, for the Court's authorization to postpone three out of state depositions until shortly before trial in this matter. In support thereof, Defendants would show as follows:

1.  This is a case for severance benefits by 63 former employees as the result of a business unit sale by Defendant Bayer to EFTC in September 1998.

2.  In the litigation, a disputed issue of fact has arisen as to what representations and statements Bayer and EFTC officials made to the Plaintiffs concerning EFTC employees benefits to induce Plaintiffs to accept employment with EFTC.

3.  The Defendant currently plans to file a motion for summary judgment in early January, 2007; the Court has scheduled this matter for trial during March 2007.

4.  The three former EFTC managers whose depositions are the subject of this motion - - August Bruehlman, Stuart Fuhlendorf and Dana Gormsley - - reportedly had conversations with Plaintiffs at the time of the transaction. Mr. Fuhlendorf lives in

Seattle, Washington; Mr. Bruehlman and Ms. Gormsley live in Colorado.

5. Defendants have noticed, and wish to take these witness depositions to preserve trial testimony. Given that their testimony pertains to disputed factual issues, their depositions are not necessary to be taken prior to submission of the motion for summary judgment.

6. Due to scheduling and because the motion for summary judgment may obviate the need for such depositions, Defendants seek to postpone taking such depositions until after the Court rules on the summary judgment motion, but before trial.

7. Postponing these depositions as requested may well avoid unnecessary expense, and will have no impact on the trial schedule.

8. Defendants' counsel has conferred with Plaintiffs' counsel on this motion. Plaintiffs' counsel initially agreed to the request but later placed preconditions on the agreement that were unacceptable to Defendants' counsel.

Accordingly, for the reasons stated herein, Defendants move for Court authorization to postpone the three out-of-state depositions referenced until shortly before trial.

        Respectfully submitted,
        BAYER CORPORATION and
        BAYER CORPORATION SEVERANCE
        PAY PLAN,
        By Their Attorney,

        /s/ John F. Welsh
        John F. Welsh, BBO #522640
        Bello Black & Welsh LLP
        One Exeter Plaza
        699 Boylston Street, Floor 10
        Boston, Massachusetts 02116

Dated:  December 22, 2006        (617) 247-4100

## CERTIFICATION

I hereby certify pursuant to Local Rules 7.1(a)(2) and 37.1(b) that I have made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in this motion.

/s/ John F. Welsh
John F. Welsh, BBO #522640
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street, Floor 10
Boston, Massachusetts 02116
(617) 247-4100

Attorney For

BAYER CORPORATION and
BAYER CORPORATION SEVERANCE
PAY PLAN