UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ATTARDI, et al.<br>    Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and<br>BAYER CORPORATION SEVERANCE<br>PAY PLAN,<br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.: 04-10728 WGY<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Bayer Corporation and the Bayer Corporation Severance Plan hereby move for Summary Judgment pursuant to Fed. R. Civ. P. 56 on all claims raised in Plaintiffs' Amended Complaint. As grounds for this Summary Judgment Motion, Defendants state as follows:

1. Summary Judgment should be granted on Plaintiffs' claims for severance benefits because each plaintiff was offered and accepted a job with EFTC at the same location for an equal or higher salary than they received at Bayer. Thus, Plaintiffs are not eligible for severance under Section 3.06(8) of the Bayer Severance Pay Plan.

2. Plaintiffs' claims for severance benefits are barred by their failure to exhaust administrative remedies under the Bayer Severance Pay Plan.

3. Plaintiffs' claims for severance benefits are time-barred pursuant to the terms of the Bayer Severance Pay Plan.

4. All of Plaintiffs' claims in this matter are time-barred by applicable statutes of limitation, including 29 U.S.C. § 1113 (2), 29 U.S.C. § 1113(1), and M.G.L. c. 260, § 2 and 2A.

5. Plaintiffs' claims of breach of fiduciary duty are time barred and otherwise fail to state cognizable claims.

6. Plaintiffs' claims that Defendants violated ERISA by failing to provide in writing the claims procedure under the Severance Pay Plan is rebutted by uncontestable evidence that each Plaintiff was provided the Summary Plan Description in which such information was set forth.

7. Plaintiffs' alternative state law claims for breach of contract and for violation of the implied covenant of good faith and fair dealing are pre-empted by ERISA, and are barred by the express terms of Bayer's Severance Pay Plan, on ERISA non-vested welfare benefit plan, which Plaintiffs alleged to be the contract.

8. Plaintiffs' state law estoppel and misrepresentation claims are pre-empted by ERISA, and are time barred.

9. Plaintiffs' alternative claims for benefits under "Federal estoppel" are barred by the express terms of the severance pay plan and applicable law.

In support of this Motion, Defendants submit their Local Rule 56.1 Statement of Material Facts Not in Dispute, along with the exhibits attached thereto, and Defendants' Memorandum of Law in Support of the Motion for Summary Judgment.

## CERTIFICATION UNDER L R. 7.1(A)(2)

Counsel hereby certifies that the parties have conferred regarding the issues raised in this Motion and have been unable to resolve or narrow the issues.

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request oral argument on this motion.

## CONCLUSION

Accordingly, Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan request that this Court grant their Motion for Summary Judgment and dismiss Plaintiffs' First Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

BAYER CORPORATION and
BAYER CORPORATION
SEVERANCE PAY PLAN,

By Their Counsel,

/s/ John F. Welsh
John F. Welsh, BBO # 522640
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street, 10th Floor
Boston, MA 02116
(617) 247-4100

Dated: January 17, 2007