UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

---

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B. BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN, LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE, AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA DEFRANCESCO, DAVID J. DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY, VINNIE FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL, DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE, BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE HUFF, RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E. LANOUE, JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD, III, PAT MABEY, TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS, NORMAN PARENT, LONG T. PECK, DIANA PERREAULT, OUDOMPHONE PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM VAN, DIANE WILLETTE, and EDWARD R. WRIGHT

Plaintiffs,

v.

BAYER CORPORATION, BAYER CORPORATION SEVERANCE PAY PLAN,

Defendants.

---

**DECLARATION OF STEPHEN A. ROACH WITH RESPECT TO MOTION FOR SUMMARY JUDGMENT**

I, Stephen A. Roach, hereby declare as follows:

1. I am a partner in the Boston law firm of Roach & Wise, LLP. I am in good standing as a member of the Bars of the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, the United States District Court for the District Court of Massachusetts and

1

the United States Court of Appeals for the First Circuit. I am counsel for the Plaintiffs in the above-captioned matter. Accordingly, I have personal knowledge of the matters set forth in this Declaration.

2. I submit this Declaration in support of Plaintiffs' opposition to Defendants' Summary Judgment Motion. I will make references herein to the Plaintiffs' Exhibits ("**P Ex**") filed in Opposition to the Defendants' Summary Judgment Motion. The Exhibits filed with the Plaintiff's Local Rule 56.1 Statement of Facts are all copies of deposition transcripts, deposition exhibits, or interrogatory answers except as otherwise indicated in this Declaration under paragraphs 4-7. The 63 Plaintiffs chose three of their group Jeanne Skene, Vinnie Fiorilla and Bert Guilmette to make representations and decisions on their behalf.

3. After review of the law and limited paperwork available to me, which did not include the Bayer Plan (which was not provided until suit was filed in 2004), I wrote a letter dated April 5, 2002 (**P Ex 2, Attachment 4 to the Answers to Interrogatories; D Ex D** ) to AFGA Corporation ("AGFA") under the initial impression, later corrected after suit was filed in 2004, that AGFA Corporation had been the Plaintiffs' employer in 1998. AGFA then wrote to me by a letter dated June 3, 2002 (**D Ex. E; P Ex 2, Attachment 4 to the Answers to Interrogatories**) advising me that it was AGFA's position was that the Plaintiffs were not due the severance benefits I claimed on their behalf in that the nature of the sale of the Machine Shop assets and the subsequent employment by the asset purchaser of the Machine Shop employees was factually distinguishable. AGFA did not tell me that Bayer Corporation ("Bayer") had been the employer of the Plaintiffs in 1998 and that the Bayer Corporation Severance Pay Plan ("Bayer Plan"), not the AFGA Plan, was applicable. I saw no reference

in the Summery Plan Description ("SPD") Bayer had provided to the Plaintiffs to the Bayer Plan and all discussions (privileged) regarding the Plaintiffs' employer led me to believe that a company called "AGFA" was the Plaintiffs' employer. After further analysis and review of the law and facts, I filed suit on April 9, 2004 against AGFA and the AGFA Corporation Severance Pay Plan. **P Ex. 3 at 8-9.**

4. Shortly prior to and at the initial Scheduling Conference on July 20, 2004, Bayer's current and then AGFA counsel, John Welsh, as well as his Associate, Attorney John McCarthy (both then with the law firm of Testa, Hurwitz and Thibeault LLP) brought to my attention that the incorrect Defendants had been sued. Attorney Welsh also brought the issue to the attention of Judge Keeton at the Scheduling Conference on July 20, 2004. After reviewing the records further and conferring with the Plaintiffs' representatives, I then wrote to Bayer by a letter dated August 6, 2004, a true copy of which is at **P Ex 43,** and advised Bayer that the Plaintiffs would either be adding Bayer and the Bayer Corporation Severance Pay Plan as defendants or filing a new lawsuit against Bayer. I advised Bayer that it made more sense to simply join Bayer in the present lawsuit. **Id.** On August 11, 2004 I then spoke with Bayer's in-house counsel, Attorney William Klemick, who by a faxed letter dated August 11, 2004 directed me to address further communications to him. A true copy of that letter is at **P Ex. 44.** That same day I spoke to Attorney Klemick and he agreed that rather than file a new suit to simply by joint motion to add Bayer Corporation and Bayer Corporation Severance Pay Plan as defendants and that Bayer would not oppose the motion and that Bayer would accept service of process and paperwork. A true copy of my handwritten notes of my conversation that day with Attorney Klemick are at **P Ex 45,** the third page of which references Bayer's agreement

