UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH ATTARDI, et al. )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>BAYER CORPORATION and )<br>BAYER CORPORATION SEVERANCE )<br>PAY PLAN, )<br>    Defendants. )<br> ) | Civil Action No.: 04-10728 WGY |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF DISPUTED MATERIAL FACTS SUBMITTED IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants Bayer Corporation and Bayer Corporation Severance Plan (hereinafter, jointly referred to as "Bayer") submit this Local Rule 56.1 Statement of Disputed Material Facts in Opposition to Plaintiffs' Cross-Motion for Summary Judgment.

To comply with the Local Rule 56.1 directive that this statement be concise, Defendants incorporate herein by reference Defendants' Local Rule 56.1 Statement of Undisputed Material Facts submitted in support of Defendants' Motion for Summary Judgment ("Defendants' Statement of Undisputed Material Facts). In addition to the facts set forth in Defendants' Statement of Undisputed Material Facts, Defendants provide the following additional disputed facts with record citations.[1]

---

[1] "D.Ex" references are to the exhibits attached to Defendants' Statement of Undisputed Material Facts; "P.Ex" references are to Plaintiffs' Concise Statement of Disputed and Undisputed Material Facts Pursuant to Local Rule 56.1 in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Summary Judgment. "D.Opp. Ex." references are to the Affidavits of John F. Welsh and Mary Leonard attached hereto.

1.  Bayer reasonably concluded that Plaintiffs were not entitled to severance pay under the terms of the Severance Pay Plan and the SPD (D.Ex. A; D.Ex. B; D.Ex. G at 39-40, 48-49, 52-56, 78-79, 87-88; D.Ex. H at 42-46, 68, 76-78; D.Ex. J at 64-68, 98-100, 146-150, 183-184; D.Ex. Q at 54-60; D.Ex. W at 84-99; D.Ex. N at 92-93; D.Ex. 7 at 41, 44, 53-58).

2.  Bayer's managers made no representations of any nature to printed circuit board employees about the employee benefits EFTC would offer them. All information about ETC benefits provided to printed circuit board employees was provided by EFTC representatives. (D.Ex. K at 119-120, 143-144, 179, 182-183, 198-201, 328-329; D.Ex. N at 70-73, 164-165, 208; D.Opp.Ex. BB at ¶2)

3.  Bayer's goal in signing the Asset Purchase Agreement with EFTC was to secure ongoing employment for its printed circuit board employees at their Bayer salary rates. Bayer understood that printed circuit board employees would be paid much lower salaries by subsequent employers. Bayer's goal was not to avoid severance (D.Ex. K at 92-93, 97-99, 118, 331; D.Ex. H at 145)

4.  There was never any agreement between Bayer and EFTC to pressure employees to accept EFTC job offers or to mislead employees about EFTC employee benefits. (D.Ex. K at 124-125, 131-132, 143-144, 180-181; D.Ex. R at 223, 252; D.Ex. N at 70-71)

5.  Printed circuit board employees had ample basis to know and to understand, before accepting EFTC employment offers, that EFTC benefits were less generous than Bayer employee benefits. EFTC President advised them that unlike Bayer, EFTC did not have a pension plan. (D.Ex. V at 11-12, 29, 30-33, 164) EFTC held one

on one meetings with printed circuit board employees at which benefit pamphlets were passed out, and EFTC benefit enrollment forms were completed and signed. (D. Ex. L at 21, 27-38; D.Ex. M at 57-61, 73-75; D.Ex. O at 27-28, 33-38, 44, 47-48, 52; D.Ex. S at 99, 107-108, 116-124; D.Ex. T at 112; D.Ex. U at 7-10, 29-32). The fact that EFTC benefits were less generous than Bayer's benefits was also the topic of numerous discussions between printed circuit board employees prior to the sale. (D.Ex. H at 49-50, 76-79, 149-151, 167-171, 179-180; D.Ex. J at 55-57, 74, 78, 98, 102-105, 106, 154-156, 159-162, 170, 192-193)

6. No Plaintiff ever asked for a copy of the Severance Pay Plan or any other documents pertaining to the Severance Pay Plan. No Plaintiff sought to appeal Bayer's determination that he or she was not eligible for severance pay until Plaintiffs' counsel wrote a letter to the wrong company (Agfa Corporation), in 2002 seeking severance benefits. (D.Opp.Ex. BB at ¶3)

Respectfully submitted,

BAYER CORPORATION and
BAYER CORPORATION
SEVERANCE PAY PLAN,

By Their Counsel,

/s/ John F. Welsh_____
John F. Welsh, BBO # 522640
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street, 10th Floor
Boston, MA 02116
(617) 247-4100

Dated: February 13, 2007