## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

|  |  |
|---|---|
| **JOSEPH ATTARDI, et al.** | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | )   **Civil Action No.: 04-10728 WGY** |
|  | ) |
| **BAYER CORPORATION and** | ) |
| **BAYER CORPORATION SEVERANCE** | ) |
| **PAY PLAN,** | ) |
| **Defendants.** | ) |

———————————————————————

### AFFIDAVIT OF JOHN F. WELSH

I, John F. Welsh, Esq., do hereby state as follows:

1.      In 2004 I represented Agfa Corporation with respect to the instant matter until after the Amended Complaint was filed against Bayer; thereafter, I represented both companies.

2.      Before Judge Keeton in the initial scheduling conference in July 2004, and in communications with Plaintiffs Counsel, we repeatedly advised Plaintiffs' Counsel that Plaintiffs had named the wrong company and wrong severance pay plan in their suit, that the Plaintiffs had been employed by Bayer Corporation, and that his clients were covered, if at all, by the Bayer Corporation Severance Pay Plan in effect at the time of their transfer to EFTC.

3.      On behalf of Agfa Corporation and the Agfa Corporation Severance Pay Plan, I agreed with Plaintiffs' Counsel to toll the statutes of limitation only as applied to Agfa Corporation and the Agfa Corporation Pay Plan.  I never agreed to toll any statutes of limitation on behalf of Bayer Corporation or the Bayer Corporation Severance Pay

Plan. Indeed, at the time of tolling agreement, I had not yet been retained to represent Bayer or the Bayer Severance Pay Plan.

4.      The reason we agreed to toll the statute of limitations with respect to Agfa Corporation was to address the concerns of Plaintiffs' Counsel, who indicated that he was wary of our statements concerning the identity of Plaintiffs' employer. Plaintiffs' counsel expressed the fear that, if he dropped Agfa Corporation from the suit, he might later learn that Agfa Corporation was indeed the proper defendant but might be unable to add Agfa Corporation back into the suit as a defendant due to timeliness concerns.

5.      It is my understanding that Plaintiffs' Counsel attempted to get Bayer Corporation's Counsel (William Klemick) to agree to waive or toll the statute of limitation. Bayer's Counsel refused to do so (See Plaintiff Exhibit 47).

Signed and sworn to under penalties of perjury this 13th day of February, 2007.

/s/ John F. Welsh_____
John F. Welsh, Esq.