UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ATTARDI, et al. )<br>    Plaintiffs, )<br>)<br>v. ) Civil Action No.: 04-10728 WGY<br>)<br>BAYER CORPORATION and )<br>BAYER CORPORATION SEVERANCE )<br>PAY PLAN, )<br>    Defendants. )<br>) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants Bayer Corporation and the Bayer Corporation Severance Pay Plan (jointly, "Bayer") hereby state their Opposition to Plaintiff's Cross-Motion for Summary Judgment.

### I.  Plaintiffs' Cross-Motion Should Be Dismissed For Failure To Comply With Local Rule 56.1

Local Rule 56.1 provides as follows:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion. Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing

>parties unless controverted by the statement required to be served by opposing parties.

Plaintiffs' Cross-Motion is not accompanied by a Local Rule 56.1 Statement. Rather, Plaintiffs "rely" on their Opposition to Bayer's Summary Judgment Motion and "Plaintiffs' Local Rule 56.1 Statement of Disputed and Undisputed Material Facts in Opposition" to Bayer's Summary Judgment Motion.[1] Plaintiffs' tactic violates both the express terms and the underlying purpose of Local Rule 56.1, and Plaintiff's Cross-Motion for Summary Judgment must be dismissed for two related reasons.

First, Local Rule 56.1 is intended to guide the Court to undisputed material facts, and supporting record evidence, that supports their claim. It is not appropriate for a party to require the Court, and the opposing party, to ferret out those facts upon which the cross-motion rests. Plaintiffs provide no guidance concerning what facts they claim to be undisputed, or what theories of liability are being advanced. Rather than providing guidance and clarity, Plaintiffs' tactic creates confusion and uncertainty.

Second, Plaintiffs' tactic, if allowed, would circumvent the standard of review applicable to cross-motions for summary judgment by presenting facts in a light most favorable to themselves.

On a motion for summary judgment the Court must view the evidence in a light most favorable to the party opposing summary judgment, indulging all reasonable inferences in that parties' favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). When cross-motions for summary judgment are filed, the Court must determine each motion separately, drawing inferences against each movant in turn. Cochran v. Quest

---

[1] Plaintiffs also rely on a Declaration of Attorney Stephen Roach

2

Software, Inc. 328 F.3d 1, 6 (1st Cir. 2003), Blackie v. Maine, 75 F.3d 716, 721 (1st Cir. 1996).

Plaintiffs intentionally fail to separate the "disputed" facts set forth in Opposition to Defendants' Summary Judgment Motion from the "undisputed" facts on which their Cross-Motion purports to rest. By seeking to have this Court rule on its Cross-Motion based on undifferentiated "Disputed and Undisputed Facts" -- without any indication whatsoever as to what facts purportedly are undisputed for cross-motion purposes -- Plaintiffs essentially seek to have this Court resolve factual disputes in Plaintiffs' favor on their own Cross-Motion for Summary Judgment. Local Rule 56.1 was intended, in part, to prevent this result.

**II.    Plaintiffs' Claims For Severance Benefits and ERISA Fiduciary Breach Are Premised On Disputed Evidence**

Perhaps the reason Plaintiffs did not comply with Local Rule 56.1 when filing their Cross-Motion for Summary Judgment was their unavoidable realization that their cross-motion rests, principally, on highly disputed facts. If all facts and reasonable inferences therefrom are construed in Bayer's favor, the evidence would show:

(1) that Bayer fairly determined that Plaintiffs were not entitled to severance pay according to Section 3.06(8) of the Severance Pay Plan and the terms of the Summary Plan Description; (See enumerated paragraph 1 of Defendants' Local Rule 56.1 Statement of Disputed Facts ("Defendants' Statement of Disputed Facts"))

(2) that Bayer fairly and responsibly answered employee questions about severance eligibility; (See Defendants Statement of Disputed Facts at ¶¶ 1, 2, and D.Opp.Ex. BB at ¶¶ 3,4, and 5)

(3) that no Plaintiff made any oral or written claim for severance pay under the plan despite having possession of the SPD; (See D.Opp.Ex. BB at ¶ 3)

(4) that each Plaintiff was fully aware, or had ample reason to know, that EFTC benefits were different, and less generous than Bayer's benefits prior to their acceptance of EFTC job offers; (See Defendants' Statement of Disputed Facts at ¶ 5)

(5) that no Bayer representative or agent made any misrepresentations to printed circuit board employees (See D.Opp.Ex. BB at 1, 3), and;

(6) that no valid excuses exist for Plaintiffs' failure to exhaust administrative remedies or for filing the instant Court claim on a timely basis (See D.Opp.Ex. AA).

Accordingly, for the reasons stated above and based on Defendants' Local Rule 56.1 Statement of Disputed Material Facts submitted in Opposition to Plaintiffs' Cross-Motion for Summary Judgment, Defendants respectfully submit that Plaintiffs' Cross-Motion for Summary Judgment be dismissed.

          Respectfully submitted,

          BAYER CORPORATION and
          BAYER CORPORATION
          SEVERANCE PAY PLAN,

          By Their Counsel,

          /s/ John F. Welsh_____
          John F. Welsh, BBO # 522640
          Bello Black & Welsh LLP
          One Exeter Plaza
          699 Boylston Street, 10th Floor
          Boston, MA 02116
          (617) 247-4100

Dated: February 13, 2007