UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH ATTARDI, et al.<br>　　Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and<br>BAYER CORPORATION SEVERANCE<br>PAY PLAN,<br>　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 04-10728 WGY<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION MEMORANDUM AND TO STRIKE PORTIONS OF PLAINTIFFS' CONCISE STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS

Defendants Bayer Corporation and Bayer Corporation Severance Pay Plan (hereinafter jointly referred to as "Bayer") move that this Court strike portions of Plaintiffs' Opposition Memorandum to Defendants' Summary Judgment Motion ("Plaintiffs' Opposition Memorandum") and Plaintiffs' Concise Statement of Disputed and Undisputed Material Facts pursuant to Local Rule 56.1 in Opposition to Defendants' Motion for Summary Judgment and in support of Plaintiffs' Cross-Motion for Summary Judgment ("Plaintiffs' Statement of Disputed and Undisputed Facts"), both submitted in opposition to Defendants' Summary Judgment Motion and in support of Plaintiffs' Cross-Motion for Summary Judgment.[1]

As set forth in more detail below, Plaintiffs have failed to comply with the requirements of Fed.R.Civ.P. 56. In many instances, Plaintiffs have failed to provide any

---

[1] "P.Opp." references are to Plaintiffs' Opposition Memorandum; "P.Statement" references are to Plaintiffs' Concise Statement of Disputed and Undisputed Material Facts; "P.Ex." references are to exhibits appended to Plaintiffs' Concise Statement; "D.Ex." references are to exhibits appended to Defendants' Statement of Undisputed Material Facts.

1

evidence to support their contentions, have cited to record evidence that fail to support their factual representations, or have relied on statements that are not based on personal knowledge. Specifically, Bayer moves to strike those matters set forth below.

    1.    Bayer moves to strike Plaintiffs' assertion (P. Statement at ¶ 12) that the Bayer Severance Pay Plan was a vested benefit. Plaintiffs fail to cite any specific evidence to support this assertion, and both the Severance Pay Plan (D.Ex. A at 2, Section 4.11) and the SPD (D.Ex. B at Sev. 11) contain specific express terms that establish that the Bayer Corporation Severance Pay Plan was an unvested welfare benefit plan. See also Campbell v. Bank Boston, N.A., 327 F. 3d 1, 7 (1st Cir. 2003).

    2.    Bayer moves to strike Plaintiffs' assertion (P. Statement at ¶¶ 16, 24; P.Opp at 1) that the SPD did not contain any reference to the Bayer Severance Pay Plan, or that it did not explain to employees how to obtain copies of formal plan documents both from Bayer and the U.S. Government. The SPD specifically and expressly provides the name of the Bayer Severance Plan (D.Ex. B at Adm. 3) and express information on how to obtain a copy of it and other formal plan documents from Bayer and from the U.S. Government. (D.Ex. B at Adm. 1-4).

    3.    Bayer moves to strike Plaintiffs' repeated assertions (P. Statement at ¶¶ 25, 26, 28-29, 32, 33, 49; P. Opp. At 2) that all of the Plaintiffs made repeated claims for severance benefits in 1998. No record citations are provided by Plaintiffs to support this assertion, and no evidence exists to support this claim other than conclusory interrogatory answers signed by three Plaintiffs (Skene, Fiorilla and Guilmette) who lack any personal knowledge on this issue. Specifically, Mr. Fiorilla admits that he "doesn't remember" making any severance claims (D. Ex. 22, 56), that at group meetings other employees

only inquired about severance eligibility (D.Ex. T at 30-32, 47-48), and that he lacks specific knowledge about fellow employees other than that they asked about eligibility (D.Ex. T at 119-120). Mr. Guilmette merely confirmed that employees asked if they were eligible for severance at the group meeting and that his only conversation with Bayer management was an inquiry about why he was not eligible for severance. (D.Ex. U at 20-23, 25, 37-41, 64-74). Ms. Skene admits she did not attend group meetings (D. Ex. S at 20) and that she believed Company officials when they told her she was not eligible for severance (D. Ex. S at 19-20, 29-31, 36-37, 40). Plaintiffs Paradis and Ornellas voiced questions about severance eligibility (D.Ex. P at 16, 23, 43; D. Ex. O at 19-20, 24, 26, 57). Plaintiff Lascelles recalls eligibility questions being asked at group meetings by Mr. Fiorilla (who does not recall asking questions at group meetings (D. Ex. T at 47-48)) and Ms. Skene (who admits that she did not attend group meetings (D. Ex. S at 20)).

