UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ATTARDI, et al. )<br>    Plaintiffs, )<br>v. )<br> )<br>BAYER CORPORATION and )<br>BAYER CORPORATION SEVERANCE )<br>PAY PLAN, )<br>    Defendants. )<br> ) | Civil Action No.: 04-10728 WGY |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION MEMORANDUM TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### LEAVE TO FILE GRANTED ON FEBRUARY 14, 2007

Defendants hereby submit their Reply to Plaintiffs' Opposition Memorandum to Defendants' Motion for Summary Judgment.

**I.**   Only seven (7) of sixty-three (63) Plaintiffs have submitted any sworn testimony in response to Defendants' Summary Judgment Motion.[1]  The remaining fifty-seven (57) Plaintiffs have failed to provide any facts, based on personal knowledge, suggesting that they made claims for severance benefits, that they were mislead into accepting EFTC employment, that they requested a copy of the Severance Pay Plan or that otherwise support any of the broad conclusory allegations raised in Plaintiffs' Opposition.  As to these fifty-seven Plaintiffs, summary judgment should be granted.  Rodowicz v. Massachusetts Mut. Life Ins. Co., 192 F.3d. 162, 177-178 (1st Cir. 1999).

**II.**   There is not merit to Plaintiffs' claim that Bayer's failure to distribute its Severance Pay Plan to employees violates ERISA or constitutes fraud.  ERISA only requires that a summary plan description (SPD) be distributed to employees, and here it is undisputed that all Plaintiffs had been given an SPD describing Bayer's severance pay plan.  See 29 U.S.C. § 1024(b)(1).  ERISA

---

[1] Plaintiffs submitting depositions testimony are J. Skene, V. Fiorilla, B. Guilmette, T. Ornelas, R. Brown, E. Lasalles and J. Paradis.

does not require employers to provide ERISA plans unless an employee makes a *written* request. See 29 U.S.C. § 1024(b)(4). See also Gassner v. Int'l Bus. Machines, Corp., 2004 U.S. Dist. LEXIS 18069 at *30-*31 (N.D. Ill. Sept. 9, 2004); Graham v. Pactiv Corp. Benefits Committee, 301 F.Supp. 2d 483, 497 (E.D. Va. 2004). Although the SPD contains express instructions on how to obtain formal plan documents (D.Ex. B at Adm. 1-4), no Plaintiff ever requested a copy of the Severance Pay Plan. There is no evidence that Bayer sought to conceal the Severance Pay Plan. Accordingly, Plaintiffs' attempt to graft onto ERISA a requirement that ERISA plans be distributed to employees without any request for such documents must be rejected.

**III.**    No Plaintiff has demonstrated any detrimental reliance on any conflicting eligibility language of the SPD or on the SPD's alleged failure to properly set forth the procedure for making initial claims for benefits. Indeed, although all Bayer employees were provided copies of the SPD, only one Plaintiff (Skene) claims to have even read the SPD. Further, Plaintiffs have presented no evidence that they would have filed timely claims for benefits had they known the procedure for doing so. Accordingly, in the absence of any showing of detrimental reliance, Plaintiffs' claims concerning the SPD must be rejected. See, e.g., Fenton v. John Hancock Mut. Life Ins. Co., 400 F. 3d 83, 88 (1st Cir. 2005); Mauser v. Raytheon Co. Pen. Plan, 239 F.3d 51, 55 (1st Cir. 2001); Joyce v. John Hancock Financial Serv. Co, 2006 U.S. Dist. LEXIS 84799 (D. Mass. 2006). Similarly, there is no showing that Plaintiffs were prejudiced by not having copies of the Severance Pay Plan; the terms of the Severance Pay Plan are fully consistent with those of the SPD. See Bachelder v. Communications Satellite Corp., 837 F.2d 519, 523 (1st Cir. 1998); Govoni v. Bricklayers Masons and Plasterers, 732 F. 2d 250, 252, 253 (1st Cir. 1984).

