UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JOSEPH ATTARDI, ET ALS,                              \*
Plaintiffs,                                                       \*
v.                                                                     \*
BAYER CORPORATION and                              \*
BAYER CORPORATION SEVERANCE PAY PLAN, \*
Defendants.                                                       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION MEMORANDUM TO DEFENDANTS' SUMMARY JUDGMENT MOTION - LEAVE TO FILE GRANTED ON FEB. 21, 2007**

In partial support of this Sur-Reply, the Plaintiffs rely on the Second Declaration of Stephen A. Roach dated February 22, 2007 with Respect to Motion for Summary Judgment and on the Declarations of Bertrand Guilmette and Jeanne Skene dated February 22, 2007.

1. All Plaintiffs' claims are before the Court.

For the first time, in a Reply, the Defendants raise an issue not asserted in their original Summary Judgment Motion or in this case. Defendants now state that not all 63 Plaintiffs have provided facts based on personal knowledge as to their claims. First, the Plaintiffs object to such an additional ground being added in a Reply as part of their initial Summary Judgment Motion. It was neither raised as an issue nor argued in the Defendants' Memorandum. This issue was not raised or discussed in the Defendants' Local Rule 7.1 Conference with the Plaintiffs' attorney before the Defendants' Summary Judgment Motion was filed. **2d Roach Decl. ¶4.** Second, the Defendants filed their Reply last week while the Plaintiffs' attorney was on vacation, as the Defendants' counsel knew, and had just returned to work for part of the holiday day of February

1

19, 2007 to see the Reply.[1]  **2d Roach Decl. ¶4.** The Plaintiffs have now been granted one day by the Court to respond.  This issue is not before properly before the Court and has been waived by the Defendants even if it were a legitimate contention.

Third, the Plaintiffs' Answers to Interrogatories and Supplemental Answers to Interrogatories were signed by their three chosen authorized Plaintiff representatives, Jeanne Skene ("Skene"), Bertrand Guilmette ("Guilmette") and Vincent Fiorilla ("Fiorilla"), who as a committee also spoke for all Plaintiffs at their depositions. They were signed in their individual and representative capacities and were duly so authorized. **P. Ex. 2 at 17; P. Ex. 3 at 10.**  At group meetings of all the Plaintiffs, the representatives were given express authority to respond to all discovery on behalf of them all and would bind them all.  **Guilmette Decl. ¶2; Skene Decl. ¶2; 2d Roach Decl. ¶2.** [2] Moreover, before the case was even filed <u>each</u> Plaintiff signed and returned to Plaintiffs' counsel an authorization for their committee of three representatives. **2d Roach Decl. ¶2 & Ex. 6.**  Due to the large number of people living throughout the country it made sense to proceed in this fashion so long as the Defendants so agreed. **2d Roach Decl. ¶3 & Joint Pre-Trial Statement, at 17-21.**

---

[1] In that regard, Defendants' counsel called for Plaintiffs' counsel, Attorney Roach, while Roach was on vacation, was advised by Roach's partner that Roach was the only attorney in the firm handling the matter and was on vacation but, after Roach spoke to his partner, told Defendants' counsel that Roach had no objection to the Defendants filing a Reply. But Roach did not speak to Defendants' attorney as he was on vacation, did not discuss any issues about the contents of the Reply, assumed it was only about the issues already raised, and he was not told differently. **2d Roach Decl. ¶4 & Ex. 5.**  When Defendants' counsel called, he already knew Roach was on vacation as Roach had told him in July 2006 and later, including filings in Court (See Plaintiffs' Assented to Motion to Extend Time to Oppose Summary Judgment Motion), of his planned vacation.  **Id.**

[2] Given the short response time, a Declaration from Fiorilla could not be obtained but he did confirm his representative capacity in his deposition. **D Ex T at 69.**

