UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH ATTARDI, ET ALS,                       *
Plaintiffs,                                   *
v.                                            *
BAYER CORPORATION and                         *
BAYER CORPORATION SEVERANCE PAY PLAN, *
Defendants.                                   *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECLARATION OF BERTRAND GUILMETTE**

I, Bertrand Guilmette, hereby declare as follows:

1.    I am a Plaintiff in this case.  As such,  I have personal knowledge of the matters set forth

in this Declaration.

2.    I submit this Declaration in support of Plaintiffs' opposition to Defendants' Summary

Judgment Motion and as partial support for Plaintiffs' Sur-Reply.  Before this lawsuit

was filed,  the 63 Plaintiffs chose three of their group me, Vincent Fiorilla ("Fiorilla")

and Jeanne Skene ("Skene") to make binding representations, statements and decisions

on their behalf in the case.   Skene originally organized all the Plaintiffs to retain an

attorney, eventually Attorney Stephen A. Roach, to review the matter for us and, if

needed, to potentially represent us in a claim against the Defendants.  At a pre-lawsuit

meeting all the Plaintiffs unanimously voted to agree to have me, Skene and Fiorilla

speak for all of them as their authorized representatives. In those meetings, as well as

through follow-up questionnaires, e-mails and individual telephone  contact, I helped to

gather information from all Plaintiffs, in concert with Attorney Roach and Skene to

respond to the Defendants' discovery requests.  Before the case was filed each Plaintiff

signed and returned to our counsel an authorization for their committee of three representatives. Along with Skene, I remained in continual contact with the Plaintiffs to gather information needed to respond to the Defendants' discovery requests and advised them, along with Attorney Roach, of their need to be available for depositions if needed.

3.      In 1998, Bayer managers, including Richard Ramsden, told us all (except Skene who was absent) in a group meeting that the Plaintiffs were not entitled to severance. At that time, we accepted the word of our Bayer managers.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct. Executed this 22d day of February 2007.

 /s/ Bertrand Guilmette

Bertrand Guilmette