UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JOSEPH ATTARDI, ET ALS,                              \*
Plaintiffs,                                          \*
v.                                                   \*
BAYER CORPORATION and                                \*
BAYER CORPORATION SEVERANCE PAY PLAN, \*
Defendants.                                          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECLARATION OF JEANNE SKENE**

I, Jeanne Skene, hereby declare as follows:

1. I am a Plaintiff in this case. As such, I have personal knowledge of the matters set forth in this Declaration.

2. I submit this Declaration in support of Plaintiffs' opposition to Defendants' Summary Judgment Motion and as partial support for Plaintiffs' Sur-Reply. Before this lawsuit was filed, the 63 Plaintiffs chose three of their group me, Vincent Fiorilla ("Fiorilla") and Bert Guilmette ("Guilmette") to make binding representations, statements and decisions on their behalf in the case. I originally organized all the Plaintiffs to retain an attorney, eventually Attorney Stephen A. Roach, to review the matter for us and, if needed, to potentially represent us in a claim against the Defendants. At a pre-lawsuit meeting all the Plaintiffs unanimously voted to agree to have me, Fiorilla and Guilmette speak for all of them as their authorized representatives. In those meetings, as well as through follow-up questionnaires, e-mails and individual telephone contact, I gathered information from all Plaintiffs, in concert with Attorney Roach to respond to the Defendants' discovery requests. Before the case was filed <u>each</u> Plaintiff signed and

1

      returned to our counsel an authorization for their committee of three representatives. I remained in continual contact with the Plaintiffs to gather information needed to respond to the Defendants' discovery requests and advised them, along with Attorney Roach, of their need to be available for depositions if needed.

3.     In 1998 I had a copy of the Bayer Summary Plan Description ("SPD"). I accepted the word of our Bayer manager, Richard Ramsden, that the SPD wording did not allow for severance when Bayer told me and the other Plaintiffs that Bayer was terminating our employment with Bayer in 1998. I did not understand the wording of the SPD. I later sought out an attorney, Attorney Roach, to review it after the Plaintiffs later learned that the Machine Shop employees, who worked in the same building at the time, were terminated and received severance.

      Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct. Executed this 22d day of February 2007.

                                                  /s/ Jeanne Skene

                                                  Jeanne Skene