UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JOSEPH ATTARDI, ET ALS,                          \*
Plaintiffs,                                      \*
v.                                               \*
BAYER CORPORATION and                            \*
BAYER CORPORATION SEVERANCE PAY PLAN, \*
Defendants.                                      \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECOND DECLARATION OF STEPHEN A. ROACH WITH RESPECT TO MOTION FOR SUMMARY JUDGMENT

I, Stephen A. Roach, hereby declare as follows:

1. I am a partner in the Boston law firm of Roach & Wise, LLP. I am in good standing as a member of the Bars of the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, the United States District Court for the District Court of Massachusetts and the United States Court of Appeals for the First Circuit. I am counsel for the Plaintiffs in the above-captioned matter. Accordingly, I have personal knowledge of the matters set forth in this Declaration.

2. I submit this Declaration in support of Plaintiffs' opposition to Defendants' Summary Judgment Motion and as partial support for Plaintiffs' Sur-Reply. As stated in paragraph 2 of my Declaration dated February 2, 2007, the 63 Plaintiffs chose three of their group Jeanne Skene ("Skene"), Vincent Fiorilla ("Fiorilla") and Bert Guilmette ("Guilmette") to make representations and decisions on their behalf. In fact, before and after this lawsuit was filed, I attended group meetings with all the Plaintiffs who unanimously voted to agree to have Skene, Fiorilla and Guilmette speak for all of them as their

1

      authorized representatives. In those meetings, as well as through follow-up questionnaires, e-mails and individual telephone contact, Skene and I gathered information from all Plaintiffs to respond to the Defendants' discovery requests. Moreover, before the case was filed <u>each</u> Plaintiff signed and returned to Plaintiffs' counsel an authorization for their committee of three representatives. Attached hereto collectively as Exhibit 6 is a true copy of the authorizations of all Plaintiffs which I received.

3.    In conversations with the Defendants' attorney John Welsh, Attorney Welsh and I agreed that the committee of the three representatives, who I identified to him as Skene, Fiorilla and Guilmette, would make binding statements for all Plaintiffs in this action in discovery, in interrogatories and deposition. We agreed that proceeding in such a manner would preclude the necessity of deposing all 63 Plaintiffs. Due to the large number of people living throughout the country it made sense to proceed in this fashion. Even so, I repeatedly advised Attorney Welsh that he was free to depose all or as many Plaintiffs as he wished, including an additional deposition of Skene, to feel comfortable that he had the information he believed he needed in discovery. I told Attorney Welsh that I would assent to a Motion to exceed the 10 deposition limit of Local Rule 26.1(C). Moreover, on Jan. 20, 2005, Skene, Fiorilla and Guilmette appeared with me, with Attorney Welsh and his clients and Associate Attorneys present, for an early attempted mediation of this case before Judge Magistrate Neiman. Attorney Welsh told me that he understood and agreed that the three representatives had binding settlement authority for all Plaintiffs. Later, in seeking supplementation to the Plaintiffs' initial Answers to Interrogatories,

Attorney Welsh e-mailed me in December 2005 seeking supplementation of the initial Answers to Interrogatories which were signed by the three Plaintiff representatives. The Interrogatories from the Defendants were directed to all Plaintiffs, not each individually. The e-mail was a follow-up to a conversation where I advised Attorney Welsh of my upcoming meeting with the representative committee to discuss supplementation. Attached hereto as Exhibit 1 is a true copy of an e-mail from Attorney Welsh dated December 13, 2005 in that regard. Supplemental Answers to Interrogatories were then provided addressing the issues raised; there were signed by the three Plaintiff representatives. See **P. Ex. 3 as to Summary Judgment.** Attorney Welsh repeatedly told me by telephone and in person, usually after a deposition, that wanted the Plaintiffs' Supplementary Answers to Interrogatories to be sure that the Defendants' had the clear position of all Plaintiffs, not just their three representatives, and to avoid the need to depose all 63 Plaintiffs. Attached collectively as Exhibit 2 are other e-mails between us regarding our understanding and communications in this regard. One handwritten message I made in November 2005 reflects the contents of a voice mail (shown as "(VM)" in the note) from Attorney Welsh stating that he "May/may not need [Plaintiff depositions] - depends on ans to dis" (meaning the answer to interrogatories or deposition testimony). As the note reflects, in a voice mail response I "told him that ...[working] on ans. to ints- 3 reps to sign ok", meaning the three Plaintiffs representatives, Skene, Guilmette, and Fiorilla, would sign answers to interrogatories for all Plaintiffs; Attorney Welsh accepted them with that understanding. Attached hereto as Exhibit 3 is a true copy of my handwritten notes in this regard.

4. Attorney Welsh repeatedly stated that it was his concern that he wanted "no surprises" at trial arising out of the agreement between the parties as to the three committee representatives, especially as to any private or individual conversations any of the Plaintiffs had with any Bayer managers about severance, EFTC or Bayer benefits, or any other relevant issue. I repeatedly advised Attorney Welsh that as to any facts on misrepresentations or admissions Bayer managers may have allegedly personally made in private conversations not already provided in discovery by the Plaintiffs, in furtherance of the agreement between the parties in this regard, the Plaintiffs would stand by the record already developed in discovery. I told him repeatedly that if he wished to depose all the Plaintiffs, beyond the seven already deposed, he was free to do so. I offered a further deposition of Skene, with whom he repeatedly expressed some interest in doing. Although I told him that I believed the Interrogatory Answers, especially as supplemented as he requested, were adequate, I offered still further supplementation if he thought it was necessary. Attached hereto as Exhibit 4 is a true copy of a letter dated July 28, 2006 to Attorney Welsh where, on page two, I offered depositions of more Plaintiffs and mentioned the supplementation to Answers to Interrogatories.

5. When I was on vacation last week, my law partner, Robert E. Wise, Jr., called me to advise me that Attorney Welsh had called for me asking to assent to file a Reply to the Plaintiffs' Opposition to Defendants' Summary Judgment Motion. My partner told Attorney Welsh that I was on vacation, that I was the only attorney in the firm handling the matter and was on vacation but that I had no objection to the Defendants filing a Reply. Attached hereto as Exhibit 5 is a true copy of my partner's e-mail to Attorney

    Welsh in that regard. While on vacation, or otherwise, I did not speak to Attorney Welsh, I did not discuss any issues about the contents of the Reply, I assumed it was only about the issues already raised, and I was not told differently. While on vacation, I placed a call to Attorney Welsh but received no call back. There was no Local Rule 7.1 Conference with Attorney Welsh about the Reply or about the issue of Plaintiff representation in any discussion before the Defendants filed their Motion for Summary Judgment. When Attorney Welsh called my office, he already knew I was on vacation as I had told him in July 2006 and later, including filings in Court (See Plaintiffs' Assented to Motion to Extend Time to Oppose Summary Judgment Motion), of my planned vacation.

6.     Attached hereto as Exhibit 7 is a true copy of the Defendants' Responses to Plaintiffs' Request for Admissions.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct. Executed this 22d day of February 2007.

                                                  /s/ Stephen A. Roach

                                                  Stephen A. Roach