# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH ATTARDI, et al.
    Plaintiffs,

v.     Civil Action No.: 04-10728 WGY

BAYER CORPORATION and
BAYER CORPORATION SEVERANCE
PAY PLAN,
    Defendants.

## DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS

Defendants hereby state their responses to Plaintiffs' Request for Admissions (the "Request") as follows:

### RESPONSES

**A. DOCUMENTS**

**REQUEST NO. 1**

Exhibit 5 of the deposition of Jack Calderon taken on September 6, 2006, and entitled "Providing Leadership in High Mix Electronic Manufacturing Services – Proposal April, 1998."

**RESPONSE:** Admitted.

**REQUEST NO. 2**

Exhibit 11 of the deposition of Richard Ramsden taken on May 2, 2006, 3 handwritten documents produced by the Defendants in this case with the first page entitled "Agfa/EFTC Working Group Conference."

1

**RESPONSE:** Admitted.

**REQUEST NO. 3**

Exhibit 12 of the deposition of Richard Ramsden taken on May 2, 2006, two (2) handwritten documents produced by the Defendants in this case with the first page entitled "7/7 TC w/ M. Paige."

**RESPONSE:** Admitted.

**REQUEST NO. 4**

Exhibit 13 of the deposition of Richard Ramsden taken on May 2, 2006, one (1) handwritten document produced by the Defendants in this case and entitled "7/8 TC w/ M. Paige/R. Sarafian."

**RESPONSE:** Admitted.

**REQUEST NO. 5**

Exhibit 14 of the deposition of Richard Ramsden taken on May 2, 2006, one (1) handwritten document produced by the Defendants in this case and entitled "TF D. Buxbaum Project Bear."

**RESPONSE:** Admitted.

**REQUEST NO. 6**

Exhibit 15 of the deposition of Richard Ramsden taken on May 2, 2006, four (4) handwritten documents produced by the Defendants in this case with the first page entitled "(800) 722-1051 #64172."

**RESPONSE:** Admitted.

**REQUEST NO. 7**

Exhibit 16 of the deposition of Richard Ramsden taken on May 2, 2006, three (3) handwritten documents produced by the Defendants in this case with the first page entitled "7/10 Benefits Call."

**RESPONSE:** Admitted.

**REQUEST NO. 8**

Exhibit 17 of the deposition of Richard Ramsden taken on May 2, 2006, three (3) handwritten documents produced by the Defendants in this case Bates Stamped Nos. B00770 to B00772 with the first page entitled "7/22/98 Augie Breuhlman, Dirk Ramsden, Ro Willis, N Beasly, M. Paige, D Marr."

**RESPONSE:** Admitted.

**REQUEST NO. 9**

Exhibit 18 of the deposition of Richard Ramsden taken on May 2, 2006, two (2) handwritten documents produced by the Defendants in this case with the first page entitled "Lou Marrett Tax."

**RESPONSE:** Admitted.

**REQUEST NO. 10**

Exhibit 37 of the deposition of Michael Paige taken on June 15, 2006, a four (4) page document, an Internal Memorandum from Mr. Paige, produced by the Defendants in this case dated June 28, 1998, entitled "EFTC Negotiations for PCB Manufacturing."

**RESPONSE:** Admitted.

**REQUEST NO. 11**

Exhibit 7 of the deposition of Jack Calderon taken on September 6, 2006, six (6)

pages and entitled "Asset Purchase Agreement by and between EFTC and Bayer Corporation through its Agfa Division – Summary of Terms and Conditions."

**RESPONSE:** Admitted.

**REQUEST NO. 12**

Exhibit 10 of the deposition of Richard Ramsden taken on May 2, 2006, and entitled "Your Benefits – A significant part of your total compensation."

**RESPONSE:** Admitted.

**B. STATEMENTS**

**REQUEST NO. 13**

Defendants provided no denial of severance to the Plaintiffs in writing in 1998 pursuant to the 1995 Summary Plan Description or pursuant to the 1995 Bayer Corporation Severance Pay Plan.

**RESPONSE:** Defendants admit that the Plaintiffs, separately or collectively, never submitted a claim for severance under Bayer's plan or under procedures listed in the applicable summary plan description and thus no letters of denial were issued to the Plaintiffs. Defendants deny all other statements, if any, stated in Request No. 13.

**REQUEST NO. 14**

In 1998 the Defendants sold the area in which the Plaintiffs were employed, the so-called Board Shop or Circuit Card Assembly area, to Electronic Fabrication Technology Corporation ("EFTC") because of one, some or all of the following reasons: (1) declining business conditions; (2) elimination of the Plaintiffs' positions with Bayer; (3) discontinuation of operations; (4) relocation of operations.

**RESPONSE:** Denied.

**REQUEST NO. 15**

In 1998, Bayer involuntarily terminated each of the Plaintiffs' employment with Bayer.

**RESPONSE:** Denied.

**REQUEST NO. 16**

In 1998, Bayer verbally told the Plaintiffs that (1) the Plaintiffs' positions were being eliminated, (2) even if the Plaintiffs accepted offered employment with EFTC Bayer would not pay the Plaintiff's severance, and (3) if the Plaintiffs did not accept offered employment with EFTC then Bayer would terminate the Plaintiffs' employment anyway and that the Plaintiffs would not be entitled to severance pay.

