UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JOSEPH ATTARDI, ET ALS,                         \*
Plaintiffs,                                     \*
v.                                              \*
BAYER CORPORATION and                           \*
BAYER CORPORATION SEVERANCE PAY PLAN, \*
Defendants.                                     \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIRD DECLARATION OF STEPHEN A. ROACH WITH RESPECT TO MOTION FOR SUMMARY JUDGMENT**

I, Stephen A. Roach, hereby declare as follows:

1. I am a partner in the Boston law firm of Roach & Wise, LLP. I am in good standing as a member of the Bars of the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, the United States District Court for the District Court of Massachusetts and the United States Court of Appeals for the First Circuit. I am counsel for the Plaintiffs in the above-captioned matter. Accordingly, I have personal knowledge of the matters set forth in this Declaration.

2. I submit this Declaration in support of Plaintiffs' opposition to Defendants' Summary Judgment Motion and as partial support for Plaintiffs' Sur-Reply Cross-Motion for Summary Judgment. Attached hereto as **Exhibits 1 to 4** are true copies of the following documents: **Exhibit 1** is a letter dated April 2, 2007 which I submitted on behalf of all the Plaintiffs in this case to the Defendants' attorney in accordance with the Remand of this matter, as agreed by the parties, for and administrative review - appeal of denial of severance benefits under the Bayer Corporation Severance Pay Plan and the Bayer

        Corporation Summary Plan Description; **Exhibit 2** is a letter dated June 25, 2007, which I received on July 2, 2007, from the Bayer Corporate and Business Services ERISA Review Committee (the "Bayer Review Committee") in response to my letter dated April 2, 2007 (Exhibit 1) pursuant to the Remand; **Exhibit 3** is a letter dated September 19, 2006 I received from the Defendants' attorney in this case, John Welsh; **Exhibit 4** is a letter dated August 6, 2007 I sent to the Defendants' attorney in this case, with copies to the Bayer Review Committee and Attorney William Klemick, Bayer Corporation's in-house counsel with whom I have corresponded. By agreement with the Defendants' attorney, John Welsh, and me, the Bayer Review Committee also received from Attorney Welsh for its Remand review all the earlier summary judgment filings (prior to the August 31, 2007 deadline filings) by all parties, all discovery depositions, exhibits thereto, and answers to interrogatories and responses to request for admissions by all parties. Attorney Welsh confirmed to me by telephone conversation and e-mail that he had provided the above information to the Bayer Review Committee. As for the documents I requested of the Bayer Review Committee and Attorney Welsh in my letter dated August 6, 2007 (See Exhibit 4), I have not yet received the records.

3.     After the Remand, I spoke with each of my clients in this case, meaning every Plaintiff individually, and obtained from each of them a Declaration under oath which has been filed this day. Plaintiffs Jeanne Skene and Bertrand Guilmette each signed a Second Declaration as earlier they had signed for filing an initial Declaration in this case. After speaking with each of the Plaintiffs, I drafted the Declarations and subsequently I made the changes each of them requested or suggested. One of the Plaintiffs, Mark Bowdidge,

is deaf so I corresponded with him by e-mail in obtaining and reviewing with him his Declaration. Another Plaintiff, Clifford Lord, is deaf as well as mute. I corresponded with him through his uncle, Wesley Lord, who has been handling Clifford's business affairs for about 30 years and acted as an interpreter for Clifford in obtaining Clifford's Declaration.  In that regard, I have obtained from and also filed a Declaration from Wesley Lord to verify his communications with Clifford as to Clifford's Declaration. Clifford's cousin, Sharon Roberts, with whom he lives and who is Wesley Lord's daughter, also assisted Clifford in this effort. See Declaration of Clifford Lord III dated August 6, 2006, ¶1. After I obtained the Declaration of Plaintiff Sandra Comeau Dutcher, I was advised this week by an attorney who represents her next of kin, her father, that Ms. Dutcher has died.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct.  Executed this 31st day of August 2007.

                                                    /s/ Stephen A. Roach
                                                    Stephen A. Roach