**ROACH & WISE LLP**
Attorneys at Law
50 Congress Street, Suite 400
Boston, Massachusetts 02109-4061

Telephone 617-723-2800
Facsimile 617-723-4313
www.roachwise.com

Stephen A. Roach
roach@roachwise.com

# REQUEST FOR ADMINISTRATIVE REVIEW -APPEAL OF DENIAL OF SEVERANCE BENEFITS UNDER THE BAYER CORPORATION SEVERANCE PAY PLAN

By Certified Mail and Fax
Fax No. 617-247-4125
April 2, 2007

John F. Welsh, Esq.
Bello, Black & Welsh, LLP
One Exeter Plaza
699 Boylston Street
Boston, MA 02116

**Certified Mail Return**
**Receipt No. 7006 2760 0003 4504 3757**

Re: <u>Joseph Attardi, et als. v. Bayer Corporation, et al.,
U.S. District Court Civil Action No. 04-CV-10728-WGY</u>

Dear Attorney Welsh:

Pursuant to the Joint Motion To Remand For Administrative Review With The Court Retaining Jurisdiction, which the Court allowed in the above-referenced matter, this letter constitutes a request for administrative review-appeal by the Bayer ERISA Review Committee with regard to a claim for severance which is the subject of the above-referenced lawsuit. The request for review-appeal is being filed through you, as agreed and as the Court ordered, as the attorney for the Defendants Bayer Corporation ("Bayer") and the Bayer Corporation Severance Pay Plan (the "Bayer Plan") by the Plaintiffs-former Bayer employees (collectively the "Plaintiffs"), through me as their attorney in the above-referenced case, of the denial by the Defendants Bayer and Bayer of the Plaintiffs' claim for severance benefits in 1998 under the 1995 Bayer Plan and the 1995 Bayer Summary Plan Description (the "SPD"). This request for review-appeal also is pursuant to the provisions of Section 4.08 of the Bayer Plan and ADM 6 of the SPD. The names of the Plaintiffs-former Bayer employees are listed below.

The Plaintiffs incorporate by reference their positions and arguments already set forth in the February 2, 2007 Plaintiffs' Opposition Memorandum to Defendants' Bayer and the Bayer Plan's Summary Judgment Motion and the other filings related to the parties' Summary Judgment Motions, all of which are in your possession. Without waiving, and expressly reserving, the Plaintiffs' position and arguments in the Summary Judgment filings and all their claims in the above-referenced case, the Plaintiffs summarize below their position in support of denial of the Plaintiffs' claim for severance by Bayer and the Bayer Plan.

**EXHIBIT 1**

Attorney Welsh
April 2, 2007
Page 2

### A. BAYER'S PLAN AND THE SPD ENTITLE PLAINTIFFS TO SEVERANCE

1. The Plaintiffs satisfied the threshold qualifying terms of the Bayer Plan and SPD.

The Plaintiffs claim benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1144(a) for the denial of severance benefits due to them as alleged in the Amended Complaint and in the Summary Judgment Motion filings. The Plaintiffs are qualified employees and participants under the Bayer Plan and the SPD (See 29 USC §§ 1002(6) & 1002(7). Plaintiffs are entitled to severance under 29 U.S.C.§1132(a)(1)(B). The Plaintiffs are entitled to severance under the Bayer Plan (Section 3.06) and SPD (SEV 3) because the Plaintiffs were involuntarily terminated because, at a minimum, (1) there was a declining business condition affecting their area, or (2) their positions were eliminated, or (3) there was a "discontinuation ... of operations." Other conditions were also satisfied under Section 3.01 of the Bayer Plan and SEV 3 of the SPD.

2. Article III, Section 3.06(8) of the Bayer Plan does not exclude benefits.

Plan Administrator Bayer relies on an exclusion in the Bayer Plan but Bayer never provided the Bayer Plan to the Plaintiffs. The Plaintiffs did not even know the Bayer Plan existed, Bayer's local main human resources contact person with the Plaintiffs, Mary Leonard, did not know it existed nor did she have a copy, no Bayer manager directed its existence to any of the Plaintiffs, and nowhere in the SPD did it reasonably state that one existed or where to obtain the Bayer Plan.[1] The Plaintiffs, however, will not further argue in this appeal or expand upon their position that Bayer and the Bayer Plan violated their fiduciary obligations under ERISA (see 29 U.S.C.§1132(a)(3) & (c)), under which the Plaintiffs are reserving their rights in the above referenced matter, and as more fully set forth in the filings related to the pending Summary Judgment Motions.[2]

As agreed, the focus of this appeal under the remand by the Court is for the denial of benefits under the terms of the Bayer Plan and the SPD, including their rights under 29 U.S.C. §1132(a)(1)(B).

