

**Bello Black & Welsh LLP**
ATTORNEYS & COUNSELORS

*535 Boylston Street*
*Suite 1102*
*Boston, Massachusetts 02116*
*Main 617 247 4100*
*Fax 617 247 4125*
*www.belloblack.com*

*John F. Welsh, Esq.*
*Direct 617 247 8476*
*jwelsh@belloblack.com*

September 19, 2006

Mr. Steven A. Roach
Roach & Wise, LLP
31 State Street
Boston, MA 02109-2705

Dear Steve:

    I have contacted Ms. Leonard, Mr. Fontaine and Mr. Willis, informing them of depositions on October 11, 15, and 17, 2006, respectively. They have agreed to attend voluntarily. As you know, Mr. Fontaine and Mr. Willis are no longer Agfa employees. So, while I am fully confident that they will appear, you should subpoena them if you wish to be extra cautious.

    As to pending document requests, I have considered your request for all Bayer Corporation records of any severance payments to departing employees on or after 1990. My understanding, based on our conversation, is that you are seeking information concerning severance to any and all employees let go pursuant to all reductions in force, all voluntary layoffs for which severance was paid, and for any terminations of employment for which severance payments were made.

    I must reject your request for such documents. Not only would such production be extremely burdensome and costly given the tens of thousands of employees of Bayer and its subsidiaries, but the records themselves have no relevance whatsoever to your claim in the case that the Summary Plan Description requires payment in the context of a corporate divestiture because the business unit sold did not constitute a corporate division. See, e.g., Turner v. Fallon County Health Plan, Inc., 127 F.3d 196, 200 (1st Cir. 1997); Kourinos v Interstate Brands Corporation, 324 F.Supp.2d 105 (D.Me 2004); McGath v Auto Body North Shore, Inc., 7 F.3d 665, 670 (7th Cir. 1993); Jefferson v. Vickers, Inc. 102 F.3d 960, 964-65 (8th Cir 1996).

    As to your request for severance plan documents from the "predecessors" of Bayer Corporation, including Compugraphic Corporation, Miles Inc., Moby Corporation, Agfa Corporation, Agfa Gevart, Inc and Matrix Corporation, I regret that I must deny this request as well. As you are aware, the companies on your list (other that Agfa Corporation) were merged into other predecessor companies, or acquired by Bayer Corporation, well prior to 1995. (Conversely, Agfa Corporation was not formed until January 1, 1999). The claim for severance in this case involves a September 1998 divestiture; severance pay eligibility must be terminated pursuant to the severance plan in effect in September 1998. The terms of other companies' severance plans that were in effect well prior to 1995 have no relevance to this dispute.

EXHIBIT 3

     Severance policies are employee welfare benefits which do not afford vesting rights. 29 U.S.C. Sec. 1051(1), 1081(a)(1); <u>Adage v. Allen</u>, 967 F.2d 695, 698 (1st Cir 1992); <u>Campbell v. Bank Boston</u>, 327F.3d 1(1st Cir 2003). Since none of the Plaintiffs were vested in predecessor's employer severance plans, their entitlement to severance benefits is dependant solely on the terms of the Bayer severance plan as it existed in September 1998, the date of divestiture. See <u>Campbell</u>.

     I will be writing to you shortly concerning Plaintiffs interrogatory responses, document production supplementation and the scheduling of depositions.

Very truly yours,

John F. Welsh