**ROACH & WISE LLP**
Attorneys at Law
50 Congress Street, Suite 400
Boston, Massachusetts 02109-4061

Telephone 617-723-2800
Facsimile 617-723-4313
www.roachwise.com

Stephen A. Roach
roach@roachwise.com

By Fax & First Class Mail
Fax No.  1-617-247-4125
August 6, 2007

John F. Welsh, Esq.
Bello, Black & Welsh, LLP
One Exeter Plaza, 10th Floor
699 Boylston Street
Boston, MA  02116

    RE:    Joseph Attardi, et als. v. Bayer Corporation and Bayer Corporation Severance Pay Plan, Civil Action Number: 04-10728-WGY

Dear Attorney Welsh:

    Per the Bayer ERISA Review Committee's invitation on page 4 of its letter to me dated June 25, 2007, the Plaintiffs hereby request the documents listed below that are relevant to their claim for severance. Although the Bayer ERISA Review Committee wrote directly to me and offered a direct communication to request these documents from the Committee, I thought it best to address my request for documents and information to you, as Bayer's counsel, with a copy to Bayer's in-house counsel, Attorney William Klemick, who contacted me on behalf of the Bayer Committee by e-mail on June 13, 2007, and by fax to the Bayer ERISA Review Committee, as instructed in the June 25, 2007 letter.

    1. The Plaintiffs request all documents relative to the Bayer Committee's statement on page 1 of its June 25, 2007 letter to me that "The Plan has been consistently administered by interpreting divestiture to mean sale or other disposition." I request the relevant documents and information on other severance decisions where the Bayer Committee has come to this conclusion. My request is especially relevant and material in that Bayer's Rule 30(b)(6) deposition representative, Norman Beesley, testified that the Committee had not ever considered a claim for severance. See Beesley Deposition at 143. In view of the Bayer Committee's statement, the Plaintiffs are entitled to the documents and information upon which the Committee grounds the above-quoted statement as to the application of the decisions pertaining to the Bayer Corporation Severance Pay Plan (the "Bayer Plan") at issue in the case.

    2. The Plaintiffs request all documents on which the Bayer Committee contends, on page 2 of its June 25, 2007 letter to me, that the word "division" in Bayer's Summary Plan Description ("SPD") was a "short hand reference to 'all or part of the assets of an employer.'" On page 2, the letter further states that it considered the sale of Bayer's printed circuit board operation in Wilmington, Massachusetts, the Board Shop, as a "sale of a division" within Bayer. Please produce all records where Bayer has ever considered, referred to, or classified the Board

**EXHIBIT 4**

Roach & Wise, LLP

John F. Welsh, Esq.
August 6, 2007
Page 2

Shop as a "division" of Bayer, especially since the 1995 issuance of the SPD and, as requested above, where Bayer has used the word "division" in reference to any of its other areas, departments or units (other than the Board Shop) within Bayer's Afga Division.

3. The Plaintiffs request copies of the *"American Heritage Dictionary," "WordNet"* and *Merriam-Webster's Dictionary of Law"* definitions of "division" and/or "divestiture" to which the Bayer Committee refers on page 2 of the June 25, 2007 letter.

4. The Plaintiffs request all documents identifying the members of the Bayer Review Committee who made the decision set forth in the June 25, 2007 letter to me. I would like their names, addresses, positions within Bayer, their positions on the Bayer Review Committee, if any (such as Chair, etc.), and dates of their appointment. The June 25, 2007 letter is not signed by anyone and does not identify anyone. It simply concludes with "Sincerely, The ERISA Review Committee."

5. The Plaintiffs request any notes of the Bayer Committee's meetings on the Plaintiffs' request for review and appeal on the remand.

6. The Plaintiffs request any rules, policies, and/or procedures which govern the Bayer Committee's decision making. You had indicated to me that the Committee meets the first Wednesday of each month. Apparently, there are some rules, policies and procedures under which the Committee operates.

7. Again, as requested before in this matter, I would like all drafts of the 1995 Bayer Plan and the 1995 SPD, especially where, for example, the Committee states in its June 25, 2007 letter to me that the word "division" in Bayer's Summary Plan Description ("SPD") was a "short hand reference to 'all or part of the assets of an employer.'"

8. Finally, on page 4 of the June 25, 2007 letter, the Bayer Committee stated to me the following: "You are entitled to receive, upon request and free of charge, reasonable access to and copies of, all documents, records and other information relevant to your claim." On behalf of the Plaintiffs, I hereby make such request. Of course, I don't need the documents Defendants Bayer Corporation and the Bayer Corporation Severance Pay Plan have already produced in this matter, but I do request the above and other records and information relative to the Plaintiffs' claim.

Very truly yours,

Stephen A. Roach

cc:  Bayer ERISA Review Committee (By Fax to Fax No. 412-777-2034)
     William J. Klemick, Esq. (Certified Mail, Return Receipt No. **7007 0220 0003 5928 8498**)
     Clients