# DEFENDANTS' EXHIBIT CC

# DECISION OF BAYER ERISA REVIEW COMMITTEE

**Bayer Corporate and
Business Services**



June 25, 2007

Steven A. Roach, Esquire
Roach & Wise LLP
50 Congress Street, Suite 400
Boston, MA  02109-4061

Dear Mr. Roach:

At its meeting on Wednesday, June 13, 2007, the Bayer Corporate and Business Services ERISA Review Committee (the "Committee"), pursuant to the Joint Motion to Remand for Administrative Review with the Court Retaining Jurisdiction, considered the arguments you advanced on behalf of your clients (referred to herein as "plaintiffs") in your April 2, 2007 Request For Administrative Review With Respect To Severance Benefits in the case *Joseph Attardi, et al. v Bayer Corporation, et al*, Civil Action No. 04-CV-10728-WGY (D. Mass.) for severance benefits under the Bayer Corporation Severance Pay Plan, which is part of the Bayer Corporation Welfare Benefits Plan (hereafter "the Plan"). For the reason stated below, the Committee denies the plaintiffs' request for severance benefits under the Plan.

Under Section 3.06 of the Plan, a severed employee is not eligible for a severance benefit under the Plan if his or her employment with an employer is terminated in connection with a divestiture of all or part of the assets of that employer and the severed employee is employed by the acquiring entity or an affiliate of the acquiring entity. There is no dispute in this case that the plaintiffs following an asset sale continued in the employment of the acquiring entity without interruption and with no change in location or decrease in base pay.

With respect to your claim that this section of the Plan is inapplicable because there was no "divestiture," the Committee interprets "divestiture" to include a sale or other similar disposition of assets. The Plan has been consistently administered by interpreting divestiture to mean sale or other disposition. In addition, the Committee notes that its interpretation of the word "divestiture" to include an asset sale is consistent with its ordinary and plain meaning, as illustrated by various dictionary definitions of the term. See, e.g., *www.dictionary.com* (citing, *inter alia*, American Heritage Dictionary (divestiture includes the "sale, liquidation, or spinoff of a

Bayer Corporate and
Business Services LLC
100 Bayer Road
Pittsburgh, PA 15205-9741

Phone: 412 777-2000

Steven A. Roach, Esq.
June 25, 2007
Page 2

corporate division or subsidiary"); *WordNet* (" the sale by a company of a product line or a subsidiary or a division"); *Merriam-Webster's Dictionary of Law* ("the sale of an asset (as a business division) that is unprofitable, does not enhance a corporate restructuring, or is felt to be morally reprehensible")). While not dispositive, the Committee also noted the undisputed fact in the summary judgment papers filed in the underlying litigation that the term "divestiture" was used by Bayer officials in 1998 in connection with the asset sale here in question.

When this exclusion for the payment of severance benefits was explained to employees in the Plan's summary plan description ("SPD"), the word "division" was used as a short hand reference to "all or part of the assets of an employer." The Committee interprets "division" in the context of "all or part of the assets of an employer" rather than as referring to a literal Division of Bayer, such as the entire Agfa Division. Again, such an interpretation is consistent with the ordinary and plain meaning, as illustrated by various dictionary definitions of the term "division." *See, e.g., www.dictionary.com* (citing, *inter alia*, *American Heritage Dictionary* (division means "[a]n area of government or corporate activity organized as an administrative or functional unit"); *WordNet* ("one of the portions into which something is regarded as divided and which together constitute a whole; "the written part of the exam"; "the finance section of the company"; "the BBC's engineering division"). Nothing in the SPD is inconsistent with this definition. Moreover, there is no rational basis to tie severance eligibility to the size of the unit being sold, such that the sale of the assets of an entire Division with an offer of comparable employment would disqualify employees but a sale of the assets of something less than an entire division with an offer of comparable employment would permit the employee to take the offer and still receive severance. In either case, it is the offer of comparable employment that protects the employee from the loss of income that severance benefits are intended to address; it is because of this protection that employees are ineligible for severance benefits in both cases (*i.e.*, sale of an entire Division and sale of a smaller functional unit).

Therefore, interpreting the Plan and SPD, the Committee determined that when the printed circuit board operation in Wilmington, Massachusetts was sold, that sale constituted both the sale of a division and, in the parlance of the Plan document, a divestiture of part of the assets of an employer. Because the plaintiffs' separated from Bayer employment in connection with the sale of a division of the company (rather than, for example, as part of a reduction in force outside the context of a sale or as part of the disposition of assets without any continued employment or comparable offer thereof from the entity acquiring the assets) and accepted employment with the entity that

Steven A. Roach, Esq.
June 25, 2007
Page 3

was acquiring those assets, the Committee determined that the Plan specifically and expressly excludes severance benefits in this case.

As to your assertion that there is some ambiguity or discrepancy between the Plan document and the Plan's SPD and that the reliance on the Plan document is now barred because plaintiffs did not know how to obtain the Plan document, the Committee notes two points. First, given the interpretations and conclusions noted above, the Committee does not agree that any real ambiguity or discrepancy exists. Second, regarding availability of the Plan document, the Committee also noted that the SPD identified the name and address of the plan administrator, Bayer Corporation, generally (*see* SPD at ADM 1); that Bayer Corporation was specifically identified as the plan administrator for purposes of the severance plan (*id.* at ADM 3); and that the SPD expressly addressed the following "rights of plan participants":

- "[Under ERISA, Plan participants are entitled to:] Examine, without charge, at the plan administrator's office and/or the local human resources or benefits representative's office, all official plan documents (including insurance contracts) and copies of all documents filed with the U.S. Department of Labor, such as detailed Summary Annual reports and Summary Plan Descriptions."

- Obtain copies of all official plan documents and other plan information upon written request to the plan administrator" (*id.* at ADM 4).

It is the opinion of the Committee that the SPD more than adequately apprised plan participants of the existence of the Plan document and the method by which copies of it could be obtained.

While the Committee recognizes other arguments were made by both sides in the underlying litigation, it finds no basis on the record presented to it to resolve the severance claim in plaintiffs' favor and sees no need to address any other arguments in light of the conclusions noted above.

Steven A. Roach, Esq.
June 25, 2007
Page 4


You are entitled to receive, upon request and free of charge, reasonable access to and copies of, all documents, records and other information relevant to your claim. You may receive a copy of your file by submitting a request via fax to 412-777-2034 or submitting a written request to the ERISA Review Committee.

Sincerely,

The ERISA Review Committee

cc: ✓John F. Welsh, Esquire
     Bello Black & Welsh LLP
     One Exeter Plaza, 10th Floor
     699 Boylston Street
     Boston, Massachusetts 02116