# DEFENDANTS' EXHIBIT DD

# SECOND AFFIDAVIT OF JOHN F. WELSH, ESQ.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH ATTARDI, et al.<br>    Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and<br>BAYER CORPORATION<br>SEVERANCE PAY PLAN,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 04-10728 WGY

## SECOND AFFIDAVIT OF JOHN F. WELSH, ESQ.

I, John F. Welsh, Esq., do hereby state, under pains and penalties of perjury, the following:

1.      I am counsel for Defendants Bayer Corporation and Bayer Severance Pay Plan.  I submit this affidavit to address misstatements and inaccurate representations in Plaintiffs' Sur-Reply and specifically in the Second Declaration of Steven Roach, Esq. dated February 22, 2007.

2.      At the outset of this case  (in conjunction with a mediation) Mr. Roach told me that three Plaintiffs – J. Skene, V. Fiorilla, and B. Guillmette – comprised  Plaintiffs' litigation management committee with authority to settle claims, make strategic decisions, and to coordinate the provision of information and documents. My agreement or assent to this arrangement was neither sought nor provided.  Mr. Roach said nothing whatsoever about the committee providing sworn testimony in lieu of testimony of other employees.   The authorizations submitted by Plaintiffs as exhibits to their Sur-Reply

(Plaintiffs' Sur Reply Exhibit 6) confirm this narrow delegation of authority to the three Plaintiff representatives to settlement authority only. (Plaintiffs refused to provide these authorizations or disclose their contents during discovery based on the assertion of privilege. See D. Exh. U at 69).

3.      Mr. Roach and I have never addressed whether these three plaintiffs could testify in lieu of, or on behalf of, the other Plaintiffs for summary judgment purposes.

4.      Plaintiffs have used the "representative' scheme to frustrate and evade discovery obligations. Defendants served their Answers to Defendants' First Set of Interrogatories on December 7, 2005. When I received the First Answers to Interrogatories, I called Mr. Roach and stated that other Plaintiffs in addition to the three representatives should respond and sign the Answers as well. Attorney Roach indicated that it would be extremely difficult to accomplish logistically. Mr. Roach suggested that I first depose the three representatives, whom he claimed would have detailed information about the other Plaintiffs experiences, so that I could focus on discovery more narrowly and save the parties time and expense. I agreed to go forward with the three representatives' depositions, reserving my right to depose others as may be necessary. (This approached was expressed on the record during the depositions of "representatives" Fiorella and Guilmette, see D. Exhs. T at 109,135-136, U at 67).

5.      The first two representatives -- Mr. Fiorilla and Mr. Guillmette -- were deposed for a half day each. Mr. Fiorella stated that he understood his role as representative was to facilitate the process (D. Exh. T at 69) and to help gather information (D. Exh. T at 71). Mr. Fiorilla had little personal knowledge concerning the conclusory factual statements in the Interrogatory Answers, and could provide no details about other Plaintiffs. (D. Exh. T

at 16-42, 47-48,58, 64-65, 73-74, 78, 98-99, 102, 107-108, 112-113, 115-116, 135,143-144.) Mr. Guilmette likewise had limited information about the specific facts concerning broadly worded factual assertions in the Interrogatory Answers. ( D. Exh.  U at 13, 17-24, 29-32, 39, 39-40, 42-45, 50, 47, 50, 63, 70-74.) He was directed not to answer questions concerning the existence of any joint defense agreement among Plaintiffs ( D. Exh U at 68) or the contents of the signed agreements among the Plaintiffs. (D Exh U at 68-71).

6.       After these depositions, I complained to Mr. Roach about the representatives' failure to provide the promised factual basis of Plaintiffs' assertions concerning communications between specific employees and Bayer management concerning severance.  Attorney Roach indicated that Ms. Skene would be prepared to provide specifics concerning which Plaintiffs had specific conversations with Bayer management about severance.

