UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10728-WGY

```
**********************************************
JOSEPH ATTARDI, ET ALS,                       *
Plaintiffs,                                   *
v.                                            *
BAYER CORPORATION and                         *
BAYER CORPORATION SEVERANCE PAY PLAN, *
Defendants.                                   *
**********************************************
```

## DECLARATION OF WESLEY E. LORD

I, Wesley E. Lord, hereby declare as follows:

1. I am the uncle of Clifton F. Lord, III ("Cliff"), who is a Plaintiff in this case. Cliff is the son of my brother Clifton F. Lord, Jr. I am 71 years old and I reside at 61 Rattlesnake Road, Brownfield, Maine 04010. I have personal knowledge of the matters set forth in this Declaration.

2. My nephew Cliff is nearly 62 years old, having a birth date of September 19, 1945. I have known Cliff since he was born and have continuously interacted with him from the time he was born. Cliff is a deaf-mute and has been so since his birth. Cliff's parents are both deceased; his mother died in December 1963 and his father died in March 1972. In March of 1972, Cliff came to reside with me in North Reading, Massachusetts, and has lived there continuously since then. I lived with him from 1972 until I moved to Maine about two years ago. For approximately the last 30 years, with the assistance of my daughter Sharon Lord Roberts ("Sharon"), who is Cliff's cousin, I have communicated with Cliff and assisted him in all his business and legal affairs, including assisting him

  with understanding the process and proceedings of this lawsuit.  Over the years I have known Cliff, Sharon and I have developed a method of communication with Cliff so that understands what we are saying to him, either by lip, hand, and other body movements. Over the course of this lawsuit I have communicated from time to time with Plaintiff Jeanne Skene about the facts, issues and events of this lawsuit, for the purpose of communicating them to Cliff, and I have communicated them to Cliff. As such, I acted as Cliff's interpreter.  I have also similarly done so with Cliff's attorney in this case, Stephen A. Roach.

3. With regard to Cliff's Declaration dated August 6, 2007 filed in this case, my daughter Sharon and I asked Cliff to read it and then answered any questions he had about it using the method of communication described above.  After my meeting with Cliff, I asked him if he then understood it and he nodded in the affirmative. I asked him if he had any further questions about it and he nodded in the negative.  I then asked him to sign it and he did so. I then mailed the signed Declaration to Cliff's attorney in this case, Stephen A. Roach.  Sharon and I conducted our discussion with Cliff at his home at 13 Pine Ridge Road, North Reading, MA 01864, where he lives with Sharon and where I previously lived. I own the house at that address and I now visit, and have continuously visited Cliff, there about once or twice I week since I moved to Maine about two years ago.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct.  Executed this 17th day of August 2007.

                 /s/ Wesley E. Lord
                 Wesley E. Lord