3

to "add Bayer as a new party" to the pending, above-captioned lawsuit. That same day, Attorney Klemick notified AFGA by a letter dated August 11, 2004 that AGFA and Bayer have an indemnification agreement for the Plaintiffs' claims, as Attorney Klemick also advised me in our telephone call, and he asked AFGA to assume the defense of the matter and indemnify Bayer. A true copy of Attorney Klemick's letter to AFGA is at **P Ex 2, as part of Attachment 4.**

5. Based on my conversation with Attorney Kelmick, I then on August 16, 2004, spoke to Attorney McCarthy, who told me his firm officiously had yet been retained in the case by Bayer but that his firm had represented Bayer in the past, and that he would join me in a joint motion to substitute the current Bayer Defendants for the AGFA Defendants. I told him that Bayer's in-house counsel advised me that Bayer agreed to the motion to substitute Bayer for AGFA and that it made more sense to do than to file a new lawsuit against Bayer. He advised me that the statute of limitations will not be an issue for Bayer. A true copy of my handwritten notes of my August 16, 2004 telephone call with Attorney McCarthy is at **P Ex 40**. On August 18, 2004 I then faxed to Attorney Klemick and hand delivered to Attorney McCarthy a proposed Amended Complaint (the one now on file with the Court) for their review and approval and, also for their review and approval, a Joint Motion to substitute Bayer for AGFA. By letters dated August 18, 2004, one to Attorney McCarthy and a joint letter to Attorney McCarthy and Attorney Kelmick, I asked them to approve the Joint Motion and proposed Amended Complaint. Both Attorney McCarthy and Attorney Klemick approved of the documents. On August 23, 2004, Attorney Klemick e-mailed me a note to the effect he did not oppose the Joint Motion and that he reviewed Local Rule 15 and stated that "I have

been served with the proposed motion to amend in a timely fashion consistent with Local Rule 15. I do not intend to oppose the motion for leave to amend." True copies of the August 18, 2004 letters and Attorney Klemick's August 23, 2004 e-mail to me are collectively **P Ex 47.** With Bayer's present counsel, John Welsh, we then filed on August 23, 2004 a Joint Motion to Amend and Supplement the Complaint which is on record with the Court's Docket as Document No. 12. Also on record with the Court as Document No. 13 is a "Notice Of No Opposition Or Objection To Joint Motion For Leave To Amend And Supplement Complaint" which I filed with the Court and which advised the Court that Bayer and the Bayer Plan had no opposition or objection to being substituted for the AFGA defendants as party defendants. I served a copy of the aforementioned Joint Motion and the Notice of No Opposition on Bayer's in-house counsel, Attorney Kelmick, and on Bayer's present counsel John Welsh. Attached as **P Ex 46** is a true copy of the Notice of No Opposition and a cover letter to the court, with a copy to Attorney Klemick.

6. As part of the agreement, the AFGA defendants and the Plaintiffs signed a "Stipulation, Substitution and Standstill Agreement" whereby the Plaintiffs agreed to dismiss the AGFA defendants and substitute in the Bayer defendants in the case. As part of the Agreement, AGFA agreed to honor its indemnification obligations to Bayer and agreed that the statute of limitations tolled to relate back to the April 9, 2004 filing date should it be necessary for any reason to bring AGFA back in as defendants. It was signed by AGFA's counsel, John Welsh, who also represents Bayer in this case. A true copy of the aforementioned Agreement is at **P Ex 41**. After the Court allowed the Joint Motion to substitute Bayer for AGFA, Attorney McCarthy advised me that the Bayer Defendants had officially retained his firm, including

himself, Attorney Welsh and another attorney with their firm, to represent the Bayer Defendants. At that point, no discovery had been conducted, the Amended Complaint, which was attached to the Joint Motion, asserted the same basic claims against Bayer as had been brought against AGFA.

7. Despite numerous verbal, written, and Request for Production of Document Requests to the Defendants in this case, the Defendants have refused to make available for inspection or produce the severance payment records of employees of the former Agfa Division of Bayer, as indicated under P Ex 48, a letter from defense counsel to me .

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct.  Executed this 2nd day of February,  2007.

                                                               /s/ Stephen A. Roach  
                                                              Stephen A. Roach