    4.    Bayer moves to strike Plaintiffs' representations (P. Statement at ¶ 19) that the sale of the printed circuit board shop involved contractual provisions "for below market prices" for printed circuit boards. No record citation is supplied by Plaintiffs for this factual representation. In fact, the sale provided for "above market prices," as a result of, and to pay for, EFTC's agreement to offer employment to current employees at their current wage rates (which also were above market). (D.Ex. K at 93, 184-185; D.Ex. N at 234-235; P. Ex. 7 at 114-115).

    5.    Bayer moves to strike Plaintiffs' claim (P. Statement at ¶ 32) that Bayer's outside lawyer was not sure whether severance was due. Plaintiffs fail to cite any record testimony to support this assertion, and, during her deposition, the attorney herself

3

(Kimberly Collins, Esq.) identified her 1998 notes, which memorialize her 1998 conclusion that no severance was due (D.Ex. Q at 54-57, 59-60; D.Ex. K at 135).

6.   Bayer moves to strike Plaintiffs' claim (P. Statement at ¶ 33) that Bayer admits that the Plaintiffs made a verbal claim for severance pay and that Bayer, through Mr. Ramsden, denied severance.  The deposition testimony cited by Plaintiffs (P.Ex 1 at 129-130, 132) actually provides as follows:

> **Q**   In the circumstances of this case as you understand it from depositions transcripts and everything you've read and your Answers to Interrogatories that you've signed, your understanding is that the plaintiffs verbally asked for severance, correct?
>
> **A**   They asked whether they were eligible for severance based on my understanding of what I read.
>
> **Q.**   And verbally they were told by people at Bayer that, no, they're not entitled to severance, correct?
>
> **A.**   That's correct, based on my understanding.

This testimony does not support Plaintiffs' assertion but rather establishes information provided to employees in response to a severance eligibility question.

7.   Defendants move to strike Plaintiffs' assertion (P. Statement at ¶ 34) that Bayer Human Resources Representative Mary Leonard "does recall being asked by Plaintiffs for severance…"   Again, the transcript testimony cited by Plaintiffs (P.Ex. 4 at 54-57) fails to support the assertion.  Defendants further move to strike Plaintiffs' assertion (P. Statement at ¶¶ 34, 36) that Ms. Leonard never showed Plaintiffs SPD language that disqualified them from severance, or showed them only "bullet point 8." Ms. Leonard's testimony (P.Ex 4 at 58-61) rebuts this assertion.

4

8. Defendants move to strike Plaintiffs' assertion (P. Statement at ¶ 57) that all employees who volunteered for layoffs were accepted. The sole record evidence that purportedly supports this assertion — printed circuit board employee Jeane Skene's assertion that "everybody who volunteered got severance" — is not based on personal knowledge and pertains only to those people with whom she was acquainted. As a manufacturing employee Ms. Skene was not involved in planning or implementing reductions-in-force. As a result, she would have no personal knowledge as to how voluntary layoffs occurred or whether all individuals who indicated a willingness to be laid off were selected. Furthermore, Plaintiffs themselves admit (P. Statement at 51) that not all volunteers were selected for layoff.

9. Defendants move to strike Plaintiffs' claim (P. State. at ¶ 36) that Ms. Leonard recalls no discussion with Mr. Willis about severance eligibility. Again, the record evidence Plaintiffs cite (P.Ex. 4 at 189) fails to support their factual representation. In fact, at P.Ex. 4 at 184, Ms. Leonard expressly stated that she did confer with Mr. Willis.

10. Defendants move to strike Plaintiffs' unsupported claim (P. Statement at 14, last line) that Bayer Corporation knew of Plaintiffs' claims in 2002. No evidence whatsoever has been provided to support this claim.