**IV.**    Plaintiffs' claim that the Severance Pay Plan should be construed against the drafter contradicts clear First Circuit precedent. See Mauser v. Raytheon Co. Pen. Plan, 46 F.Supp.2d 98, 100 (D. Mass. 1999), aff'd 239 F. 3d 51 (1st Cir. 2001) ("The First Circuit has held that construing

ambiguous terms against their drafter, known as the doctrine of 'contra proferentem,' generally does not apply in ERISA disputes.") (citing <u>Rodriguez-Abreu v. Chase Manhattan Bank, N.A.</u>, 986 F.2d 580, 586 (1st Cir. 1993) and <u>Allen v. Adage, Inc.</u>, 967 F.2d 695, 701 (1st Cir. 1992)).

**V.** Plaintiffs' contention that they were not required to exhaust administrative remedies because Defendants did not deny their "claims" in writing lacks merit. An employer is required to issue a written notice of denial only after an employee makes an actual claim for benefits under the relevant Plan. <u>See</u> <u>Madera v. Marsh,</u> 426 F.3d 56, 62 (1st Cir. 2003). Here, there is no evidence that any Plaintiff made a written or verbal claim for benefits under the Severance Pay Plan. An employee's request for information or for an explanation of benefit eligibility is not a claim. <u>See</u> <u>id.</u> at 62.[2] As a result, Plaintiffs' failure to exhaust administrative remedies bars their claims.

**VI.** Plaintiffs' claim (P. Mem. at 10-11) that their fiduciary duty and fraud allegations are not time barred because they are comprised of acts "in addition" to misrepresentations about EFTC's benefits is wide of the mark; each additional factor Plaintiffs cite also occurred prior to September 1, 1998.

**VII.** Plaintiffs incorrectly claim that they are not subject to the usual statute of limitations for ERISA fiduciary claims because Defendants engaged in "fraud or concealment" (P. Mem. at 10-11). The "fraud or concealment" exception to 29 U.S.C. § 1113 applies only where Plaintiffs demonstrate that "(1) [D]efendants engaged in a course of conduct designed to conceal evidence of their alleged wrong-doing and that (2) [Plaintiffs] were not on actual or constructive notice of that evidence, despite (3) their exercise of reasonable diligence." <u>J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.</u>, 76 F.3d 1245, 1255 (1st Cir. 1996) (citation omitted). Here, Plaintiffs were not reasonably diligent; only one Plaintiff read the SPD and none requested a

---

[2] <u>See also</u> 29 C.F.R. 2560.503-1(d) (defining the term "claim" to mean "a request for a *plan benefit* by a participant or beneficiary") (emphasis supplied).

copy of the Severance Pay Plan.[3]  Moreover, Plaintiffs had ample reason to know, prior to September 1, 1998, that EFTC benefits were less than Bayer's.  Plaintiffs also cannot establish that Defendants concealed anything; to the contrary, they provided Plaintiffs with all information required by ERISA.  Consequently, Plaintiffs' ERISA fiduciary duty claims are time-barred.

**VIII.**  Plaintiffs' suggestion that Bayer agreed to toll statute of limitations is flatly contradicted by undisputable record evidence that only Agfa Corporation, and not Bayer, had such an agreement (See Affidavit of J. Welsh, Esq. dated February 9, 2007).

**IX.**  Lastly, Plaintiffs' assertion that they made benefit claims for severance benefits prior to September 1, 1998 (P. Opp. At 2) simply cannot be reconciled with Plaintiffs' contradictory claim that they were not aware that they had any claims until 2002. (P. Opp. At 10-11).  Pleading alternative legal theories is allowed; alleging contradictory facts is not.

Respectfully submitted,

BAYER CORPORATION and BAYER
CORPORATION SEVERANCE PAY PLAN,

By Their Counsel,

/s/ John F. Welsh_____
John F. Welsh, BBO # 522640
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street, 10th Floor
Boston, MA 02116
(617) 247-4100

Dated: February 15, 2007

---

[3] See J. Geils Band, 76 F.3d at 1256 (refusing to apply "fraud or concealment" exception because plaintiffs would have learned that oral statements were misleading had they read investment prospectuses provided to them).

4