<u>Fourth</u>, the Defendants, through their counsel, agreed at the outset of this case to accept the statements of the Plaintiffs' representatives as binding on all Plaintiffs both in deposition and in Interrogatory Answers. **2d Roach Decl. ¶3.** Accordingly, the Defendants accepted the representatives' statements as binding on all Plaintiffs. For example, in seeking supplementation to the Plaintiffs' initial Answers to Interrogatories, the Defendants' counsel e-mailed Plaintiffs' counsel in December 2005 seeking supplementation of the initial Answers. The e-mail was a follow-up to a conversation where the Plaintiffs' attorney advised Defendants' counsel of his intended meeting with the representative committee to discuss supplementation. Defendants' counsel stated "I am writing following my review of <u>Plaintiffs</u>' Interrogatory answers. I am doing it via email so that you can review my comments with your <u>committee</u> this Thursday." (Emphasis added). He added "Stephen, the reason I submitted the Interrogatories was to avoid having to depose 63 plaintiffs in order to get a clear record as to what was said about their claim for severance benefits. Absent supplementation, I likely will depose all Plaintiffs in January [2006]." **2d Roach Decl. ¶3, Ex. 1.** Supplemental Answers to Interrogatories were then provided addressing the issues raised.[3] **2d Roach Decl. ¶3; P. Ex. 3.** By agreement with the Defendants' counsel, the Plaintiffs provided Supplementary Answers to Interrogatories for this very reason, i.e. that the Defendants' had the clear position of all Plaintiffs, not just their three representatives, and to avoid the need to depose all 63 Plaintiffs. **Id.** In a discussion on the record at Skene's deposition, Defendants' attorney acknowledged the existence of the three

---

[3]Category No. 5 of the e-mail was not addressed because the Plaintiffs agreed to waive any claim for emotional distress and the Defendants' counsel accepted Skene's confirmation of such on behalf of all Plaintiffs at her deposition. **D. Ex. S at 198-199.**

representatives and that Skene was answering for herself individually <u>and</u> for all Plaintiffs. **D. Ex. S at 69-70.**

Other e-mails between the counsel confirm the understanding.  **2d Roach Decl. ¶3 & Ex**. **2.**  One handwritten message exchange in November 2005 shows that the Defendants' counsel left a voice mail (shown as "(VM)" in the note) stating that the Defendants' attorney "May/may not need [Plaintiff depositions] - depends on ans to dis" (meaning the answer to interrogatories or deposition testimony). The voice mail response was that Plaintiffs' counsel "told him that ...[working] on ans. to ints- 3 reps to sign ok", meaning the three Plaintiffs representatives, Skene, Guilmette, and Fiorilla, would sign answers to interrogatories for all Plaintiffs; the Defendants' accepted them with that understanding. **2d Roach Decl. ¶2 & Ex**. **3.**

<u>Fifth,</u> before those Supplemental Answers were provided, Plaintiff representative Skene, as she had before the initial Answers to Interrogatories were signed, contacted all the Plaintiffs with questionnaires and made contact by telephone and in person, in group meetings or otherwise.  **Skene Decl. ¶2.** Skene even revealed to Defendants' counsel in deposition that she had done so and received the answers from the Plaintiffs. **D. Ex. S at 65-66.** [4]  Also, the Plaintiffs repeatedly all made themselves available for deposition but the Defendants chose to depose seven of them, the three representatives plus four others.  **D. Exs. L, M, O, P, S, T, U; 2d Roach Decl. ¶2; Skene Decl. ¶2; Guilmette Decl. ¶2.** After the Supplemental Answers to Interrogatories were furnished, Plaintiffs' counsel offered Skene for a deposition for another day as well as any other Plaintiff if the Defendants believed the Supplementary Answers were

---

[4]Without looking at her notes Skene gave the name of a number of Plaintiffs who had individual meetings with Bayer to seek severance, and there were others. **D. Ex. S at 200-202.**

insufficient. **Roach Decl. ¶3**. Defendants served one set of Interrogatories for all Plaintiffs, and it was signed by all the representatives after they conferred with the other Plaintiffs and their counsel in line with the agreement to facilitate that process and avoid multiple depositions. **D. Ex. 69-72; P. Ex. 2 at 17; P. Ex. 3 at 10.** Even so, as the Plaintiffs' attorney continually advised Defendants' counsel, the Plaintiffs all would make themselves available for deposition and would assent to a motion from the Court to depose more than the number allowed under Local Rule 26.1(c). **2d Roach Decl. ¶¶3&4 & Ex. 4**. All the Plaintiffs' claims are identical. Skene was the Plaintiff who read the SPD both in 1998 and later in 2001 and then in 2001 she was the one who met with and organized <u>all</u> the Plaintiffs, as she advised the Defendants' attorney in deposition, to seek legal advice as to a possible claim against Bayer. **D. Ex. S at 12-22, 30-34.**