**RESPONSE:** Defendants admit that Bayer managers stated that if the Plaintiffs accepted offered employment with EFTC Bayer would not pay the Plaintiff's severance, and that if the Plaintiffs did not accept offered employment with EFTC, then Bayer subsequently would terminate the Plaintiffs' employment and that the Plaintiffs would not be entitled to severance pay. Defendants deny all other statements in Request No. 17.

**REQUEST NO. 17**

As part of the 1998 Asset Purchase Agreement between Bayer and EFTC relative to Board Shop or Circuit Card Assembly area, EFTC did <u>not</u> purchase all the assets of the Agfa Division of Bayer.

**RESPONSE:** Admitted.

**REQUEST NO. 18**

In or about March 1998 Bayer provided to each of the Plaintiffs a pamphlet

5

entitled "Your Benefits – A significant part of your total compensation", a copy of which specific for May Jo Corcoran is marked as Exhibit 10 of the deposition of Richard Ramsden taken on May 2, 2006, but did not provide any other such similar document to the Plaintiffs after January 1, 1995.

**RESPONSE:** Denied.

**REQUEST NO. 19**

If the Defendants had paid the Plaintiffs severance in 1998, at or about the time of the sale of EFTC of the Board Shop or Circuit Card Assembly area, the amounts due to each Plaintiff under the 1995 Summary Plan Description and/or the 1995 Bayer Corporation Severance Pay Plan would have been the amounts set forth on Attachment 6 to the Plaintiffs Answers to Interrogatories, Exhibit 10 of the Deposition taken of Vinnie Fiorilla taken on April 21, 2006.

**RESPONSE:** Denied.

**REQUEST NO. 20**

The principal wording on which the Defendants relied in denying severance benefits to the Plaintiffs in 1998 are set forth on the circled and hand numbered language on Exhibits 51 (taken from the 1995 Summary Plan Description) and 54 (taken from the 1995 Bayer Corporation Severance Pay Plan) of the deposition of Rodney Willis taken on October 17, 2006.

**RESPONSE:** Defendants admit reliance on Section 3.06(8) of the Bayer Severance Plan, and circled and hand numbered as #2 of Exhibit 51 (the Summary Plan Description), and the circled portions of Exhibit 51 and 54 pertaining to comparable position and relocation. Defendants deny all other statements in Request No. 20.

**REQUEST NO. 21**

The fourth bullet point of the middle column of Exhibit 51 (taken from the 1995 Summary Plan Description) of the deposition of Rodney Willis taken on October 17, 2006, and circled and hand numbered as "2" applies when a Bayer employee is offered a comparable position within Bayer or one of its Affiliates.

**RESPONSE:** Defendants admit that hand numbered 2 of Exhibit 51 applies when a Bayer employee is offered a comparable position with Bayer, a Bayer affiliate, or an acquiring entity as referenced in Section 3.06(8) of the Bayer Severance Pay Plan.

**REQUEST NO. 22**

The first bullet point entitled "Review reassignment opportunities for affected employees" on the right side of page 8-5 in Section 8.3 of the booklet entitled "Human Resources Department Employee Practices", marked as Exhibit 32 of the deposition of Michael Paige taken on June 15, 2006, applied to actual or potential reassignment of Bayer employees to other positions within Bayer or its Affiliates.

**RESPONSE:** Admitted to the extent referring to reductions in force. The Defendants deny any other statement contained in Request No. 22.

**REQUEST NO. 23**

In 1998 EFTC was not an "Affiliate" of Bayer as the term "Affiliate" is defined in Article I, Section 1.03 of the Bayer Corporation Severance Pay Plan effective January 1, 2005.

**RESPONSE:** Admitted.

**REQUEST NO. 24**

Before the sale in 1998 to EFTC of the Board Shop or Circuit Card Assembly

7

area, that part of Bayer's Agfa Division in Wilmington, Massachusetts had in place an unwritten policy, practice, custom or procedure, handed down over the years by work of mouth, that Bayer employees could volunteer to be laid off during any upcoming reduction in force in any area and, if selected, would receive severance pay.

**RESPONSE:** Admitted.

**REQUEST NO. 25**

If a Bayer employee chose to participate in the policy, practice, custom or procedure described in number 24 above, the employee would then sign a document or documents entitled "Expression of Interest", "Voluntary RIF Selection Form: or a similarly entitled document obtained from Bayer's Human Resource Department representatives stationed in Bayer's Agfa Division in Wilmington, Massachusetts.

**RESPONSE:** Denied.

Respectfully submitted,

BAYER CORPORATION and
BAYER CORPORATION
SEVERANCE PAY PLAN,

By Their Counsel,

John F. Welsh, BBO # 522640
Bello Black & Welsh LLP
One Exeter Plaza, 10th Floor
699 Boylston Street
Boston, MA 02116
(617) 247-4100

Dated: November 27, 2006

8