Under the Bayer Plan, the Plaintiffs are entitled to severance because by its express

---

[1] At best, the SPD vaguely states that "the plan documents will govern" in the event of any "discrepancies" with the SPD. Bayer admits that the address or telephone number of the service Bayer used to communicate and provide any "official written plan documents" to employees is not in the SPD. The Bayer Plan is not even listed by its name.

[2] Of course, the Plaintiffs also reserve their rights under any state based claims which are not pre-empted by ERISA.

oach & Wise, LLP

Attorney Welsh
April 2, 2007
Page 3

terms the exclusion on which Bayer relies does not preclude severance. First, Section 3.06(8) states that severed employees are not eligible for severance "In connection with a divestiture of all or part of the assets of an Employer or the sale of all or part of the stock of an Employer..." (emphasis added). Bayer sold Board Shop assets where the Plaintiffs worked. There was no divestiture. Again, I will not repeat or extensively argue the legal authority on this point in this request for review-appeal as it is already set forth and explained in the Plaintiffs' Summary Judgment filings. See Black's Law Dictionary (8th ed.)(defines 'divestiture' as "1. The loss or surrender of an asset or interest; 2. A court order to a party to dispossess of assets or property; 3. Antitrust. A court order to a defendant to rid itself of property, securities, or other assets to prevent a monopoly or restraint of trade"; see California v. American Stores Co., 495 U.S. 271, 295 (1990) (In anti-trust divestiture, divestiture is like a rescission where all parties are put back to their original place) Bain Capital, Inc. v. Wesley Jessen Corp., 16 Mass.L.Rptr. 257 (2003) (Divestiture and sale are not synonymous in that a divestiture involves a loss or surrender with no value).

Second, In Section 3.06(8) the divestiture and stock sale clauses are separated by an "or" in that the Plaintiffs are not entitled to severance "In connection with a divestiture of all or part of the assets of an Employer or the sale of all or part of the stock of an Employer..." (emphasis added). Bayer well knew the difference between a divestiture and a sale. The term "divestiture," or its derivatives, does not appear anywhere in the SPD with regard to the exclusionary provision under the SPD on which Bayer relies, discussed below. It does appear in the SPD under an inapplicable exclusion, i.e. the bullet point we have termed as "[8]" (set forth below) which excludes severance when "The division of the company you work for or the company itself is sold or divested." (Emphasis added). Bayer agrees it did not sell a division and bullet [8] is inapplicable.

3. Bayer's Summary Plan Description entitles Plaintiffs to severance.

Three SPD bullet point provisions of the SPD say that benefits will not be paid to employees when:

[7] " • The company offers you a comparable position (even if you choose not to accept it);
[8] • The division of the company you work for itself is sold or divested and you either:
— become an employee of the new owner, or
— the new owner offers you continuing employment in a comparable position (even if you choose not to accept it);
[9] • The premises, products, processes, or other activities of the division you work for are relocated, assigned, sold, leased, licensed, or subcontracted, and you are offered a comparable position (even if you choose not to accept it)." (Emphasis on "new owner" supplied)

Attorney Welsh
April 2, 2007
Page 4

    Bayer admits that bullet point [8] does not apply because a "division" was not sold or divested. Yet, bullet point [8] partially supports the Plaintiffs' reading in that it specifically stipulates that when a division is sold or divested, an employee is not eligible for severance if the "*new owner*" offers the employee a comparable position (i.e. same pay and within 35 miles). The next provision, however, bullet point [9], on which Bayer principally relies, makes no mention about becoming an employee with a "new owner" or different employer. By clear implication, therefore, it can only mean a new job within Bayer.