7.       At her deposition on June 19, 2006, Ms. Skene also could not recall specific details about other Plaintiffs' conversations with Bayer managers. ( D. Exh. S at 19-20, 40-41, 50-54, 62-65, 67, 90-91, 164, 175-203) Ms. Skene had been on medical leave during the group meetings with printed circuit board employees about the EFTC transaction, and was relying solely on her current recollection of  information provided from others concerning what had transpired at those meetings.  ( D. Exh. S at 20)  She indicated that she had a ' a collective summary" in her possession summarizing the contents of information received from other Plaintiffs which  she wanted to refer to and read from  during her deposition, but not provide to opposing counsel (D Exh. S at 64-

---

1 "D.Exh." references are to the exhibits attached to Defendants' Local 56.1 Statement of Material Facts Not In Dispute

68).[2] Mr. Roach would not produce, or allow testimony, concerning the creation and contents of the summary-- which Ms Skene had reviewed on Saturday prior to the Monday deposition -- based on attorney client privilege and the work product doctrine. D Exh. S at 68-80. Mr. Roach further instructed Ms. Skene not to answer any question, about communications with other Plaintiffs about the facts of the case or what she did to prepare for any part of the case.  D Exh. S at 57-65, 75.[3]

8.    Thereafter, I took four other Plaintiffs' deposition, one half day each, to ascertain their testimony was consistent with the broadly- worded, ambiguous Interrogatory Answers.  In fact, these Plaintiffs contradicted a number of factual allegations made in the Interrogatory Answers.  (See Defendants' Local Rule 56.1 Statement of Undisputed Material Facts at para. 54 and 59-62, and Defendants' pending Motion to Strike at para. 38,)

9.    Thereafter, I contacted Mr. Roach and indicated I was considering a motion to compel.  He promised to on several occasions to supplement Interrogatory Answers to provide details of individual employee communications with management related to severance, even suggesting that the information was in the process of being gathered.  At Attachment 1 are various email and letter correspondence with  Mr. Roach seeking supplementation of Interrogatory Answers.

10.    The promised Supplemental Interrogatory Answers from Plaintiffs arrived on January 7, 2007, after discovery had concluded.  The Supplemental Answers did not

---

2 Counsel disagreed on the record during Ms. Skene's deposition whether there had been a prior agreement to allow Ms. Skene read from notes but not disclose the notes.  D Exh. S at 67-71.

3 Following Ms. Skene's deposition, she tendered an errata sheet in which she identified twenty Plaintiffs by name who she claimed had pertinent information, but did not indicate what the specific factual information they possessed. (Obviously, she copies names from the list she refused to disclose, and chose not to provide details concerning the information the witnesses allegedly possessed.)

contain the promised specific factual information pertaining to individual Plaintiffs.

Rather, they consisted of expanded argumentative statements designed to evade

disclosure and summary judgment.

11.    Contrary to Mr. Roach's suggestion to this Court, he did not willingly offer to

allow depositions of all Plaintiffs. In the Local Rule 16 Statement Mr. Roach would not

commit to allowing such depositions, and the issue was reserved.  He opposed

depositions of Plaintiffs other than Skene, Fiorella and Guilmette as being unnecessary.

He made repeated promises to provide supplemental answers to interrogatories to obviate

the need for such depositions.  Once in response to my indication that I might have to

take each Plaintiffs deposition because I was not receiving the promised supplementation,

Mr. Roach took the position that I would need Court permission, which he would oppose,

to exceed the limit on the depositions in the Rules.  Once discovery was close to expiring,

and no time remained to depose all Plaintiffs, Mr. Roach began suggesting depositions in

lieu of supplementation of interrogatory answers.

12.    I never agreed to allow the representatives to testify instead of other employees,

nor did I discuss, much less agree to, any waiver of the Rule 56 requirement that

oppositions be sworn testimony based on personal knowledge.  Rather, instead of

spending more time (and legal fees) trying to get specific factual responses from

individual Plaintiffs in discovery, I filed the instant Motion for Summary Judgment, with

the expectation that it would smoke out any additional evidence Plaintiffs possessed,

especially with respect to the detrimental reliance and statute of limitation issues. Rather

than provide such information (or admit that none exists) with regard to specific

individuals, Plaintiffs seek now to be excused entirely from their Rule 56 obligations.