11. Defendants move to strike Plaintiffs' suggestion (P. Statement at ¶¶ 48, 49; P. Opp. at 8-9), through deceptive use of the terms "Bayer counsel," to suggest that Defendants knew or that Defendants entered into a statue of limitation tolling agreement. As noted in the Affidavit of Attorney John F. Welsh, (attached to Defendants' Local 56.1 Statement of Disputed Facts as D.Opp.Ex. AA). Mr. Welsh and Mr. McCarthy only

5

represented Agfa Corporation prior to Plaintiffs' filing of an Amended Complaint in September 2004. Thereafter, Mr. Welsh was hired by Defendants Bayer Corporation and The Bayer Severance Pay Plan. The Plaintiffs' suggestion that Mr. Welsh's agreement on behalf of Agfa Corporation prior to his representation of Bayer some how was binding on Bayer is false and misleading.

12. Defendants move to strike paragraph 77 of Plaintiffs' Statement of Disputed and Undisputed Facts that the sixty-three (63) Plaintiffs selected Ms. Skene, Mr. Fiorilla and Mr. Guilmette to make representations and decisions on their behalf. Plaintiffs counsel directed Mr. Guilmette not to answer deposition questions concerning communications with other plaintiffs and on the existence of any joint defense agreement. Defense counsel specifically refused to provide the alleged agreement authorizing the three to act on other Plaintiffs' behalf. (D. Ex. U at 66-70; D. Ex. S at 62-79).

13. Defendants move to strike Plaintiffs' Exhibit 2, which is entitled Plaintiffs' Answers to Interrogatories, and all citations to it in either Plaintiffs' Opposition Memorandum and Plaintiffs' Statement of Disputed and Undisputed Facts. The Answers are signed by only three Plaintiffs, Jeane Skene, Burt Guillimette and Vincent Fiorilla. None of the other Plaintiffs signed these Answers and there is no evidence that any of the sixty (60) other Plaintiffs ever reviewed the Answers. There is no showing that Ms. Skene, Mr. Fiorilla or Mr.Guillimette has personal knowledge to support their broad, conclusionary representations concerning statements of other employees.

14.     Defendants move to strike Plaintiffs' Exhibit 3, Plaintiffs' Supplemental Answers to Interrogatories.  The Supplemental Answers are only signed by three Plaintiffs, Jeane Skene, Burt Guillimette and Vincent Fiorilla.  None of the other Plaintiffs signed these Supplemental Answers and there is no evidence that any of the sixty (60) other Plaintiffs ever reviewed the Supplemental Answers. There is no showing that Ms. Skene, Mr. Fiorilla or Mr.Guillimette has personal knowledge concerning representations or statements concerning other employees.

15.     Defendants move to strike Plaintiffs' denial (P.State. at ¶ 38) that an administrative committee "even exist[ed]" to review severance pay denials of claims made.  No evidence is cited that would support such a denial.  The administrative committee was expressly referenced to both in the SPD and Severance Plan (D.Ex A at 1.01; D.Ex. B at Adm. 1), was subject of extensive testimony (D.Ex. 6 at 70, 17, 18, 3-188, 193; P. Ex. 13 at 142-145, 149-152, 155-157), and has even been referenced by the First Circuit.  See <u>Terry v. Bayer</u>, 145 F. 3d 28, 33 (1st Cir. 1998).

**Local Rule 7.1(a)(2) Certification**

On February 13, 2007, I called the office of Plaintiffs' Counsel pursuant to Local Rule 7.1(a)(2).  As I was aware, Plaintiffs' Counsel was in Hawaii on vacation.  His partner, Mr. Wise, indicated that he was not involved in the case and thus not in a position to confer in an effort to narrow the issues subject to this Motion.  Plaintiffs' counsel is scheduled to return to Boston on or about February 19, 2007.  Accordingly,

7

Plaintiffs' counsel will not be available to confer prior to the Court's February 15, 2007 submission deadline for Defendants' Reply.

                                                Respectfully submitted,

                                                BAYER CORPORATION and
                                                BAYER CORPORATION
                                                SEVERANCE PAY PLAN,

                                                By Their Counsel,

                                                /s/ John F. Welsh_____
                                                John F. Welsh, BBO # 522640
                                                Bello Black & Welsh LLP
                                                One Exeter Plaza
                                                699 Boylston Street, 10th Floor
                                                Boston, MA 02116

Dated: February 13, 2007                  (617) 247-4100