Sixth, it was the stated concern of Defendants' counsel that he wanted "no surprises" arising out of the agreement between the parties as to the three committee representatives. Plaintiffs' counsel repeatedly advised Defendants' attorney that as to any facts on misrepresentations or admissions Bayer managers may have personally made in private conversations not already provided in discovery, in furtherance of the agreement between the parties in this regard, the Plaintiffs would stand by the record already developed in discovery. In this way, there was no need to depose all 63 Plaintiffs, beyond the seven already deposed and the other discovery the Defendants obtained from or provided to the Plaintiffs. **2d Roach Decl. ¶4.** In deposition, the Plaintiffs gave the names of all those who had individual meetings with Bayer managers over the issues in this case. <u>See, eg.,</u> **D Ex. U at 54-55; D Ex. S at 200-202.**[5]

---

[5]Given the time constraints of this Sur-Reply, not all citations are included.

Seventh, by the admissions of the Defendants alone, on file with the Court and otherwise, and other facts submitted with the Summary Judgment Motions, the Plaintiffs can prove their case, either at trial or by their Cross-Motion for Summary Judgment.  For example, the Defendants admit that as to all Plaintiffs that the Defendants advised them that the Plaintiffs had two choices, a new job with EFTC without severance or be terminated with no severance. **2d Roach Decl. ¶6 & Ex. 7 at 5 (Admission No. 16).**  The Defendants admit, through their Human Resources Director, Rodney Willis, that all Plaintiffs, in "multiple meetings on multiple levels with Dick [Ramsden] or Mary [Leonard], general meetings in the cafeteria" asked for severance and were always denied. **P Ex 15 at 29, 150-152, 168-172.**  All Plaintiffs were told they had a choice of taking a job with EFTC or not, but in either case no severance would be given.  **P Ex 15 at 1248-150.**   Bayer stated but for the exceptions of the SPD and Bayer Plan all Plaintiffs otherwise qualified for severance in that their positions were eliminated, the Board Shop was discontinued, they were involuntarily terminated, and their business unit was sold due to declining business and the need to invest about $300,000 for new equipment.  **(P Ex. 1 at 92-93, 228 (Marr Dep); P Ex 15 at 200-201 (Willis Dep.)**; **P Ex 6 at 262, 277-78 (Ramsden Dep); P Ex 35.** [6] This case is about the Plaintiffs' claim for benefits under the terms of the SPD and/or Bayer Plan.  The mere fact of filing a suit constitutes a demand. Fratus v. Republic Western Insurance Co., 147 F.3d 25, 30 n.6 (1st Cir. 1998).  All Plaintiffs, as Bayer largely admits, were not informed in writing of the denial, and were not informed verbally or in writing of their right to appeal, which is not clear in the SPD.  **P Ex 3 at 6-7;P Ex 1 at 104-105, 132, 188 (Marr Dep).** Bayer admits because there was no written denial the Plaintiffs had no obligation to

---

[6] Given short notice to file this Sur-Reply, all such record facts have been cited.

administratively appeal. **P Ex 1 at 188 (Marr Dep).** Bayer admits as to <u>all</u> Plaintiffs there was no claim form or any information on how to "file" a claim for severance, under either the Bayer Plan or the SPD. **P Ex 13 at 128-129, 130 (Beesley Dep) & P Exs 18 at 10 & 19.** There are many other examples as to admissions by Bayer witnesses that establish the case for <u>all</u> Plaintiffs. At trial, as stated in the Joint Pre-Trial Memorandum, Plaintiffs' counsel will call some Bayer managers as witnesses and read Bayer deposition statements into the record.

PLAINTIFFS,
By their attorney,


 /s/Stephen A. Roach
Stephen A. Roach, BBO No. 542138
ROACH & WISE, LLP
50 Congress Street, Suite 400
Boston, MA 02109-4061
(617) 723-2800


CERTIFICATE OF SERVICE

I, Stephen A. Roach, Attorney for Plaintiffs, hereby certify that on Feb. 22, 2007, I served Defendants with the within document and the Declarations referenced herein by causing copies of the same to be e-served mailed to their counsel of record.

s/Stephen A. Roach<br>Stephen A. Roach