    Bayer argues that provision [9] applies to both situations, i.e. where either a new owner or Bayer offers the employee a comparable position, even though neither the SPD nor the Bayer Plan so say and, in fact, suggest the opposite. Bayer fails to show where provision [9] is expressly covered in the Bayer Plan to include both instances. Section 3.06(8) of the Bayer Plan expressly specifies only a new employer, i.e. the "Acquiring Entity" which is defined in the Bayer Plan as a company other than Bayer. Section 3.06(8) is not synonymous with, therefore, and would not apply to bullet [9] in any way. Bayer admits that Sections 3.06(9) and 3.06(10) of the Bayer Plan relate to new comparable jobs within Bayer. An entity other than Bayer, called an "Acquiring Entity", appears only under Section 3.06(8). Sections 3.06(9) and 3.06(10) of the Bayer Plan expressly cover only new comparable jobs within Bayer, as opposed to an Acquiring Entity of 3.06(8) which is defined in Article I of the Bayer Plan as an entity other than Bayer.

    Bayer's interpretation also is a stretch because if it intended the meaning it now purports Bayer could easily have added a "new owner or Bayer" or an "Acquiring Entity or company", or the like, in [9] of the SPD. Bayer did not do so. Rather, Bayer structured the language in provision [9] so that it would assume a different meaning: that employees would be ineligible to receive benefits only if Bayer – not a "new owner" or "Acquiring Entity" – offered the employees comparable positions. Such interpretation is consistent with the Bayer Plan where a "new owner" under the SPD is the same as the "Acquiring Entity" under Section 3.06(8) of the Bayer Plan. An "Acquiring Entity" under the Bayer Plan is a company other than Bayer, as is shown under Article I of the Bayer Plan where Bayer is defined as the "Employer" in Section 1.08.

    Bayer at least tacitly conceded Plaintiffs' interpretation when it admitted that Section 8.3, bullet point [5] (top right hand side of page), of its "Human Resources Department Employees Practices" manual, was modeled on the same SPD section on which Bayer relies, provision [9]. Section 8.3 of the manual applies only to when an employee is terminated and reassigned, or not assigned, a new comparable position within Bayer. Under Section 8.3, if an employee is not reassigned to a new comparable job within Bayer the employee does receive severance. Otherwise, the employee does not receive severance, which makes sense because the employee still has a comparable job (same pay and no "major relocation"), after the reassignment, within

Attorney Welsh
April 2, 2007
Page 5

Bayer. There is no mention of a "new owner" or "Acquiring Entity" or the like in the manual.[3]

Furthermore, applying [9] to a company other than Bayer does not make sense. If an employee who is about to be or is terminated under one of the many qualifying provisions of the SPD is fortunate enough to find a job with any different company which just happens to be within 35 miles of the Bayer location and at the same pay (making it a "comparable job" under the SPD), this would make the employee ineligible. It would then provide an incentive for people not to look for work so they could collect severance.

As for [7], there is no redundancy with [9], as Bayer has alleged, in defining it to mean a job within Bayer as well. It simply covers all other situations other than [9] (i.e a sale, relocation, etc. of their premises, products, etc.). As the SPD (at SEV 3) and Bayer Plan (Section 3.01) state, employees qualify for severance due to such reasons, among others, as:

> "• Declining business conditions;
> • Elimination of your position with the company;
> • Unavailability of a position upon your return from an approved medical leave..."

But under bullet [7] such otherwise qualifying employees, quite logically, are not entitled to severance where Bayer offers them a "comparable job" within Bayer which means within 35 miles of their present job at the same salary. Bullet [7] of the SPD matches directly with Section 3.06(10) of the Bayer Plan, where one loses their job for reasons other than a sale of assets, a relocation, etc., but is offered another position within Bayer. Again, no new or other company is mentioned in Section 3.06(10). Such a reading is logical.[4]

Construing the SPD and the Bayer Plan together, the Plaintiffs' interpretation prevails. "We will give preeminence to the natural meaning of ERISA plan terms, and we may not supplant such meaning with rigid definitions or contrary interpretations offered by the parties." Bellino v. Schlumberger Technologies, Inc., 944 F.2d 26, 31-32 (1st Cir. 1991). A court will reverse a plan administrator's severance denial if the decision does not comport with common sense application of the plan to the facts. Dabertin, 373 F.3d at 829. The plan administrator "cannot be a moving target...." Id. at 831; see Blau v. Del Monte Corp., 748 F.2d 1348, 1355 (9th

---

[3] As Bayer admits, Bayer's Human Resources Department Employee Practices manual is distributed to supervisors and managers to guide them in answering questions from employees and otherwise managing the company.