**I SWEAR UNDER PAINS AND PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**

/s/ John F. Welsh
John F. Welsh, BBO # 522640
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street, 10th Floor
Boston, MA 02116
(617) 247-4100
Defendants' Counsel

Dated:  August 31, 2007

# ATTACHMENT 1
# TO DEFENDANT'S EXHIBIT DD


# CORRESPONDENCE ON INTERROGATORY
# SUPPLEMENTATION

# John Welsh

**From:** John Welsh

**Sent:** Tuesday, December 13, 2005 9:46 AM

**To:** 'Stephen A. Roach'

I am writing following my review of Plaintiffs' Interrogatory answers. I am doing it via email so that you can review my comments with your committee at your meeting this Thursday.

1. Footnote 2 on Page 6 states that Bayer sold the machine shop and paid Machine Shop employees severance. The statement is clearly false; Agfa Corporation shut down the machine shop and paid severance benefits. Please amend your clients' sworn Interrogatory Answers so they are accurate in this respect.

2 Please state the specific factual basis for Plaintiffs' sworn statement in answer to Interrogatory 1 that ""Bayer and EFTC agreed that Bayer would falsely advise Plaintiffs that Plaintiffs' compensation and benefits, including severance benefits, would remain the same if Plaintiffs agreed to work for EFTC.' Please state the date of, and participants in, such alleged agreement.

3. As to Interrogatory 1 section 2(b), please identify which Plaintiffs and Bayer representative(s) had the conversations referenced in the first and second paragraphs. Please identify the specific Plaintiffs and Bayer representative referenced in the third paragraph of Interrogatory Answer 1, section 2(b).

4 Please state the factual basis of Plaintiffs' sworn statement that Bayer "deliberately" concealed the Bayer Plan from Plaintiffs.

5 With respect to Interrogatory 6, please specify, for each Plaintiff, the specific emotional harm they allegedly suffered.

6 As to Interrogatory Answer 8, please supplement your answer to provide the specific details of communications, including without limitation, the date of the communication, the form (oral, written or electronic), the participants in the communication and the content of the communication

7 Please supplement Interrogatory 9. The current answer is evasive. I do not want to discover protected communications. I do want to know when each Plaintiff formed a belief that they had been wrongfully denied severance benefits.

Stephen, the reason I submitted the Interrogatories was to avoid having to depose 63 plaintiffs in order to get a clear record as to what was said about their claim for severance benefits. Absent supplementation, I likely will depose all Plaintiffs in early January.

Please advise following your Thursday meeting whether Plaintiffs will supplement their Interrogatory Answers. Thanks

**John F. Welsh**
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
P: 617-247-8476
C: 774-573-1888
F: 617-247-4125

# John Welsh

**From:**    John Welsh

**Sent:**    Thursday, December 15, 2005 9:06 AM

**To:**    'Stephen A. Roach'

**Subject:** RE: Bayer - Production of Documents

Just to clarify, I sent you an email listing my concerns after the email attached below. I was not planning to do a letter, but will do so if necessary. Please let me know if you will be providing the information sought. If not, please telephone me today or tomorrow so we can discuss the next step, and also schedule other discovery activities, such as personnel file review. Thanks

**John F. Welsh**
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
P: 617-247-8476
C: 774-573-1888
F: 617-247-4125
http://www.belloblack.com

**From:** Stephen A. Roach [mailto:roach@roachwise.com]
**Sent:** Tuesday, December 13, 2005 4:40 PM
**To:** John Welsh
**Subject:** RE: Bayer - Production of Documents

John, I believe they are complete as asked, but I look forward to your letter. Steve Roach

**From:** John Welsh [mailto:JWelsh@belloblack.com]
**Sent:** Tuesday, December 13, 2005 8:07 AM
**To:** Stephen A. Roach
**Subject:** RE: Bayer - Production of Documents

The Int answers need supplementation. I'll try to get you a letter today so you can raise the issues with your committee

**John F. Welsh**
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
P: 617-247-8476
C: 774-573-1888
F: 617-247-4125
http://www.belloblack.com

**From:** Stephen A. Roach [mailto:roach@roachwise.com]
**Sent:** Monday, December 12, 2005 1:16 PM
**To:** John Welsh
**Subject:** Bayer - Production of Documents