[4] Again, as set forth in the Plaintiffs' Summary Judgment filings, it should be noted that Bayer witnesses not only contradict each other in their depositions as to the Bayer Plan and SPD language but they also contradict the arguments Bayer made in the Summary Judgment filings.

bach & Wise, LLP

Attorney Welsh
April 2, 2007
Page 6

Cir. 1984)(employer can't resort to secret intentions in severance).

    4. <u>The new EFTC jobs do not preclude severance</u>

The Plaintiffs' employment with EFTC after Bayer terminated them does not, under the law, preclude benefits. There need not be a term of unemployment, and plan participants are entitled to severance benefits even if re-employed in the same job and/or at the very same location, and even with the acquiring or same employer. See <u>Bellino v. Schlumberger Technologies, Inc.</u>, 944 F.2d 26, 31-32 (1st Cir. 1991); <u>Anstett v. Eagle-Picher Industries, Inc.</u>, 203 F.3d. 501,504 (1999); <u>Grun v. Pneumo Abex Corp.</u>, 163 F.3d 411, 420-421 (7th Cir. 1998); <u>Thorpe v. Retirement Plan of Pillsbury Co.</u>, 80 F.3d 439, 433-434 (10th Cir. 1996); <u>Ulmer v. Haresco Corp.</u>, 884 F.2d 98, 102-103 (3d Cir. 1989); <u>Blau</u>, 748 F.2d at 1354-1355; <u>Bedinghaus v. Modern Graphic Arts</u>, 15 F.3d 1027, 1029-1030(11th Cir. 1994); <u>Harris v. Pullman Standard, Inc.</u>, 809 F.2d 1495, 1498-1499(11th Cir. 1987). Again, I have not set forth the full legal arguments on the claims in this matter, as it is already set forth in the Summary Judgment materials. I have simply set forth some of the law as a highlight to certain points.

    5. <u>Any ambiguities or discrepancies must be construed in the Plaintiffs' favor.</u>

SPD's must be written "in a manner calculated to be understood by the average plan participant, and [be] sufficiently accurate and comprehensive to reasonably appraise such participants .... of their rights and obligations under the plan." 29 U.S.C. §1022(a). While the Plaintiffs contend that under the reading of either the SPD or the Bayer Plan, the Plaintiffs prevail, in the event the Court finds any ambiguity or discrepancy within either or both of them together, the Plaintiffs also prevail. See <u>Bergt v. Retirement Plan for Pilots Employed by Markair, Inc.</u> 293 F.3d 1139,1145 (9th Cir. 2002); <u>Spanos v. TJX Companies, Inc.</u>, 220 F. Supp.2d 67, 72 & n. 8 (D. Mass. 2002). Although Bayer's SPD says that "if there are any discrepancies between this book and the official written plan documents, the plan documents will govern," it does not apply. The Plaintiffs had no knowledge, reasonable notice about or access to the Bayer Plan.

    B.   <u>**PLAINTIFFS-EMPLOYEES MAKING THE CLAIM**</u>

This request for review-appeal is being made by the following former Bayer employees and Plaintiffs in the above-referenced case. They are listed in alphabetical order.

JOSEPH ATTARDI, MICHELINE AUGUSTA, FARAHILDA BET-EIVAZI, MARY B. BOGDAN, MARK BOWDIDGE, KAREN BROWN, MARIE BROWN, ROBERT BROWN, LARRY CELLAMARE, WAI NGAN CHAN, CAROL CHRISTIANSON, MARY JO CORCORAN, RICHARD COTE, CORRIE COTTRELL, CLARENCE COUPE, AROUSSIAK DAKESSAIN, RICHARD DEFRANCESCO, MARIA