John, I will be meeting with my clients on Thurs. Have basically drafted the Response to the Defendants' Document Request but need to be sure I have gathered and reviewed the correct records. I expect to serve the

8/24/2007

# John Welsh

**From:**      John Welsh
**Sent:**      Tuesday, December 26, 2006 7:03 PM
**To:**        'Stephen A. Roach'
**Subject:** RE: Attardi v. Bayer

I have not called you today because you said you would be away from work on the holiday. We didn't talk on Saturday given it was the Christmas weekend. I expect to return your call tomorrow am

Today I am flat out on a briefing deadline in the Sixth Circuit, and don't have any time for a conference

My deposition notice to the various unidentified plaintiffs was insurance in case you do not supplement your interrogatories. I have not seen them as yet, but accept your representation that they are forthcoming. As I have told you on numerous occasions, I am away next week. I expected your supplementation to be done soon, I will postpone the plaintiffs depositions provided that you agree that, in the absence of adequate supplementation, you will not oppose my motion to take such depositions in January.

As to the three EFTC witnesses, I have no objection to telephone depositions of them,. As to Gormley, I did not discover her name until copying exhibits for Ms Landress' deposition the morning of her deposition, so that was not information withheld. Indeed, you were supplied the same documents from Suntron from which I discovered her name I have no objection to your right to depose additional witnesses based on the EFTC witnesses' testimony. What I object to is the notion of an open-ended right to reopen discovery on topics or witnesses whose identity and relevance was clearly known on 12/31

I'll call you tomorrow am in follow up of the above

John F. Welsh,
Bello Black & Welsh  LLP
One Exeter Plaza
699 Boylston Street
Boston, MA  02116

Office:  617 247-8476
Cell:  774 573-1888
Fax:  617 247 4125

---

**From:** Stephen A. Roach [mailto:roach@roachwise.com]
**Sent:** Tuesday, December 26, 2006 6:58 PM
**To:** John Welsh
**Subject:** Attardi v. Bayer

John, As you know, last Saturday, and again today, I attempted to call you to discuss outstanding discovery and the Defendants' motion for  3 additional depositions. Please call me tomorrow to discuss those topics. I am working on your requested supplementation to the Answers to Interrogatories and, as we discussed last week, should have them done and signed late this week or early next week.   I assume your generalized, broad notice of deposition of the remainder of the 50 plus Plaintiffs for Dec. 28 was only to cover yourself on paper and that you don't truly expect me to show up at your office with all my non-deposed clients on that date. If so, please call me ASAP. As we have discussed, if you find the supplemental answers to interrogatories on the areas you sought more information are not sufficient, I have no objection to further a deposition of Ms. Skene, as we had discussed, if we can't come to some reasonable agreement. Of course, if there are certain other Plaintiffs you believe you need to depose, I am agreeable to that as well.

   As for your motion for three additional depositions post summary judgment, as I said before I have no

objection so long as I can depose additional people those three might identify as having potentially material information.   For example, Dana Gormley was not someone who had been disclosed to me before Ms. Landress' deposition last week. At this point, I doubt there will be anyone, but I didn't want to preclude my right to do so.   I also wanted to discuss the practicalities of such depositions.  In my conference room last week, you had mentioned doing them by telephone but your motion did not address it.  I am agreeable with telephone depositions but do not wish to, and would object to, travel to Seattle and Colorado for depositions as we are preparing for trial.  Also, I assume you would pay for the telephone call charges (assuming we do them by telephone) and would undertake to send to each deponent a complete copy of the deposition exhibits (or at least selected ones on which we can agree) so that we can question them about them.   Give me a call so I can fairly address my response to the Court on those issues.  Steve Roach



**Bello Black & Welsh** LLP

**ATTORNEYS & COUNSELORS**

*One Exeter Plaza*
*699 Boylston Street*
*Tenth Floor*
*Boston, Massachusetts 02116*
*Main 617 247 4100*
*Fax 617 247 4125*
*www.belloblack.com*

*John F. Welsh, Esq.*
*Direct 617 247 8476*
*jwelsh@belloblack.com*

January 11, 2007

**BY EMAIL AND REGULAR MAIL**

Stephen Roach, Esq.
Roach & Wise, LLP
31 State Street
Boston, MA 02109-2705

    *Re:    Joseph Attardi, et al. vs. Bayer Corporation and*
             *Bayer Corporation Severance Pay Plan*
             <u>*Civil Action No. 04-10728-REK*</u>

Dear Steve:

    I write in response to your letter of January 10, 2007 concerning various topics.