Attorney Welsh
April 2, 2007
Page 7

DEFRANCESCO, DAVID J. DOLAN, LISE DUPUIS, SANDRA COMEAU DUTCHER, KATHY ELY, VINCENT FIORILLA, STEVE FOURNIER, JEAN FRASER, GARY FRIZZELL, DIANA GLASSETT, FRED GLASSETT, BOONCHOO GRASSO, PHILLIP GREENE, BERTRAND GUILMETTE, PAULINE GUILMETTE, ALBERTA HEALEY, JEANNE HUFF(OR HER ESTATE), RICK JAKLE, ANITA KOPACZ, ALFRED LANGUIRAND, JANET E. LANOUE, JUDITH LA ROSA, EDMUND J. LASCELLES, JR., CLIFF LORD, III, PAT MABEY, TERESA C. ORNELAS, JANICE PARADIS, LINDA PARADIS, NORMAN PARENT, LONG T. PECK, DIANA PERREAULT, OUDOMPHONE PHOMMAHAXAY, RICHARD PICARD, NORMAN POULIN, MARIA REIS, MARK ROBERT, JOHN SABLOCK, BARBARA SANBORN, JOANNE SANZO, LINDA SAULNIER, JEANNE SKENE, ROBERT STIER, CATHERINE SWEENEY, PHAM VAN, DIANE WILLETTE, and EDWARD R. WRIGHT.

C. **PRINCIPAL SUM CLAIMED IN SEVERANCE**

The severance amounts claimed for each have already been produced in the above-referenced case as set forth as Attachment 6 to the Dec. 7, 2005 Answers of Interrogatories of the Plaintiffs. Attached hereto is another copy of Attachment 6. This sum is only the principal sum claimed. It does not include interest, attorney's fees, or costs which, of course, the Plaintiffs further claim in the above-referenced case.

D. **CONCLUSION**

On the above points, the Plaintiffs request a review-appeal of the denial of their claim for payment of their severance benefits. As I requested from you last week, if there is any form that the Bayer ERISA Review Committee, Bayer or the Bayer Plan would like me to complete on behalf of the Plaintiffs, or if there are any questions or need for more information, please let me know and I would be happy to provide further information. Also, if I have in any way misinterpreted our agreement as to the nature and contents of this request for review-appeal, please let me know. By this request for review-appeal, the Plaintiffs do not waive, and expressly reserve, all their rights and remedies under the law whether or not set forth in this document.

I look forward to hearing from you.