    As to your Interrogatory Supplementation, I write to confirm our conversation yesterday that no Plaintiffs will testify to conversations with Bayer officials concerning severance eligibility or benefits that differ from the conversations testified to by deposed Plaintiffs.

    Also, despite many promises to do so, you have yet to identify the names of Plaintiffs who claim to have had such conversations. Please identify such persons. If you do not intend to provide such information, please advise immediately so that an appropriate motion to compel such identification can be filed.

    As to your request for supplementation of Interrogatory 9, the Interrogatory and Response are as follows:

        **Interrogatory No. 9:**

        State the reason(s) on which Bayer relies in denying
        Severance Pay to the Plaintiffs.

        **Objections and Response to Interrogatory No. 9:**

        EFTC Corporation transaction was the type of event
        expressly excluded from eligibility under the terms of the
        Severance Pay Plan.

*labor  |  employment  |  litigation  |  resolution*

Stephen Roach, Esq.
January 11, 2007
Page 2 of 2

I fail to understand how this response is incomplete or evasive. This is why no severance was paid in 1998. You have adduced extensive testimony from Bayer's Rule 30(b)(6) witnesses, as well as Bayer officials Paige, Ramsden, Willis, and Leonard, on precisely this point. Again, Section 306(8) of the Severance Plan expressly excludes employees subject to the EFTC divestiture from severance eligibility.

If you are not seeking the basis of the 1998 decision, but are seeking to ascertain all legal defenses to your suit, please advise. I did not interpret the interrogatory as seeking such information.

Documents that you have requested from Agfa Corporation that I agreed to produce are attached with the exception of Agfa Corporation personnel files of the model/machine shop employees, which, as you requested, are in my office available for your review.

Very truly yours,

John F. Welsh

response on Friday.  Steve Roach

## John Welsh

| | |
|---|---|
| **From:** | John Welsh |
| **Sent:** | Wednesday, November 01, 2006 8:39 AM |
| **To:** | 'Stephen A. Roach' |
| **Attachments:** | Untitled |

Got your letters  Sorry no response.  Two TRO's have come in, and I'm flat out.

I have had no contact with Baribeau for months.  Set the depo as you wish.

I'll send out today notices for the following (Skein 2 hr to cover errata sheet), Ron Brown (half day), Teresa Orenalas (half day) , Janice Paradis (half day) Edward Lascelles (half day)

My available dates are 11/9, 13, 16, 20, 21, 26, 27  Also may be able to free up 15 and 17

Will try to get letter to you today or tomorrow on supplementation of interrogatories, along the lines of my prior email on the subject which I attach for your reference.  Need sworn answers from each Plaintiff who have information relevant to email paragraphs3, 4 6 and 7 .  Please either commit to providing this information, or refuse to do so so we can bring it to the Court for resolution

I'm out of office on TRO matter most of today; will be back this evening

**John F. Welsh**
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
P: 617-247-8476
C: 774-573-1888
F: 617-247-4125
http://www.belloblack.com

**John Welsh**

**From:**       John Welsh
**Sent:**       Wednesday, November 22, 2006 1:48 PM
**To:**         'Stephen A. Roach'

As per our conversation, I am writing to provide further specifics concerning my request that Plaintiffs supplement their interrogatory responses.

1. In Plaintiffs' response to Interrogatory no. 1, Plaintiffs state that "EFTC and Bayer agreed that Bayer would falsely advise the Plaintiffs that the Plaintiffs' compensation and benefits, including the severance benefits, would remain the same." Please state the time, place and participants in any such discussion/agreement or, alternatively, withdraw the allegation.