Very truly yours,

Stephen A. Roach
Attorney for Plaintiff-Employees

Enclosure
cc: Clients

# ATTACHMENT 6

| Last Name | First Name | Hourly Wages | differential | total weekly wages | Years of service | multiplication factor | sub-total severance | 2 weeks extra | total severanc |
|---|---|---|---|---|---|---|---|---|---|
| Attardi | Joseph | $16.50 | 1 | $660.00 | 22 | 2 | $29,040.00 | $1,320.00 | $30,360.0 |
| Augusta | Micheline | $12.83 | 1 | $513.20 | 16 | 2 | $16,422.40 | $1,026.40 | $17,448.8 |
| Bet-Eivazi | Farahilda | $11.94 | 1.1 | $525.36 | 10.5 | 2 | $11,032.56 | $1,050.72 | $12,083.2 |
| Bogdan | Mary | $13.95 | 1 | $558.00 | 16 | 2 | $17,856.00 | $1,116.00 | $18,972.0 |
| Bowdidge | Mark | $14.80 | 1.1 | $651.20 | 19 | 2 | $24,745.60 | $1,302.40 | $26,048.0 |
| Brown | Karen | $19.25 | 1 | $770.00 | 18 | 2 | $27,720.00 | $1,540.00 | $29,260.0 |
| Brown | Marie | $16.00 | 1 | $640.00 | 20.5 | 2 | $26,240.00 | $1,280.00 | $27,520.0 |
| Brown | Robert | $18.86 | 1 | $754.40 | 26 | 2 | $39,228.80 | $1,508.80 | $40,737.6 |
| Cellamare | Larry | $25.97 | 1 | $1,038.80 | 24 | 2 | $49,862.40 | $2,077.60 | $51,940.0 |
| Chan | Wai Ngan | $13.97 | 1.15 | $642.62 | 12 | 2 | $15,422.88 | $1,285.24 | $16,708.1 |
| Christianson | Carol | $16.65 | 1 | $666.00 | 20 | 2 | $26,640.00 | $1,332.00 | $27,972.0 |
| Comeau | Sandra | $13.00 | 1 | $520.00 | 24 | 2 | $24,960.00 | $1,040.00 | $26,000.0 |
| Corcoran | Mary Jo | $13.09 | 1 | $523.60 | 26 | 2 | $27,227.20 | $1,047.20 | $28,274.4 |
| Cote | Richard | $19.14 | 1 | $765.60 | 18 | 2 | $27,561.60 | $1,531.20 | $29,092.8 |
| Cottrell | Corrie | $18.54 | 1.1 | $815.76 | 20.5 | 2 | $33,446.16 | $1,631.52 | $35,077.6 |
| Coupe | Clarence | $14.93 | 1 | $597.20 | 30 | 2 | $35,832.00 | $1,194.40 | $37,026.4 |
| Dakessain | Aroussiak | $13.38 | 1 | $535.20 | 21 | 2 | $22,478.40 | $1,070.40 | $23,548.8 |
| DeFrancesco | Dick | $13.54 | 1 | $541.60 | 14 | 2 | $15,164.80 | $1,083.20 | $16,248.0 |
| DeFrancesco | Maria | $14.90 | 1 | $596.00 | 21 | 2 | $25,032.00 | $1,192.00 | $26,224.0 |
| Dolan | Dave | $14.36 | 1 | $574.40 | 24 | 2 | $27,571.20 | $1,148.80 | $28,720.0 |
| Dupuis | Lise | $14.83 | 1 | $593.20 | 12 | 2 | $14,236.80 | $1,186.40 | $15,423.2 |
| Ely | Kathy | $17.92 | 1 | $716.80 | 22 | 2 | $31,539.20 | $1,433.60 | $32,972.8 |
| Fiorilla | Vinnie | $35.63 | 1 | $1,425.20 | 29.8 | 2 | $84,941.92 | $2,850.40 | $87,792.3 |

| Last | First | Rate | | Amt | Hrs | | Subtotal | OT | Total |
|---|---|---|---|---|---|---|---|---|---|
| Fournier | Steve | $17.28 | 1 | $691.20 | 20 | 2 | $27,648.00 | $1,382.40 | $29,030.4 |
| Fraser | Jean | $15.23 | 1 | $609.20 | 20 | 2 | $24,368.00 | $1,218.40 | $25,586.4 |
| Frizzell | Gary | $16.35 | 1 | $654.00 | 23 | 2 | $30,084.00 | $1,308.00 | $31,392.0 |
| Glassett | Diana | $27.12 | 1 | $1,084.80 | 25 | 2 | $54,240.00 | $2,169.60 | $56,409.6 |
| Glassett | Fred | $15.96 | 1 | $638.40 | 19 | 2 | $24,259.20 | $1,276.80 | $25,536.0 |
| Grasso | Boonchoo | $14.48 | 1 | $579.20 | 20 | 2 | $23,168.00 | $1,158.40 | $24,326.4 |
| Greene | Phillip | $13.70 | 1.1 | $602.80 | 19 | 2 | $22,906.40 | $1,205.60 | $24,112.0 |
| Guilmette | Bert | $21.84 | 1 | $873.60 | 23 | 2 | $40,185.60 | $1,747.20 | $41,932.8 |
| Guilmette | Pauline | $13.34 | 1 | $533.60 | 10 | 2 | $10,672.00 | $1,067.20 | $11,739.2 |
| Healey | Alberta | $14.12 | 1 | $564.80 | 17 | 2 | $19,203.20 | $1,129.60 | $20,332.8 |
| Huff | Jeanne | $16.00 | 1 | $640.00 | 14 | 2 | $17,920.00 | $1,280.00 | $19,200.0 |
| Jakle | Rick | $30.83 | 1 | $1,233.20 | 27.5 | 2 | $67,826.00 | $2,466.40 | $70,292.4 |
| Kopacz | Anita | $18.63 | 1 | $745.20 | 24 | 2 | $35,769.60 | $1,490.40 | $37,260.0 |
| Languirand | Al | $10.50 | 1 | $420.00 | 22 | 2 | $18,480.00 | $840.00 | $19,320.0 |
| Lanoue | Janet | $18.98 | 1 | $759.20 | 26 | 2 | $39,478.40 | $1,518.40 | $40,996.8 |
| Larosa | Judith | $13.97 | 1.1 | $614.68 | 21 | 2 | $25,816.56 | $1,229.36 | $27,045.9 |
| Lascelles Jr. | Ed | $15.96 | 1 | $638.40 | 15 | 2 | $19,152.00 | $1,276.80 | $20,428.8 |
| Lord III | Cliff | $10.80 | 1 | $432.00 | 26.5 | 2 | $22,896.00 | $864.00 | $23,760.0 |
| Mabey | Pat | $15.56 | 1 | $622.40 | 19 | 2 | $23,651.20 | $1,244.80 | $24,896.0 |
| Ornelas | Teresa | $19.46 | 1 | $778.40 | 19 | 2 | $29,579.20 | $1,556.80 | $31,136.0 |
| Oudomphone | Phommahaxay | $14.05 | 1 | $562.00 | 14 | 2 | $15,736.00 | $1,124.00 | $16,860.0 |
| Paradis | Janice | $13.00 | 1 | $520.00 | 14 | 2 | $14,560.00 | $1,040.00 | $15,600.0 |
| Paradis | Linda | $13.76 | 1 | $550.40 | 19.7 | 2 | $21,685.76 | $1,100.80 | $22,786.5 |
| Parent | Norman | $16.05 | 1 | $642.00 | 20 | 2 | $25,680.00 | $1,284.00 | $26,964.0 |