2. In Plaintiffs' answer to Interrogatory No 1, in Section 2 (b), it states that "Shortly before Bayer terminated the Plaintiffs' employment, Plaintiffs claimed to Bayer that, if Bayer terminated them, then Bayer was required by the Bayer plan to pay them severance benefits." Please identify each specific Plaintiff who made such claim, the date upon which the claim was made, the Bayer official to whom the claim was made, and the specific wording of the claim.

3. Please specifically identify each communication referenced in Interrogatory Answer One, Section 2 (b), paragraphs one, two and three (pages 6-7), including in the description the names of the Bayer official, the date, the employee speakers and/or witnesses, and the specific contents of each such conversation (I also include in this request a request for supplementation of Plaintiffs' answer to interrogatory Number 8, which is cross referenced to Interrogatory One.)

4. Please identify each Plaintiff who were told and believed, as of September 1, 1998, that the sale to EFTC involved an entire division of Bayer, as alleged in page 8.

5. As to Interrogatory 9, please confirm, as representative of each Plaintiff, than none of the Plaintiffs you represent formed a belief that they were wrongfully denied severance pay until after they met with you in 2002.

Thanks for your attention to this. On a personal note, please have a Happy Thanksgiving

John F. Welsh,
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street
Boston, MA 02116

Office: 617 247-8476
Cell: 774 573-1888
Fax: 617 247 4125

**John Welsh**

| | |
|---|---|
| **From:** | John Welsh |
| **Sent:** | Sunday, December 17, 2006 8:25 AM |
| **To:** | 'Stephen A. Roach' |

Steve, do you have the interrogatories supplementation ready. Need to see them soon. I postponed Skene's deposition, haven't noticed others hoping that these would put the issues to bed. Let me know. Thanks

John F. Welsh,
Bello Black & Welsh  LLP
One Exeter Plaza
699 Boylston Street
Boston, MA  02116

Office:  617 247-8476
Cell:  774 573-1888
Fax:  617 247 4125

## John Welsh

**From:**   John Welsh
**Sent:**    Tuesday, December 19, 2006 4:04 PM
**To:**       'Stephen A. Roach'
**Subject:** RE: Attardi v. Bayer

I'll try to contact Sarafian. I do not know what you mean by original exhibits. Any particular ones?

I will be sending deposition notice tomorrow for all plaintiffs who had conversations with Bayer as referenced in the Interrogatory answer. I hope you can supplement the interrogatory answer soon so that do not have to do so. I also will issue a Skene resumption notice, with the same hope.

I may send out additional EFTC deposition notices depending on tomorrow's testimony.

John F. Welsh,
Bello Black & Welsh LLP
One Exeter Plaza
699 Boylston Street
Boston, MA 02116

Office: 617 247-8476
Cell: 774 573-1888
Fax: 617 247 4125

---

**From:** Stephen A. Roach [mailto:roach@roachwise.com]
**Sent:** Tuesday, December 19, 2006 3:25 PM
**To:** John Welsh
**Subject:** Attardi v. Bayer

John, Attached in word and wordperfect are the deposition notice and subpoena for Bob Sarafian for Dec. 29. Of course, I will change the date if it does not work for you and Bob. I faxed them to you as well but your fax does not seem to be accepting incoming very well. I also mailed them. Steve

**John Welsh**

| | |
|---|---|
| **From:** | John Welsh |
| **Sent:** | Thursday, December 21, 2006 8:16 PM |
| **To:** | 'Stephen A. Roach' |

Steve, I got your voicemail late this evening.

The three people I seek to postpose depositions of are relevant to a single issue; whether the plaintiffs knew that EFTC benefits were less generous than Bayer's before they accepted jobs with EFTC.  If any of these three witnesses divulge additional witnesses on this point, I would allow further deposition.

 I cannot agree to unlimited future depositions on any topics.  Its too open-ended.

Please let me know early am as to whether you assent to the motion; I need to file something by noon before my secretaries are sent home for the holiday

John F. Welsh,
Bello Black & Welsh  LLP
One Exeter Plaza
699 Boylston Street
Boston, MA  02116

Office:  617 247-8476
Cell: 774 573-1888
Fax:  617 247 4125