| Peck | Long | $15.32 | 1.1 | $674.08 | 21 | 2 | $28,311.36 | $1,348.16 | $29,659.5 |
|---|---|---|---|---|---|---|---|---|---|
| Perreault | Diana | $15.46 | 1 | $618.40 | 24 | 2 | $29,683.20 | $1,236.80 | $30,920.0 |
| Picard | Richard | $18.00 | 1 | $720.00 | 20 | 2 | $28,800.00 | $1,440.00 | $30,240.0 |
| Poulin | Norman | $19.30 | 1 | $772.00 | 20.5 | 2 | $31,652.00 | $1,544.00 | $33,196.0 |
| Reis | Maria | $15.19 | 1 | $607.60 | 17 | 2 | $20,658.40 | $1,215.20 | $21,873.6 |
| Robert | Mark | $22.00 | 1 | $880.00 | 25 | 2 | $44,000.00 | $1,760.00 | $45,760.0 |
| Sablock | John | $33.75 | 1 | $1,350.00 | 25 | 2 | $67,500.00 | $2,700.00 | $70,200.0 |
| Sanborn | Barbara | $15.68 | 1 | $627.20 | 20 | 2 | $25,088.00 | $1,254.40 | $26,342.4 |
| Sanzo | Joanne | $15.50 | 1 | $620.00 | 26 | 2 | $32,240.00 | $1,240.00 | $33,480.0 |
| Saulnier | Linda | $18.89 | 1.15 | $868.94 | 24 | 2 | $41,709.12 | $1,737.88 | $43,447.0 |
| Skene | Jeanne | $19.18 | 1.1 | $843.92 | 26 | 2 | $43,883.84 | $1,687.84 | $45,571.6 |
| Stier | Robert | $14.19 | 1.1 | $624.36 | 8 | 2 | $9,989.76 | $1,248.72 | $11,238.4 |
| Sweeney | Catherine | $15.56 | 1 | $622.40 | 19 | 2 | $23,651.20 | $1,244.80 | $24,896.0 |
| Van | Pham | $18.43 | 1.1 | $810.92 | 14 | 2 | $22,705.76 | $1,621.84 | $24,327.6 |
| Willette | Diane | $16.50 | 1 | $660.00 | 20 | 2 | $26,400.00 | $1,320.00 | $27,720.0 |
| Wright | Ed | $20.75 | 1 | $830.00 | 21 | 2 | $34,860.00 | $1,660.00 | $36,520.0 |
| | | | | | | | $1,820,299.68 | | $1,907,786 |